IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer,
        Plaintiff,
        v.                                                                   66cv06639 M-ACE

R. LEE AAMODT, *et al.*,                         RIO POJOAQUE ADJUDICATION
        Defendants,
    and
UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
        Plaintiffs-in-Intervention.

**Memorandum Opinion & Order**
**re Special Master's Report on Nambé Reserved Rights**

This matter is a part of the general adjudication of all water rights in the Rio Pojoaque/Rio Tesuque stream system and concerns Nambé Pueblo's reserved rights. On December 8, 1999, the Special Master filed a report (Docket No. 5560) recommending that I adjudicate a no right for the Pueblo's reserved right claim. The State of New Mexico filed a February 11, 2000 motion for action (No. 5573) in which certain non-Pueblos joined. (No. 5572). Having reviewed and considered the report, the objections and other relevant portions of the record and having made a *de novo* review of the law, I GRANT the motion in so far as I am taking action.

**Legal Standards.** "The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court." Fed.R.Civ.Proc. 52(a). Findings satisfy Rule 52(a) if they are sufficient to indicate the factual basis of the master's general

1

conclusions as to ultimate facts, thus facilitating and making possible a meaningful review of the issues presented. Kelley v. Everglades Drainage Dist., 319 U.S. 415, 421-22 (U.S. Fla., 1943); Joseph A. by Wolfe v. NM Dept. of Human Svcs., 69 F.3d 1081, 1087 (10th Cir. (N.M.), 1995), (citing Otero v. Mesa County Valley Sch. Dist., 568 F.2d 1312, 1316 (10th Cir. (N.M.), 1977).

**Discussion.** The Pueblo de Nambé and the United States request that the report be vacated. They argue that it lacks the specificity and the clarity required by Rule 52(a) because the findings do not explain or support his ultimate recommendation that the Pueblo receive an award of no reserved water rights. They also assert that many of the findings are clearly erroneous. Finally, they claim that the report relies upon incorrect conclusions of law to reach its result. They request that after vacating the report, I consult with the parties on how this matter may be most efficiently resolved. In addition, Nambé requests that relevant legal matters be decided. The State of New Mexico and certain non-Pueblo Defendants disagree with this approach and urge that the Master's report be adopted after corrections to or elimination of certain clearly erroneous findings.

The nature, degree and exactness of findings required varies with the circumstances of each case. Kelley, 319 U.S. at 419; Addamax Corp. v. Open Software Fdn. Inc., 152 F.3d 48, 55 (1st Cir. (Mass.), 1998). The Special Master is not required to make findings on every detail, to discuss all the evidence that supports each finding, or to respond individually to each evidentiary or factual contention. Addamax ,152 at 55. Nor is he required to make

express findings on the credibility of witnesses when the basis is otherwise clear. <u>Bechold v. IGW Systems, Inc.</u>, 817 F.2d 1282, 1285 (7th Cir. (Ind.), 1987).  However, the findings must be clear, logical, detailed and complete on all material issues and must provide a clear basis for the decision. <u>Kelley</u>, 319 U.S. at 421-2; <u>Joseph A.</u>, 69 F.3d at 1087; <u>Doll v. Brown</u>, 75 F.3d 1200, 1204 (7th Cir. (Ill.), 1996).

      Determination of Indian reserved rights is a complex and often difficult matter.  I agree with the Pueblo and the United States that this report lacks the specificity and clarity necessary to allow an adequate review of the issues, and thus, does not meet the standards of Rule 52.

      The report also contains errors of fact and law.  All the parties note errors in the findings.  While it is not necessary at this point to review these allegations, I agree that there are some and that Master's recommended findings must be carefully scrutinized and specific support found in the record after the proper conclusions of law are articulated. The Master also recommends and applies incorrect standards of law, some of which are contrary to previous rulings in this case.  For example, he states that "Nambé failed to submit legal authority to support the use of HIA water rights as proposed in connection with Nambé's Proposed Project". Report, p. 60, CL 22.  The authority is found in my December 1, 1986 Opinion (No. 2879) regarding the water rights associated with the Tesuque Pueblo trailer park.  The Pueblos may use the water they are adjudicated in any fashion they choose. Opinion at pp. 3-4.  They have the right to use water rights adjudicated through HIA lands on PIA lands.

The parties are presently engaged in intensive settlement discussions which include the reserved rights reported upon by the Special Master. Mindful that the settlement talks may have an effect on significant aspects of this matter, I will vacate the December 8, 1999 report and will consider proceeding with this matter after the parties file a motion for a status conference before me.

IT IS SO ORDERED.

/electronic signature/
E.L. MECHEM
SENIOR DISTRICT COURT JUDGE