IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
        Plaintiff,
    v.                                                                                                          No. Civ. 66-06639 MV/LCS

R. LEE AAMODT *et al.*,
        Defendants,
    and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
        Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Chupadero Water & Sewer Co.'s ("Chupadero") Objections to Recommendation for Special Master (Doc. No. 6292, filed January 31, 2008) ("Objections"). For the reasons stated below, the Court will **OVERRULE** Chupadero's Objections.

**Procedural Background**

On August 31, 2000, the Court entered an order staying proceedings before the Special Master pending the outcome of the mediation process or until further order of the Court. (Doc. No. 5623). At the May 24, 2006, status conference, the Court instructed the parties to confer about the need for a Special Master to assist with the domestic and surface water rights that have not yet been adjudicated. (Doc. No. 6170). Shortly thereafter the Court granted the Settlement Parties' request to recommend a candidate for Special Master. (Doc. No. 6175, filed July 5, 2006).

The State filed a proposed order of reference that, among other things, describes the Special Master's duties. (Doc. No. 6280, filed December 17, 2007). The proposed order of reference states that the Special Master shall:

> hear and [] determine all claims and contentions of the parties, including related issues of joinder, relating to 1) the priorities of state law based rights to the surface waters of the stream system encompassed by this case; 2) all the elements of state law based domestic use rights to the underground waters of the stream system encompassed by this case; 3) any errors and omissions process which may follow; and 4) the final *inter se* phase of the adjudication.

(*Id.* at 2).

The State also submitted an affidavit and the resume of the Settlement Parties' recommended candidate for appointment to Special Master. (Doc. No. 6286, filed January 15, 2008). The Settlement Parties recommended that the Court appoint Mr. Pierre Levy as Special Master. (*Id.*). Chupadero then filed its objections which are now before the Court. (Doc. No. 6292, filed January 31, 2008). Chupadero objects to Mr. Levy being appointed as Special Master because: (1) a reasonable person might question Mr. Levy's impartiality, (2) Mr. Levy has personal knowledge of disputed evidentiary facts and has expressed an opinion concerning the merits of legal issues, and (3) Mr. Levy lacks an understanding of the rules of civil procedure. (Objections; Chupadero's Reply, Doc. No. 6305, filed March 3, 2008).

**Law Regarding Appointment and Disqualification of a Special Master**

Federal Rule of Civil Procedure 53 governs the appointment of a Special Master. Rule 53(a)(1) provides that a court may appoint a Special Master only to:

(A)  perform duties consented to by the parties;
(B)  hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:

>    (i) some exceptional condition; or
>    (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Rule 53(a)(2) provides:

> A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential ground for disqualification.

"Before appointing a [special] master, the court must give the parties notice and an opportunity to be heard." FED. R. CIV. P. 53(b)(1). The court may issue an order appointing a Special Master only after:

> (A) the master files an affidavit disclosing whether there is any ground for disqualification un 28 U.S.C. § 455; and
>
> (B) if a ground is disclosed, the parties, with the court's approval, waive the disqualification.

FED. R. CIV. P. 53(b)(3).

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Other grounds for disqualification under 28 U.S.C. § 455 include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during the association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

28 U.S.C. § 455(b)(1)-(3).

**Impartiality**

Chupadero argues that Mr. Levy must be disqualified under 28 U.S.C. § 455(a) which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Court must determine "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

Chupadero states the following facts are relevant to disqualification under 28 U.S.C. § 455(a):

> 1) [Mr. Levy] served as co-counsel for the State of New Mexico with the current counsel for the State of New Mexico in this case;
>
> 2) [Mr. Levy's] tenure as co-counsel lasted for nearly two years and was in connection with protracted litigation over water rights in the *Abeyta* [Taos Adjudication, 69cv7896 BB] adjudication case;
>
> 3) while disclosing that during his tenure in private practice, he had no association with counsel for any of the parties to this suit, [Mr. Levy] failed to disclose his past prior association with current counsel for the State of New Mexico in his affidavit;
>
> 4) although [Mr. Levy] disclosed in his resume that he had been managing attorney for the State of New Mexico in the *Lewis* [Pecos River, in state court] adjudication suit, he omitted mention of his participation in the *Abeyta* suit;
>
> 5) the Special Master in this case will preside over cases in which his former co-counsel will represent the lead Plaintiff; and
>
> 6) [Mr. Levy] lists one or more of his former co-counsel as references in support of his appointment in this case.

(Reply at 3-4).

