# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO, ex rel. STATE ENGINEER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| R. LEE AAMODT, et al., | ) ) | No. 66cv6639 MV/WPL |
| Defendants, | ) ) | |
| and | ) ) | |
| UNITED STATES OF AMERICA, PUEBLO DE NAMBÉ, PUEBLO DE POJOAQUE, PUEBLO DE SAN ILDEFONSO, and PUEBLO DE TESUQUE, | ) ) ) ) ) ) | Subfile: PM-43319 |
| Plaintiffs-in-Intervention. | ) | |

## STATE'S RESPONSE TO ELISA TRUJILLO'S OBJECTION TO SPECIAL MASTER'S ORDER REGARDING SUBFILE PM-43319

COMES NOW the Plaintiff State of New Mexico, ex rel. State Engineer ("State") and hereby responds to Defendant Elisa Trujillo's *Objection to Special Master's Order Granting Motion for Summary Judgment Regarding Claims of Elisa Trujillo under subfile PM-43319* (No. 6936), and states the following:

### Introduction

Defendant raises numerous objections to the Special Master's *Order Granting Motion for Summary Judgment Regarding the Claims of Elise Trujillo Under Subfile PM-43319* ("*Special*

*Master's Order*") (No. 6917).   She urges the Court to deny the State's *Motion for Summary Judgment* (No. 6824) on the basis that the State Engineer has not yet determined the quantity of groundwater in the Nambe-Pojoaque-Tesuque ("NPT") basin (*Objection* at 3), that the State Engineer has not yet identified and served all claimants in the lawsuit (*Objection* at 4), that she has not had a meaningful opportunity to present evidence (*Objection* at 4), that the State has not made a *prima facie* showing sufficient for the adjudication of her water rights (*Objection* at 5), that the State Engineer must adjudicate all rights simultaneously (*Objection* at 5), that the State is alleging she has forfeited her water rights and the appropriate burden of proof has not been met (*Objection* at 6), that the Court's January 13, 1983 Order (No. 641) is not controlling (*Objection* at 7), that there are genuine issues of material fact (*Objection* at 7-8), that the State's expert opinion is insufficient to "dispossess" defendant of her water right (*Objection* at 9), that the State's proposed adjudication of her water right is not consistent with New Mexico's statutory scheme (*Objection* at 9), that she has been denied due process of law and equal protection by the Special Master's granting of summary judgment (*Objection* at 10), and that she is denied equal protection by being subject to supposed restrictions that are different from the Pueblos (*Objection* at 9).

The Special Master has heard Defendant's arguments.   The *Special Master's Order* rejects them, finds for the State, and grants its *Motion for Summary Judgment*.   The State agrees with the Special Master's conclusions.   It hereby requests the Court to deny Defendant's *Objection*, and affirm the Special Master's grant of summary judgment.

**I.   The State Engineer has not yet determined the quantity of groundwater in the NPT**

Defendant claims that the State Engineer has failed to quantify the amount of

2

groundwater in the N-P-T basin, which Defendant claims is required by Section 72-4-17 NMSA 1978.  *Objection* at 3.  This is not a consideration that the State Engineer uses in issuing a permit under Section 72-12-1.

## II.   The State Engineer has not yet Identified and Served all Claimants in the Lawsuit

Defendant notes that the State must serve all claimants to use of NPT water.  *Objection* at 4.  She cites NMSA § 72-4-17 which requires this, then observes that "the State has not served all claimants to the NPT Basin water so that the rights of all claimants can be determined in relation to each other's claims."  Id.

The State does not disagree that all claimants will ultimately have to be joined and served before this case is concluded.  This task will certainly be completed – indeed, must be completed – before the entry of a final decree in this matter.  The timing of this is not relevant to the Special Master's grant of summary judgment.

## III.   The State Engineer Must Adjudicate All Rights Simultaneously

Defendant argues, without citation to authority, that "[t]he State Engineer must adjudicate all rights simultaneously, including the Pueblos' rights."  *Objection* at 5.  The State is unaware of any such requirement, and denies that there is one.  Such a thing would be an impossibility in any event.

Defendant argues that such simultaneous adjudication of all water rights in the stream system is necessary so the State "can know how much of the NPT Basin groundwater is unappropriated."  *Objection* at 6.  This is not a correct statement, but regardless of whether the statement is correct or not, none of these considerations have anything to do with the quantification or adjudication of Defendant's water right.  Defendant's water right is quantified

on the basis of her historical beneficial use, as the Special Master found in his *Order* granting summary judgment.  *Special Master's Order* at 8.

