IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
          Plaintiff,
      v.                                                        No. Civ. 66-6639 MV/WPL

R. LEE AAMODT *et al.*,
          Defendants,
     and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
          Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Joe and Bertha Gutierrez' Motion to Vacate Order Granting the State of New Mexico's Motion to Dismiss Joe Gutierre's [sic] Notice of Intent to Participate (Doc. No. 6966, filed May 3, 2010). For the reasons stated below, the Court will **DENY** the Motion.

**Procedural Background**

The water rights adjudication procedure typically begins with a court adjudicating the rights of each claimant as against the State. *See Reynolds v. Pecos Valley Artesian Conservancy Dist.*, 663 P.2d 358, 359 (N.M. 1983). The Court then provides an opportunity for each claimant to contest the priority or any other aspect of the water rights of the other claimants. *See id.* An objection made by one claimant against another claimant's water right is called an *inter se* challenge.

> On August 6, 2008, the Court ordered all claimants:
>
> to show cause why: 1) their surface water rights priorities should not be determined to be the priority dates proposed by the State in this Notice and Order to Show Cause for the community or private ditch which serves their surface water rights; and 2) the priority dates for all other claimants should not be determined to be the priority dates proposed by the State in this Notice and Order to Show Cause for other community and private ditches in the Nambé-Pojoaque-Tesuque stream system.

(Notice and Order to Show Cause at 2, Doc. No. 6378, filed August 6, 2008). The Notice and Order to Show Cause ordered claimants to timely file an objection with the Court and stated that this would be their only opportunity to object to the proposed priority date and that if they fail to timely object, they may not raise objections in the future. (*See id.* at 4-5). The last date by which an objection could have been timely filed was June 15, 2009. (*See* Case Management Order at 2, Doc. No. 6787, filed September 21, 2009).

The State served the Notice and Order to Show Cause on Movants Joe and Bertha Gutierrez ("Defendants Gutierrez") via first class mail between October 6 and 10, 2008. (*See* Cert. of Service at 1, Doc. No. 6416, filed October 17, 2008). The Notice and Order to Show Cause indicated that the State proposed a priority date of 1832 for the Acequia del Rancho. (*See* Doc. No. 6378 at 2, filed August 6, 2008). Defendants Gutierrez did not file an objection regarding the proposed priority date for the Acequia del Rancho which feeds the lateral irrigation ditch situated in Defendants Gutierrez' property. (*See* Doc. No. 6787 at 3-4, filed September 21, 2009; Doc. No. 6899 at 1-3, filed January 29, 2010).

The Court received timely objections regarding priority dates for 10 ditches and entered a Case Management Order. (*See* Case Management Order at 3-4, Doc. No. 6787, filed September 21, 2009). The Case Management Order set a scheduling and pretrial conference for January 13, 2010, regarding the determination of the filed objections. (*See id.* at 7). In some cases, an objecting

2

claimant might obtain a priority date earlier than that initially proposed by the State.  If so, the other claimants would be given an opportunity to challenge (an *inter se* challenge) the earlier priority date.  The Case Management Order instructed the State to serve notice of the *inter se* subproceeding on all individual claimants along with the form *Notice of Intent to Participate in Subproceeding*.  (*See id.* at 6).

Joe Gutierrez filed a *Notice of Intent to Participate in Subproceeding* on January 4, 2010.  (*See* Doc. No. 6882).  Defendants Gutierrez later filed a Memorandum to clarify that they were objecting to the priority date of 1832 assigned to the Acequia del Rancho.  (*See* Doc. No. 6899 at 1-3, filed January 29, 2010).  Defendants Gutierrez contend that a previous civil case adjudicated the priority date of the Acequia del Rancho.  (*See id.*).  Joe Gutierrez' *Notice of Intent to Participate in Subproceeding* is not notice that he intends to make an *inter se* challenge of another claimant's priority date;  instead, it, along with the clarification memorandum, is an objection to the priority date proposed by the State for the Acequia del Rancho.  (*See id.* at 3).

The State then moved to dismiss Joe Gutierrez' *Notice of Intent to Participate* as an untimely objection.  (Doc. No. 6913 at 2, filed February 19, 2010).  Joe Gutierrez filed his *Notice of Intent to Participate* on January 4, 2010.  The last date to timely file an objection to a proposed priority date was June 15, 2009.  The Special Master granted the State's motion to dismiss Joe Gutierrez' *Notice of Intent to Participate* as untimely.  (*See* Special Master's Order, Doc. No. 6955, filed April 13, 2010). Defendants Gutierrez then filed their Motion, now before the Court, to vacate the Special Master's Order dismissing Joe Gutierrez' *Notice of Intent to Participate*.

