IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
         Plaintiff,
    v.                                                                         No. Civ. 66-6639 MV/WPL

R. LEE AAMODT *et al.*,
         Defendants,
    and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
         Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Phyllis Russo's Objection to and Motion to Modify the Order Granting in part and Denying in Part Plaintiff's Motion for Summary Judgment on Priority Dates for Acequias de Los Ojitos and Ortizes (Doc. No. 7149, filed November 18, 2010; "Russo's Motion") and on State of New Mexico's Motion to Adopt in part and Objecting in part to Special Master's Order on State's Motion for Summary Judgment Regarding the Priority Dates for the Acequia de Los Ojitos and the Acequia de Los Ortizes (Doc. No. 7152, filed November 24, 2010; "State's Motion"). For the reasons stated below, the Court will **DENY** Russo's Motion (Doc. No. 7149) and will **DENY** the State's Motion (Doc. No. 7152).

**Procedural Background**

The State filed a motion for summary judgment seeking a ruling that the priority date for the Acequia de los Ojitos and the Acequia de los Ortizes is 1786. (*See* Doc. No. 7057, filed September 10, 2010). The State supported its motion with the affidavit and memorandum of its expert historian, Dr. John Baxter, which contains the following paragraph regarding the Acequia de los Ojitos and the Acequia de los Ortizes:

> In 1731, New Mexico's governor, Juan Domingo Bustamante, granted a large tract of land at Cuyamungué to Bernardino Sena, his son Tomás, and his brother-in-law, Luis López. Divided by the Rio Tesuque, the property extended north from the boundary of Tesuque Pueblo as far as "the house of Lázaro Trujillo." Fourteen years later, López sold the north end of the grant, conveying one parcel to his neighbor Lázaro Trujillo, and a larger tract to Ilario Archuleta. The deeds indicate that the two pieces were irrigated by the Acequia del Rio. Little documentation has been found to indicate how the Sena family used the remaining portion of the grant. In 1786, heirs of Tomás Sena sold their share of the property to Diego Borrego of Chimayó for 500 pesos. Borrego's tenure lasted only three years, but during that time, he made significant improvements. In 1789, he sold the lands lying between the Tesuque Pueblo grant and Archuleta's tract to Marcos Lucero and Juan Doming Valdés for 2,000 pesos. The huge price increase can be explained by a phrase in the deed stating that Lucero bought the land "with its acequia which Borrego took out with a license from Governor Juan Bautista de Anza." The new acequia system greatly increased the acreage available for irrigation, making the lands much more valuable. Thus, 1786, the date of Borrego's purchase, is a solid priority date for the Acequia de los Ortizes and the Acequia de los Ojitos, which water the lands in question.

(Motion Ex. 2, Doc. No. 7057-2).

Only one defendant, Elisa Trujillo, filed a response opposing the State's motion for summary judgment. Trujillo asserted that there was a genuine issue of material fact regarding the priority date for the Acequia de Los Ortizes claiming that Dr. Baxter testified, in a hearing before Special Master Yudin in 1984, that the priority date for the Acequia de Los Ojitos was 1745. (*See* Doc. No. 7086, filed Occtober 6, 2010).

The Special Master denied the State's motion for summary judgment as to the priority date for the Acequia de Los Ortizes stating that "a reading of the present Baxter Affidavit, together with the portions of the 1984 testimony that were presented here, is not so conclusive that summary judgment should be granted on the issue as a matter of law, particularly since references to maps were imprecise, ill-defined, and of little help on the issues presented in the briefs." (Order at 3-4, Doc. No. 7135, filed November 2, 2010). In his Order, the Special Master noted that some parties took "evidentiary shortcuts . . . which were not helpful" and cautioned all parties that "at trial of this matter, such shortcuts will not be sufficient to allow tendered evidence to be admitted." (Doc. 7135 at 4). The Special Master granted summary judgment with respect to the priority date for the Acequia de Los Ojitos because no party opposed the State's contention on that priority date. (*See id.* at 4). The State and Defendant Russo objected to the Special Master's Order and filed the motions/objections now before the Court.

**The State's Motion**

In its Motion and Objection now before the Court, the State "requests that the Court adopt the part of the Special Master's Order that grants summary judgment on the priority date of the Acequia de los Ojitos, reject the Special Master's denial of summary judgment regarding the priority date of the Acequia de los Ortizes, and instead grant summary judgment that the priority date of the Acequia de los Ortizes, and all water rights served by it, is 1786." (State's Motion at 8). In support of its Motion, the State cites extensively to Dr. Baxter's Affidavit and memorandum in which he states "1786 . . . is a solid priority date for the Acequia de los Ortizes . . . ." (Motion at 5-6). The State then argues that Trujillo did not come forward with specific facts showing that there is an issue for trial but instead merely makes unsupported conclusory allegations. (*See id.* at 7-8).

The State, as the movant for summary judgment, "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *See Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). The State relies on the affidavit and memorandum of its expert historian, Dr. John Baxter. The memorandum attached to Dr. Baxter's affidavit expresses his conclusion and the reasons for his conclusion that the priority date of the Acequia de los Ortizes is 1786. (*See* Doc. No. 7057-2, filed September 17, 2010). The section of Dr. Baxter's memorandum pertaining to the priority date for the Acequia de los Ortizes is quoted above in its entirety.

