IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
    Plaintiff,
v.

No. Civ. 66-06639 MV/WPL

R. LEE AAMODT *et al.*,
    Defendants,
and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
    Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Elisa Trujillo's Motion for Relief from Order (Doc. No. 6914, filed February 22, 2010) and her Appeal of the Recommendation of Special Master to Deny Defendant Elisa Trujillo's Motion for Relief from Order Subfile PM-43319. (Doc. No. 7020, filed July 15, 2010). For the reasons stated below, the Court will **DENY** the Motion and **OVERRULE** the Appeal/objection of the Special Master's Recommendation.

**Background**

New Mexico state law provides that any person desiring to use underground water for irrigation of one acre or less of noncommercial trees, lawn, or garden, or for household or other domestic use shall file an application with the State Engineer. *See* N.M. STAT. ANN. § 72-12-1. "Upon the filing of each such application . . . the state engineer *shall* issue a permit to the applicant to so use the waters applied for." *Id.* (*emphasis added*).

On January 13, 1983, the Court ordered that:

> no permits to appropriate underground waters shall be issued within the Rio Pojoaque stream system under Section 72-12-1, N.M.S.A. 1978. Permits may issue limited to the use of water for household, drinking and sanitary purposes within a closed water system that returns effluent below the surface of the ground minimizing and [sic] consumptive use of water. All subject to further order of the court.

(Doc. No. 641) (Mechem, S.J.) ("January 13, 1983 Order") .

On March 15, 1985, the State Engineer approved an application, filed by Trujillo's predecessor-in-interest, to appropriate underground waters in accordance with Section 72-12-1 subject to the condition that use of water be limited to household, drinking and sanitary purposes with no irrigation of lawns, gardens or trees. (*See* Doc. Nos. 6845-1 and 6845-2, filed December 22, 2009).

Trujillo filed her Motion, now before the Court, for relief from the January 13, 1983 Order pursuant to Fed. R. Civ. P. 60(b)(4). (Motion at 1). Trujillo argues that the January 13, 1983 Order is void on the grounds that the Court did not have subject matter jurisdiction, the Court did not have personal jurisdiction over Trujillo, and the January 13, 1983 Order deprived Trujillo of property without due process. The Special Master filed his Recommendation (Doc. No. 7011, filed June 29, 2010) that the Court deny Trujillo's Motion for relief. Trujillo then filed her Appeal of the Special Master's Recommendation. Her two-page Appeal incorporates her Motion for Relief by reference.

**Rule 60(b) Motion for Relief**

Trujillo seeks relief from the January 13, 1983 Order pursuant to Fed. R. Civ. P. 60(b)(4) which provides that "the court may relieve a party . . . from a final judgment, order, or proceedings [if] "the judgment is void." *See United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (" A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of

2

the parties, or acted in a manner inconsistent with due process of law"). However, "Rule 60(b) . . . only applies to final orders or judgments." *Raytheon Constructors, Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003); *United States v. Baus*, 834 F.2d 1114, 1118 (1st Cir. 1987) ("By its own terms, Rule 60(b) applies only to final judgments"); *see also McCormick v. City of Chicago*, 230 F.3d 319, 326-237 n.6 (7th Cir. 2000) (In addition to final judgments, Rule 60(b) "applies to final orders and final proceedings").

The January 13, 1983 Order is not a "final" order. "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Fuller v. Wilcox*, 323 Fed.Appx. 717, 719 (10th Cir. 2009) (unpublished opinion) (*quoting Catlin v. United States*, 324 U.S. 229, 233 (1945)). The Court has not yet entered a final decision regarding Trujillo's claims.

The Court declines to liberally construe Trujillo's Motion to state an argument and legal basis for the relief she seeks for the following reasons. First, Trujillo is represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers"). Second, the Court will not act as a party's attorney and make the party's arguments for them because doing so would not only consume an inordinate amount of time, but would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process. *See Mitchell v. City of Moore*, 218 F.3d at 1199. Finally, construing and ruling on Trujillo's Motion would not provide opposing parties an opportunity to present their arguments against the Motion as construed by the Court. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (courts depend on the adversarial process for sharpening the issues for decision thereby minimizing the risk of an

improvident or ill-advised opinion).

The Court will deny Trujillo's Motion for Relief from the January 13, 1983 Order pursuant to Rule 60(b) and will overrule her Appeal of the Special Master's Recommendation.

**IT IS SO ORDERED.**

Dated this _____ day of _June_____, 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

4