IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
        Plaintiff,
    v.                                                                                       No. Civ. 66-6639 MV/WPL

R. LEE AAMODT *et al.*,
        Defendants,
    and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
        Plaintiffs-in-Intervention.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Trujillo's Motion to Dismiss Plaintiffs-in-Intervention or, in the alternative, to Realign as Defendants (Doc. No. 7148, filed November 17, 2010). For the reasons stated below, the Court will **DENY** the Motion.

**Background**

The State of New Mexico ("State") commenced this action on April 20, 1966 and named the United States and the Pueblos of Nambé, Pojoaque, San Ildefonso and Tesuque as defendants. (*See* Complaint). The United States and the Pueblos filed a motion to dismiss arguing that the Court had no jurisdiction over them because they had not consented to be sued. (*See* Motion to Dismiss, filed November 1, 1966). Recognizing that "it does seem desirable to [the United States and the Pueblos] to have the rights to the use of waters of the Nambe-Pojoaque River adjudicated," the United States and the Pueblos filed a motion to intervene as "parties plaintiff." (Mem. in Support of Motion to

Intervene at 2, filed November 1, 1966; Motion to Intervene, filed November 1, 1966). After a hearing on February 13, 1967, the Court ordered that the United States and the Pueblos of Nambé, Pojoaque, San Ildefonso and Tesuque ("Plaintiffs-in-Intervention") be re-aligned as parties plaintiff. (*See* Order, filed February 13, 1967) (Payne, J.).

**Motion to Dismiss Plaintiffs-in-Intervention**

In her Motion now before the Court, Trujillo asks the Court to dismiss the Plaintiffs-in-Intervention, or in the alternative to realign them as defendants. (*See* Motion at 1). Trujillo's Motion is essentially a motion to reconsider the Court's previous order realigning the United States, and the Pueblos of Nambé, Pojoaque, San Ildefonso and Tesuque as plaintiffs. (*See* Order, filed February 13, 1967) (Payne, J.). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Trujillo does not argue there has been an intervening change in the controlling law or that there is new evidence previously unavailable. For Trujillo to obtain the relief her Motion seeks, she must show "the need to correct clear error or prevent manifest injustice." Trujillo sets forth two arguments in support of her Motion: (1) the Plaintiffs-in-Intervention are not authorized to prosecute the adjudication water rights as plaintiffs, and (2) Trujillo will be denied due process by being denied an opportunity to object to the claims of the Plaintiffs-in-Intervention.

Trujillo contends that New Mexico law authorizes only the attorney general to prosecute water rights adjudications. (Motion at 1-2). Trujillo mischaracterizes the relevant statute which states that the attorney general:

> shall, at the request of the state engineer, enter suit on behalf of the state for the determination of all rights to the use of such water . . . and shall diligently prosecute the same to a final adjudication: *provided, that if suit for the adjudication of such*

> *rights shall have been begun by private parties, the attorney general shall not be required to bring suit*: provided, however, that the attorney general shall intervene in any suit for the adjudication of rights to the use of water, on behalf of the state, if notified by the state engineer that in his opinion the public interest requires such action.

N.M. Stat. Ann. § 72-4-15 (*emphasis added*).  Trujillo also cites *New Mexico v. Commissioner of Public Lands*, 145 N.M. 433 (Ct. App. 2008), for the proposition that "only the attorney general has been given [the authority to prosecute the adjudication of domestic well rights] by the Legislature." (*See* Motion at 2).  *New Mexico v. Commissioner of Public Lands* merely characterizes Section 72-15, quoted above, as "stating that it is, *in most instances*, the responsibility of the attorney general . . . to file [a water rights adjudication suit]."  145 N.M. at 438 (*emphasis added*).  Trujillo's contention that only the attorney general may be a plaintiff in a water rights adjudication is incorrect.

Trujillo also asserts that "by being plaintiffs in intervention, the United States of America and the Pueblos of Nambé, Pojoaque, San Ildefonso and Tesuque are insulated from an *inter se* challenge by other claimants/defendants [and, therefore,] Defendant Trujillo is denied an opportunity to object to the Plaintiffs in Intervention [sic] claims."  (Motion at 4).  The *inter se* portion of an adjudication "giv[es] each junior user the opportunity to contest the priority or any other aspect of the senior water rights, to assert his or her own priority and to raise any defenses which would preclude the termination of his or her right to satisfy the senior rights."  *Martinez v. Parker Townsend Ranch Co.*, 118 N.M. 787, 791 (Ct. App. 1992) (*quoting Reynolds v. Pecos Valley Artesian Conservancy District*, 99 N.M. 699, 701 (1983)).

Trujillo will have an opportunity to object to the claims of the Plaintiffs-in-Intervention.  The claims of the Plaintiffs-in-Intervention are the subject of a Settlement Agreement that has not yet been approved by the Court.  The Order establishing the procedure for approval of the Settlement Agreement allows parties to file an objection "to demonstrate that the rights proposed to be settled

pursuant to the Settlement Agreement should not be quantified and administered as proposed in the Settlement Agreement." (Doc. No. 6282 at 4-5, filed December 18, 2007) (Objections must include a statement of the legal and factual basis of the objection and how the objector will be injured or harmed). Trujillo's assertion that the "procedure for objecting to the Settlement Agreement set forth in Order # 6282 is not a full hearing with an opportunity to obtain discovery and present evidence in objection to the Pueblos' priorities" is incorrect. (Trujillo's Reply at 3, Doc. No. 7204, filed December 20, 2010). The Court's Order establishing the Settlement Agreement approval procedures provides for discovery and hearings on objections. (*See* Doc. No. 6282 at 5, filed December 18, 2007).

Because Trujillo has not demonstrated "the need to correct clear error or prevent manifest injustice," the Court will deny her Motion.

**IT IS SO ORDERED.**

Dated this 29th day of July, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　**MARTHA VÁZQUEZ**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**