IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


STATE OF NEW MEXICO *ex rel.*
State Engineer,
        Plaintiff,

    v.                           No. Civ. 66-6639 MV/WPL

R. LEE AAMODT *et al.*,
        Defendants,

    and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
        Plaintiffs-in-Intervention.


**MEMORANDUM OPINION AND ORDER**


**THIS MATTER** comes before the Court on Defendant Elisa Trujillo's Objection to Order

Denying in part Defendant Elisa Trujillo's Motion for Order Allowing Discovery and to Name an

Expert (Doc. No. 7503, filed October 3, 2011).   For the reasons stated below, the Court will

**OVERRULE** Trujillo's Objection.

**Procedural Background**

On August 6, 2008, the Court entered a Notice and Order to Show Cause (Doc. No. 6378)

to claimants of surface water rights in the Nambé-Pojoaque-Tesuque stream system.  The Notice

listed the priority dates proposed by the State for the irrigation ditches in the Nambé-Pojoaque-

Tesuque stream system.  (*See id.*).   The Court ordered that if any claimant objects to any of the

proposed priority dates, they must file an objection with the Court.  (*See id.*).

Several claimants filed objections to the proposed priority dates. (*See* Case Management Order at 3-4, Doc. No. 6787, filed September 21, 2009). The Special Master entered a Case Management Order to address those objections. (*See id.*). The Special Master ordered that any party desiring to participate in the adjudication of surface right priorities must file a notice of intent to participate. (*See id.* at 6). Several parties filed notices of intent to participate in the Acequia de los Ortizes litigation, including Defendant Trujillo. (*See id.*; Doc. No. 6878, filed December 31, 2009).

The State held a Rule 26(f) conference on March 9, 2010, to meet with the parties who had filed notices of intent to participate in the resolution of the priority date for the Acequia de los Ortizes. (*See* Response ¶ 7 at 4, Doc. No. 7510, filed October 13, 2011); *see also* Fed. R. Civ. P. 26(f) (parties must consider nature and basis of claims and defenses, possibilities of settlement, arrange for disclosures and develop discovery plan). Trujillo's attorney attended the conference on her behalf. (*See id.*). The State asserts that it disclosed its expert, Dr. Baxter, and his report to the parties at the conference. (*See id.*).

The Special Master held a discovery conference on April 30, 2010, to discuss discovery needs, scheduling, claims and defenses, and initial disclosures. (*See* Initial Scheduling Order ¶ 5 at 5, Doc. No. 6894, filed January 14, 2010). The Special Master asked if any of the parties had any issues with the initial disclosures. (*See* Transcript of April 30, 2010 discovery conference at 12:2-3, Doc. No. 6987, filed June 4, 2010). The State reported that it had made its initial disclosures and no parties objected. (*See id.* at 12:9-12). Neither Trujillo nor her attorney attended the discovery conference. (*See id.* at 2:15-5:24; Response ¶ 9 at 5). Attendance was mandatory. (*See* Initial Scheduling Order ¶ 5 at 5; at 10:1, Doc. No. 6987, filed June 4, 2010).

The Special Master ordered that, unless previously disclosed, the State shall identify its expert and provide expert reports by May 7, 2010. (*See* Initial Scheduling Order ¶ 6 at 6). The State certified that on May 7, 2010, it served a copy of the State's Expert Witness and Report Disclosures on 28 individuals. (*See* Certificate of Service, Doc. No. 6970, filed May 7, 2010). The State's Certificate of Service does not include Trujillo's name or the name of her attorney. The State filed its Certificate of Service electronically through the Court's CM/ECF system. Consequently, Trujillo was served with the Certificate of Service and had notice that she not been included on the list of persons served with the State's expert disclosure. The State asserts that it made the initial disclosures to Trujillo at the Rule 26(f) conference on March 9, 2010. (*See* Response at 8).