A reasonable person, knowing the facts listed above, would not harbor doubts about Mr. Levy's impartiality. Mr. Levy represented the State in a different case for a two year period which ended almost seven years ago. (*See* Affidavit of Pierre Levy at 1, Doc. No. 6286-2). "[A] judge's

former representation of a litigant does not imply any need to disqualify under § 455(a) because 'his impartiality might be reasonably questioned.'" *Sphere Drake Ins. Ltd. v. All American Life Ins. Co.*, 307 F.3d 617, 621-622 (7th Cir. 2002). Indeed, Special Master Vickie Gabin was employed by the State Engineer's Office before she was appointed Special Master by the Court for the adjudications of the Taos (69cv7896 BB), Chama (69cv7941 BB), Santa Cruz (68cv7488 BB), and Zuni (01cv72 BB) stream systems. (*See* 01cv72 BB, Doc. No. 61 at 12, filed June 6, 2001).

Chupadero contends that § 455(a) requires that Mr. Levy be disqualified on the ground that because of Mr. Levy's "prior close association" with the current counsel for the State of New Mexico, "it may be perceived that counsel for the State of New Mexico have a special position of trust and influence with and over [Mr. Levy]." (Repl at 4). The Court disagrees. Speculation, beliefs, conclusions and innuendo are not ordinarily sufficient to require § 455(a) recusal. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The Court notes that none of the several hundred claimants in this case, or their counsel, including the other three MDWCAs, have filed objections challenging Mr. Levy's impartiality. The Court will not disqualify Mr. Levy under 28 U.S.C. § 455(a).

**Knowledge of Disputed Evidentiary Facts / Opinion Concerning the Merits of the Case**

Chupadero states that its water rights claims in this case are "based in part upon both legal and factual issues identical to those presented" in the Taos Adjudication. (Objection at 3). Chupadero contends that Mr. Levy should be disqualified because he has personal knowledge of disputed evidentiary facts and has expressed an opinion concerning the merits of the legal issues in the Taos Adjudication. (*Id.*). The disputed evidentiary facts relate to "prior and current practices of the State Engineer that had contributed to a great disparity in how the water rights of *all* New

Mexico mutual domestic water consumer associations ["MDWCAs"], including [Chupadero and three other MDWCAs in the case currently before the Court], had been calculated and developed." (Reply at 6). Chupadero does not identify the opinion Mr. Levy allegedly expressed concerning the merits of the Taos Adjudication.

The Court will not disqualify Mr. Levy based upon an unidentified opinion that he allegedly expressed concerning the merits of the Taos Adjudication. Paragraph 3 of 28 U.S.C. § 455(b) provides for disqualification when a judge expressed an opinion concerning the merits of *the particular case in controversy.* The particular case in controversy before the Court is the *Aamodt* Adjudication, not the Taos Adjudication.

Chupadero states that "[i]t is likely, if not probable, that the same issues and evidence before the *Abeyta* [69cv7896 BB] court in determining the water rights of the [four] Taos area MDWCAs will be brought before this Court in determining [Chupadero's] water rights." (Reply at 6). There are potentially many claimants in this case that could have their claims heard by the Special Master. The Court will not disqualify Mr. Levy where it is possible that the *Abeyta* issues and evidence regarding MDWCAs may not even arise in this case, and if they do would concern only four of the several hundred claimants. If Chupadero, or any of the other MDWCAs, have matters that come before Special Master Levy, they may file a motion requesting that the Magistrate Judge in this case hear those matters. Said motion shall describe in detail the reasons why the matter should not be heard by the Special Master.

**General Qualifications**

Chupadero alleges that Mr. Levy lacks an understanding of the rules of civil procedure. (Objections at 3-4; Reply at 7). Chupadero attached several orders from three other cases as exhibits to its Objections to show Mr. Levy's "lack of understanding of the role of procedural rules in promoting fairness within the judiciary system," and that his lack of understanding caused delays and "significant costs and inconvenience." (Objections at 3-4, Exhibits A-D; Reply at 7). Those exhibits merely demonstrate a failure to comply with certain rules in three cases. Failure to comply with rules does not necessarily show a lack of understanding the rules of civil procedure. Furthermore, the exhibits attached to Chupadero's Objections do not show that the noncompliance is entirely attributable to Mr. Levy. In the first case of noncompliance, the State was represented by two other attorneys in addition to Mr. Levy. (Objections at Exhibits A-D; Doc. No. 6292-3 at 1). In the second case, there were at least two other attorneys besides Mr. Levy working on the case. (Objections at Exhibit E; Doc. No. 6292-6 at 2, 5). In the third case, a legal assistant at the law firm that employed Mr. Levy may have caused some of the noncompliance. (Objections at Exhibits F and G; Doc. No. 6292-8 at 8). Because Chupadero has not demonstrated that Mr. Levy does not understand the rules of civil procedure, the Court will not disqualify Mr. Levy based upon his general qualifications.

**Conclusion**

Chupadero's Objections are **OVERRULED.** The Court will enter a separate order of reference appointing Mr. Levy as Special Master.

**IT IS SO ORDERED.**

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**