## IV.   Defendant has not had a Meaningful Opportunity to Present Evidence

Defendant states she should be "afforded a trial on the merits based on the hydrographic studies, hydrological studies, and any other data in the state engineer's possession to determine all rights."  *Objection* at 5.   In support of this, she directs the Court's attention to case law which states New Mexico law favors trials on the merits, and which observes that summary judgment is an extreme remedy.   However, Defendant neglects to mention that for a trial on the merits, there must a question of material fact.  See, e.g. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).   The Special Master has found that there are no disputed issues of material fact. *Special Master's Order* at 11.   The Defendant identifies none in her *Objection*.

## V. State has not Made a *Prima Facie* Showing Sufficient to Adjudicate Defendant's Rights

Defendant argues that the State's *Motion for Summary Judgment* fails to make a prima facie showing of all the elements of a water right as required by § 72-4-19 NMSA 1978. *Objection* at 5.   That is because Defendant had already stipulated to all the other elements of her water right in the proposed Pretrial Order submitted to the Special Master on October 28, 2009 ("PTO").   The State noted this in its Motion for Summary Judgment:

> In her Pretrial Order, Defendant Trujillo stipulates that: 1) she is the owner of a domestic well, RG 43319, permitted by the State Engineer on March 15, 1985; 2) her permit allows for the diversion of up to three (3.0) acre-feet of ground water per annum for indoor domestic use; [and] 3) the permit contains an indoor use restriction pursuant to the Court's Order of January 13, 1983; . . . .   PTO at 5.

*Motion for Summary Judgment* at 5.   The State further noted that

> In sum, Defendant rejects the substantive elements of the State's proposed determination of her water rights in this subfile only as to: 1) the amount of water; and 2) the condition limiting the use of water to indoor use only.

4

<u>Id.</u>  Defendant has never disputed this.

### VI.   The Court's January 13, 1983 Order is not Controlling

In support of her argument that "the preliminary injunction is not controlling," Defendant does not seem to argue that it is invalid or otherwise of no effect, but rather that "it is time to revisit the preliminary injunction, especially since only the non-Indians and non-Pueblos are restrained by the order."  *Objection* at 7.   Defendant then states that

> Defendant recognizes the Special master's [sic] obligation to follow the law of the case and files her motion for relief from the preliminary injunction (6914) to remove that impediment to recognition of her constitutional claims.

<u>Id.</u>   This is an express acknowledgment that the Court's January 13, 1983 *Order* actually is controlling.   In any event, Defendant cites to nothing in the record or elsewhere that suggests the state of affairs with regard to that injunction could be otherwise.

### VII.   There are Genuine Issues of Material Fact

Defendant argues that there are genuine issues of material fact, and she is entitled to a meaningful opportunity to present evidence.   The Special Master found otherwise;

> Because Plaintiff State of New Mexico has presented sufficient evidence in support of its motion for summary judgment, because Defendant Trujillo has failed to come forward with competent material facts quantifying her own permissible uses of water under subfile PM-43319, and because no material facts are in dispute with respect to Defendant Trujillo's beneficial use, the motion for summary judgment should be granted.

*Special Master's Order* at 11.   Indeed, Defendant has not alleged that her indoor domestic use from well RG-43319 has exceeded 0.5 acre feet per year.   As such, the quantity of her use is not a factual issue.

5

## VIII.   The State's Expert Opinion is Insufficient to "Dispossess" Defendant of her Water Right and the State is Alleging She has Forfeited her Water Rights and the Appropriate Burden of Proof Has Not Been Met

Defendant again likens the adjudication of her water right to a forfeiture and a takings and a dispossession.  *Objection* at 9-10.  In fact, Defendant has complained repeatedly that this adjudication of her domestic well right is an attempt by the State to "reduce her diversion right" to .5 afy from 3.0 afy.  See e.g. *Defendant's Response to State's Motion for Summary Judgment* (No. 6845) at 2.  That is not correct: if Defendant, in response to the *Order to Show Cause*, can show that she has diverted 3.0 afy for indoor domestic use in accordance with the terms of permit RG-43319, the State would agree that she should be entitled to water right measured by that diversion amount.  More specifically, according to the terms of the *Order to Show Cause*, Defendant need only produce evidence of use to support a claim exceeding .5 afy.