**Relief From an Order**

Defendants Gutierrez ask the Court to vacate the Special Master's Order pursuant to Fed. R. Civ. P. 60(b).  Rule 60(b)(1) provides that on motion and just terms, the Court may relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect.  "The determination of whether a failure to meet a deadline is 'excusable' is at bottom an equitable one, taking into account all of the circumstances, including: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."  *United States v. Natera*, 2006 WL 2949144 *2 (10th Cir.).  These four factors do not carry equal weight; "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable."  *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

Defendants Gutierrez state that "there was no willful intent to file untimely, and certainly we did not act in bad faith."  (Motion at 2).  They also state that it "does not appear that [their] filing caused or will cause any inconvenience to the court or prejudice the plaintiff in any way."  (Motion at 2).  Defendants Gutierrez contend that their late filing will not delay resolution of the timely filed objections because the Gutierrez' objection could be tried separately from the trial of the timely filed objections.  (Reply at 2, Doc. No. 7109, filed October 18, 2010; Special Master's Scheduling Order at 2, Doc. No. 7084, filed October 4, 2010 (*stating* "Plaintiff the State asserted at the pre-trial conference that trial in the Expedited Inter Se Subproceeding could proceed without prejudice to Mr. Gutierrez's or other Defendants' claims in this matter, even if the Court reverses the order of dismissal, and that if needed, a separate trial can occur later")).

The State contends that allowing the Gutierrez Defendants to file an objection more than six months after the deadline would result in extreme prejudice to the State because it would require at least one additional round of notice to all surface water claimants at a cost of thousands of dollars to the State. (Response at 2-3, Doc. No. 6986, filed June 3, 2010; Case Management Order at 5, Doc. No. 6787, filed September 21, 2009 (requiring State to serve notice of *inter se* subproceeding by mail on all individual defendants)). The State asserts that "to require the State to pay for yet another round of notice, given the limited resources available to the State and the resources it has already devoted to providing notice in this proceeding, would in effect impose a severe burden upon the State, to excuse a sole Defendant's failure to timely file an objection." (Response at 3). Defendants Gutierrez do not address the prejudice to the State incurred by an additional round of notice to all surface water claimants.

Defendants do not provide any reason for their six-month delay in filing their objection. Nor do they discuss whether the delay was within their reasonable control. Defendants Gutierrez state that their objection was filed pursuant to Fed. R. Civ. P. 60(b)(2). (*See* Motion at 2). Rule 60(b)(2) provides that the Court may relieve a party from an order for newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Defendants Gutierrez do not identify any newly discovered evidence. More importantly, Defendants Gutierrez do not explain why the newly discovered evidence was not available before the deadline for filing objections.

The Court, as it must, has construed Defendants Gutierrez' Motion liberally and has not held it to the more stringent standard that applies to documents drafted by counsel for the State. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (courts may "make some allowances for the [pro

5

se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements"). However, *pro se* parties must follow the same rules of procedure that govern other litigants. *See United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004). Defendants Gutierrez failed to comply with a Court order to file their objection by a clear deadline and provided no reasonable excuse for their failure to do so. Allowing them to file their objections six months late will prejudice the State.

The Court has a duty to see that this case is resolved without undue cost or delay. *See* Fed. R. Civ. P. 1 advisory committee's note (1993 Amendments). The Court estimates that the State served the Court's Notice and Order to Show Cause on approximately 5,000 persons. (*See* Certificates of Service, Doc. Nos. 6390, 6391, 6393, 6395 and 6416, filed September 9 - October 17, 2008). To fulfill its duty to avoid undue cost and delay in a case with so many parties, the Court must ensure that all parties comply with Court orders and the rules of procedure. *See Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000) (court has inherent power to regulate docket and promote judicial efficiency).

The Court will **DENY** Defendants Joe and Bertha Gutierrez' Motion to Vacate Order Granting the State of New Mexico's Motion to Dismiss Joe Gutierre's [sic] Notice of Intent to Participate (Doc. No. 6966, filed May 3, 2010).

**IT IS SO ORDERED.**

Dated this 1st day of November, 2010.

**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**