An expert affidavit supporting a motion for summary judgment must set forth facts and "a process of reasoning beginning from a firm foundation." *Mid-State Fertilizer Co. v. Exchange National Bank of Chicago*, 877 F.2d 1333, 1339 (10th Cir. 1989) ("the judge must look behind the expert's ultimate conclusion . . . and analyze the adequacy of its foundation") (*quoting Richardson v. Richardson-Merrell, Inc.*, 857, F.2d 823, 829 (D.C. Cir. 1988)). "There is . . . a level of conclusoriness beyond which an expert's affidavit may not fall if it is to create (or foreclose) a genuine issue of fact on summary judgment." *Rowell v. Jim Walters Homes, Inc.*, 986 F.2d 1429, 1993 WL 34698 *2 (10th Cir.) (unpublished opinion) ("The line between the inadequate and the effective expert affidavit falls somewhere between simply averring 'it is so' and providing some fact-based, reasoned explanation for the expressed opinion"); *see also Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1143 (10th Cir. 2005) (expert's affidavit insufficient as basis for summary judgment where affidavit provided no basis for the expert's conclusion).

The Court finds that Dr. Baxter's one-paragraph opinion falls just short of being sufficiently specific to support the conclusion that the priority date of the Acequia de los Ortizes and the Acequia de los Ojitos is 1786. Dr. Baxter's opinion describes how a large tract of land was granted

4

to three persons: Bernardino Sena, Tomás Sena, and Luis López. López later sold all or part of his tract to two other persons. Those two parcels were irrigated by the Acequia del Rio. In 1786, the heirs of Tomás Sena sold their share of the property to Diego Borrego who constructed a new acequia system before selling the property three years later. The only time Dr. Baxter mentions the Acequia de los Ortizes is in his concluding sentence. Dr. Baxter does not indicate that the Acequia de los Ortizes is located on the tract granted to Tomás Sena and later sold to Borrego and not on the tracts granted to Bernardino Sena or Luis López. The Court will deny the State's Motion to reject the Special Master's denial of summary judgment regarding the priority date of the Acequias de los Ortizes and de los Ojitos.

The Court will remand this matter to the Special Master. *See* Fed. R. Civ. P. 53(f)(1) (In acting on a special master's order, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions" ). The Special Master will determine the procedure for resolving this matter. *See* Fed. R. Civ. P. 53(f)(5) ("Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion"). In his Order, the Special Master indicated that he would resolve this matter at trial. (*See* Doc. 7135 at 4). The Special Master should consider whether a trial is necessary. It may be that the State may be able to properly support its assertion that the priority date of the Acequias de los Ortizes and de los Ojitos is 1786 with a revised affidavit and a renewed motion for summary judgment. *See* Fed. R. Civ. P.56(e) ("If a party fails to properly support an assertion of fact . . . the court may . . . give an opportunity to properly support or address the fact . . . or issue any other appropriate order"); *see also U.S. v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (*quoting Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (inherent power "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of

cases").

**Russo's Motion**

*Pro se* Defendant Russo filed a reply in support of the State's motion for summary judgment. (*See* Doc. No. 7102, filed October 13, 2010). In his Order ruling on the State's motion for summary judgment, the Special Master noted the failure of some parties to attach portions of cited transcripts, affidavits or other forms of evidence. (*See* Doc. No. 7135 at 4). Russo admits that her reply brief "was deficient in this regard" and seeks to remedy those deficiencies. (Russo's Motion at 2). Russo now asks the Court to receive evidence pursuant to Fed. R. Civ. P. 53(f)(1) which provides that the Court "may receive evidence" when acting on a Special Master's order. Because it is remanding this matter to the Special Master, the Court will not receive Russo's evidence at this time.

Russo also "objects to the [Special Master's] Order's liberal construction of [Defendant Trujillo's] claim that violates Rule 11(b)(3)." (Motion at 3). Russo's objection appears to be based on two grounds: (1) the Special Master's "liberal construction" of Trujillo's claim, and (2) whether Trujillo violated Fed. R. Civ. P. 11(b)(3). In his Order, the Special Master stated that he was "construing the motion liberally in favor of Defendant Trujillo." The Special Master's "liberal construction" of the summary judgment motion reflects the correct legal standard which requires that he "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *See Ross v. Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). As for the alleged Rule 11(b)(3) violation, Fed. R. Civ. P. 11(b)(3) provides that when presenting a motion or other paper to the Court, an attorney or unrepresented party certifies that the factual contentions have evidentiary support. Because it is remanding this matter, the issue of whether Trujillo's claims have evidentiary support may be raised before the Special Master. Russo's objection is overruled.

6

Finally, Russo moves the Court to reverse the Special Master's Order denying the State's motion for summary judgment as to the Acequia de los Ortizes. (Motion at 4). The Court will deny Russo's Motion as moot because it is remanding this matter to the Special Master.

**IT IS SO ORDERED.**

Dated this 12th day of May, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**