Trujillo emailed the State on May 21, 2010, requesting disclosure of the State's expert. (*See* Objection at 2 (stating request was made on May 17, 2010); *but see* Trujillo's motion to the Special Master at 2 and Exhibit 1, Doc. No. 7457, filed August 8, 2011 (showing that request was made on May 21, 2010)). Trujillo contends that the State did not respond to her email request. (*See* Objection at 2). The State asserts that the State's lead attorney was absent during that period for personal reasons, that Trujillo had already been provided with the identity of the State's expert, and that Trujillo never attempted to contact any other co-counsel for the State who were available to respond to Trujillo's request. (Response at 8).

Trujillo served the State with her interrogatories and request for production of documents on June 2, 2010. (*See* Response ¶ 10 at 5). The State asserts that it timely responded and that Trujillo never notified the State that its response to her request for production was inadequate. (*See id.*). Discovery closed on August 30, 2010. (*See* Initial Scheduling Order ¶ 7 at 6).

The Special Master ordered all other parties to identify their expert witnesses and provide expert reports no later than June 18, 2010. (*See* Initial Scheduling Order ¶ 6 at 6). Trujillo did not

disclose her expert witness or provide an expert report to the State by the June 18, 2010 deadline. (*See* Response ¶ 11 at 5).

On September 17, 2010, the State filed a motion for summary judgment in which it cited Dr. Baxter as the State's expert witness and his report as the basis for its motion. (*See* Doc. No. 7057 at 3). In her response to the State's motion for summary judgment, Trujillo referred to Dr. Baxter and his report but did not assert that the State failed to disclose Dr. Baxter or his report, or that the State's disclosures were inadequate. (*See* Doc. No. 7086 at 2-4, filed October 6, 2010).

The Special Master held a pre-trial conference on October 1, 2010, to discuss "any remaining discovery issues." (Notice of Pre-Trial Conference at 1-2, Doc. No. 7048, filed September 3, 2010). After the Special Master asked if there were any other discovery issues with any of the claimants, counsel for the State responded that there were none, and counsel for Trujillo did not object. (*See* Transcript of October 1, 2010 pre-trial conference at 44:16-25, Doc. No. 7118, filed October 26, 2010). The Special Master specifically asked Trujillo's attorney if he had "any type of evidentiary matters that [he] wants to raise." (*Id.* at 45:1-8). Trujillo's attorney responded "No, sir. Thank you." (*Id.* at 45:9). The Special Master later asked Trujillo's attorney if he anticipated any type of hearing needed for any type of pretrial motions, to which Trujillo's attorney responded "No, sir, none." (*Id.* at 49:19-22). At the end of the pre-trial conference the Special Master asked three times if there were any other matters that needed to be discussed and specifically asked Trujillo's attorney who answered "No, sir. Thank you." (*Id.* at 77:11, 83:19, 83:25-84:3).

The State served its Final Witness and Exhibit Disclosures, in which it identifies Dr. Baxter as a witness, on October 22, 2010. (*See* Doc. No. 7114). The State asserts that Trujillo made no objection to the State listing Dr. Baxter as its witness. (*See* Response ¶ 17 at 6).

On November 2, 2010, the Special Master entered an Order (Doc. No. 7135) granting in part and denying in part the State's motion for summary judgment as to the priority date for the Acequia de los Ortizes. The State and Defendant Phyllis Russo filed objections to the Special Master's Order. (*See* Russo's Objections, Doc. No. 7149, filed November 18, 2010; State's Objection, Doc. No. 7152, filed November 24, 2010).

The Special Master held a hearing on December 3, 2010, three days before the trial on this matter, to discuss "any and all matters related to the Acequia de los Ortizes" (Notice of Hearing, Doc. No. 7155, filed December 1, 2010). At the hearing, Trujillo's attorney informed the Special Master that he was still attempting to obtain maps and documents relied on by the State's expert. (*See* Transcript of December 3, 2010 hearing at 13:3-24, Doc. No. 7305, filed January 28, 2011). Despite the August 30, 2010 deadline for discovery having expired, the Special Master informed Trujillo's counsel that he could still subpoena the State's expert who would be available on December 6, 2010. (*See id.* at 12:11-13:2). The Special Master subsequently vacated the December 6, 2010 trial on the priority date of the Acequia de los Ortizes allowing the Court time to rule on the State's and Russo's objections to his Order ruling on the State's motion for summary judgment. (*See* Doc. No. 7158, filed December 3, 2010).