The Special Master noted this in his *Order*, where he observed that "[b]oth the injunction and the permit leave open the possibility that, within allowed uses, Defendant Trujillo could perfect a water right up to a maximum of 3 acre-feet per year."  *Special Master's Order* at 8. He further noted that:

> A bedrock principal of New Mexico law is that beneficial use is the basis, the measure and the limit of the right.   N.M. Const. Art. XV!, § 3, State ex rel Martinez v. City of Las Vegas, 2004-NMSC-009 ¶ 34, 135 N.M. 375, 89 P.3d 47 (beneficial use shall be the basis, the measure and the limit of the right to use water).

Id.   In order to prevail on her claim to three acre feet, Defendant would have to "show some evidence of the quantity of her use.  Id.   The Special Master concluded that Defendant "has not met that burden."   Id.

Indeed, the State and Defendant have engaged in all appropriate discovery, including the disclosure by the State of its experts and reports and including the deposition of the State's witness Vince Chavez, all discovery periods have ended, and Defendant has come forward with no such evidence.  A motion for summary judgment imposes on the respondent an obligation to come forward with competent, admissible evidence to establish the existence of an essential element of that party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Defendant's failure to do so means there are no material facts in dispute.

### IX.  The State's Proposed Adjudication of Her Water Right is not Consistent with New Mexico's Statutory Scheme

Defendant alleges that the State's proposed adjudication of the quantity of her water right based on the quantity of her historical beneficial use of water is "not the procedure established by the Legislature of New Mexico."  *Objection* at 9.  She states that, rather, water rights are established by the permit.  *Objection* at 9-10.  Again, they are not.

As the State pointed out both in its *Motion for Summary Judgment*, and in its *Reply* it is settled law that a permit from the State Engineer is not a water right, but defines the legal confines and limits of the permittee's water development.  Hanson v. Turney, 136 NM 1, 94 P.3d 1 (Ct. App. 2004).  In New Mexico, as in most of the western states, establishment of a water right requires, in general, a lawful diversion and actual beneficial use of water.  As a matter of law, Defendant's admitted use of water from well RG-43319 in violation of the terms of her permit cannot provide a foundation for a water right claim for such purposes.  The State is still willing to recognize a water right in Defendant for indoor domestic uses from this well, however, which is the limited subject of this proceeding.[1]

---

[1] The State notes that Defendant claims that she "was not aware of the restriction to indoor use only."  Resp., 17.

7

## X.   Defendant has Been Denied Due Process of Law and Equal Protection by the Special Master's Granting of Summary Judgment and by Being Subject to Supposed Restrictions That are Different from the Pueblos

Defendant claims the Special Master's grant of summary judgment, and restrictions on her that are allegedly different from those that apply to the Pueblos are denials of equal protection and due process.   They are not.   The Special Master disposed of this issue in his *Order* by noting that:

> Defendant fails to cite a single case, however, where an order of a court has been found to constitute a taking or a depravation of due process.   For the same reasons, Defendant's argument that the injunction violates equal protection principals because it applies only to non-Pueblo Defendants must fail.   The Court's injunction must stand, as a matter of law, until overturned by the Court or through appeal.

Special Master's Order at 11.

The State would add that none of Defendant's allegations with regard to either equal protection violations or due process violations amount to the statement of a claim to which the State could respond.   Defendant Trujillo has not state a prima facie case for either.   Moreover, the notion that there has been a taking, a violation of due process, or equal protection is contradicted by the fact that, as noted above, a water right is quantified by beneficial use. Defendant has nowhere claimed to be beneficially using 3.0 acre feet of water per year.

## XI.   Conclusion

For the reasons articulated above, the Special Master's grant of summary judgment to the State was correct, and Defendant's *Objection* should be denied.

---

Given the facts that that the restriction appears on the first page of the permit, the restriction has been a source of public controversy for over 25 years, and the Post-1982 Settlement Agreement proceedings provided mailings and notice by publication to all known domestic well owners of the existence of the restriction and an opportunity to alleviate it, the claim may be doubted.   In any case, the State does not condone any further, necessarily

/s/ Edward C. Bagley

———————————————————
Arianne Singer
Edward C. Bagley
John Stroud
Special Assistant Attorney General
*Attorneys for State of New Mexico*
P.O. Box 25102
Santa Fe, NM   87504-5102
Telephone:   (505) 827-6150

---

knowledgeable, violation of the terms of the permit by Defendant.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 9, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel reflected on the Notice of Electronic Filing to be served by electronic means.