The Court denied the State's and Russo's objections and remanded the issue of the priority date for the Acequia de los Ortizes to the Special Master. (*See* Mem. Op. and Order, Doc. No. 7388, filed May 12, 2011). After holding a status conference, and after the parties requested a trial, the Special Master set the trial on the priority date for the Acequia de los Ortizes for November 17, 2011 which is almost a full year after the initial trial setting. (*See* Doc. No. 7452, filed July 28, 2011).

A week and a half after the Special Master entered his Order setting the trial date, Trujillo filed a motion for an order to reopen discovery and to allow her to name an expert for the November

17, 2011 trial.  (*See* Doc. No. 7457, filed August 8, 2011).  Trujillo argued that "based on the

Certificate of Service filed on May 7, 2010, Plaintiff the State did not serve her with its expert

witness and expert report disclosures."   (Special Master's Order at 2, Doc. No. 7470, filed

September 12, 2011). The Special Master, finding that Trujillo "had not timely asserted her claim

of insufficient discovery" and that she "had ample ability to cure any prejudice that arose from the

non-disclosure," denied her request to reopen discovery and to name an expert.  (*See id.* at 4).

Trujillo then filed her Objection, now before the Court, in which she argues that "the Special

Master's ruling deprives [her] of her right to a fair trial in violation of the Due Process Clause of the

Fourteenth Amendment to the U.S. Constitution and Article II, Section 18 of the New Mexico

Constitution."  (Objection at 2).

**Trujillo's Request to Reopen Discovery**

Trujillo argues that the State failed to disclose all the documents used by the State's expert

thereby denying Trujillo the opportunity for a fair trial.  (*See* Motion at 1-5).  Trujillo now asks the

Court to reopen discovery.  (*See id.* at 1).

The Court has wide discretion in its regulation of pretrial matters.  *See SIL-FLO, Inc. v.

SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).  Relevant factors in reviewing decisions

concerning whether discovery should be reopened include:   "1) whether trial is imminent, 2)

whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether

the moving party was diligent in obtaining discovery within the guidelines established by the court,

5) the foreseeability of the need for additional discovery in light of the time allowed for discovery

by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."  *Id.*; *see

also Mollinger-Wilson v. Quizno's Franchise Co.*, 2004 WL 2757941 *6 (10th Cir.) (unpublished

opinion) (district court did not abuse its discretion in denying motion to compel discovery where the

request to take additional depositions was untimely because the deadline for discovery had expired and plaintiffs had not employed previous opportunities to take depositions).

The trial on this matter, set for November 17, 2011, is imminent.  The State opposes Trujillo's request to reopen discovery.  (*See* Response).  Neither Trujillo nor the State discuss whether the State would be prejudiced by reopening discovery.  As for the foreseeability of the need for additional discovery in light of the time allowed for discovery, Trujillo knew, or should have known, of her need for additional discovery by the close of discovery on August 30, 2010.

Trujillo was not diligent in obtaining discovery.  Trujillo had notice of this matter by December 2009 when she filed her notice of intent to participate in the Acequia de los Ortizes litigation.  Trujillo knew, by January 14, 2010, the following deadlines:  1) May 7, 2010 for disclosure of the State's expert and report, 2) August 30, 2010 for close of discovery, 3) August 30, 2010 for dispositive motions, and 4) October 1, 2010 for a pre-trial conference, with the trial to be set for November 2010.  (*See* Initial Scheduling Order, Doc. No. 6894, filed January 14, 2010). Neither Trujillo nor her attorney attended the mandatory discovery conference on April 30, 2010, one purpose of which was to discuss discovery needs and initial disclosures.  Trujillo sent an email request to the State on May 21, 2010 and served the State with her interrogatories and request for production of documents on June 2, 2010.  Trujillo determined that the State's responses were inadequate but did not file a motion to compel disclosures and discovery until October 18, 2011 which is only three months before the new trial setting and is more than a year after the close of discovery.  (*See* Doc. No. 7516).  At the pre-trial conference in October 2010 the Special Master specifically asked Trujillo's attorney if there were any discovery, evidentiary or other matters that needed to be addressed and Trujillo's attorney responded that there were none.  Trujillo had ample opportunity to remedy any alleged inadequate disclosures by the State.

Trujillo contends that the "delay in bringing this motion [to reopen discovery] is a result of [the State's] representations that the subject documents were forth coming when in fact the [State] has refused to disclose them." (Reply at 9, Doc. No. 7518, filed October 20, 2011). Trujillo cites to the transcript of the December 3, 2010 hearing to support her contention. The Court has reviewed the transcript. The portions of the transcript cited by Trujillo indicate that Trujillo's attorney met with the State on December 2, 2010, and that the State was not able to find some of the requested documents, some of which appear to be exhibits from a hearing in 1984. (*See* Transcript of December 3, 2010 hearing at 13-14, 27, Doc. No. 7305, filed January 28, 2011). Trujillo offers no explanation for the 8-month delay between the December 3, 2010 hearing and the August 8, 2011 filing of her motion to reopen discovery.

The objections to the priority date for the Acequia de los Ortizes have been pending since November 2008. (*See* Doc. Nos. 6496-6498, filed November 12, 2008). The trial on the priority date for the Acequia de los Ortizes, initially set for December 6, 2010, was delayed for almost a year to November 17, 2011. (*See* Doc. No. 7158, filed December 3, 2010; Doc. No. 7452, filed July 28, 2011). Trujillo is not the only defendant who will be affected by the determination of the priority date for the Acequia de los Ortizes. (*See* Doc. Nos. 6496-6498, filed November 12, 2008) (objections by three other defendants to the proposed priority date).

Even assuming, without deciding, that reopening discovery would not prejudice the State, the Court finds that the trial's imminence, the State's opposition to reopening discovery, the foreseeability of Trujillo's need for additional discovery, and Trujillo's lack of diligence outweigh any likelihood that additional discovery will lead to relevant evidence. The Court will overrule Trujillo's objection to the Special Master's denial of her request to reopen discovery. The Court will not reopen discovery at this late date.

In her reply brief, Trujillo argues that the Court should apply various sanctions including not allowing the state to use undisclosed evidence, entering default judgment against the State, and awarding Trujillo attorney's fees. (*See* Reply at 5-6, 10). Trujillo did not argue for sanctions in her Objection. The Court will not consider arguments raised for the first time in a reply brief. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (reasons for the general rule forbidding new arguments in a reply are: (1) to allow a movant to raise new arguments in a reply would be manifestly unfair to the nonmovant who has no opportunity for a written response, and (2) without a response from the nonmovant, the court would run the risk of an improvident or ill-advised opinion, given the court's dependence on the adversarial process for sharpening the issues for decision).

**Trujillo's Request to Name an Expert**

Trujillo objects to the Special Master's denial of her request to name her own expert arguing that the Special Master's ruling deprives her of the right to a fair trial. Trujillo did not comply with the June 18, 2010, deadline in the Initial Scheduling Order for identifying her expert witness and providing the expert report. (*See* Doc. No. 6894 ¶ 6 at 6). Trujillo did not file her motion for an order allowing her to name an expert until more than a year after the deadline for disclosing experts. (*See* Doc. No. 7457, filed August 8, 2011). Trujillo had ample opportunity to name an expert or to seek an extension to the deadline for naming an expert, but did not do so. The Court will overrule Trujillo's objection to the Special Master's denial of her request to name an expert. *See Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 894-895 (10th Cir. 2006) (district court properly excluded defendant's expert as untimely disclosed under the scheduling order, even though the expert was disclosed more than 90 days before trial). Reopening discovery at this late point in time will disrupt the trial, now set for November 17, 2011 and which has already been delayed by almost

one year, of a matter that has been pending for approximately three years and affects other parties in addition to Trujillo.  The Court will overrule Trujillo's objection to the Special Master's order denying her request to name an expert.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**