IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
        Plaintiff,
      v.                                No. Civ. 66-06639 MV/WPL

R. LEE AAMODT *et al.*,
        Defendants,
   and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
        Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Defendant Elisa Trujillo's Objections to Special Master's Order Granting Motion for Summary Judgment Regarding Claims of Elisa Trujillo under Sub-file 43319 (Doc. No. 6936, filed March 18, 2010) and on the State of New Mexico's Motion for Summary Judgment Regarding the Claims of Elisa Trujillo Under Subfile PM-43319 (Doc. No. 6824, filed November 6, 2009). For the reasons stated below, the Court will **OVERRULE** Trujillo's Objections and **GRANT** the State's Motion for Summary Judgment.

**Procedural Background**

      On March 15, 1985, the State Engineer approved an application, filed by Trujillo's predecessor-in-interest, to appropriate underground waters in accordance with Section 72-12-1 subject to the condition that use of water be limited to household, drinking and sanitary purposes with no irrigation of lawns, gardens or trees. (*See* Doc. Nos. 6845-1 and 6845-2, filed December

22, 2009).  The Court subsequently entered a procedural order for the adjudication of water rights associated with post-1982 wells.  (*See* Doc. No. 6239, filed June 14, 2007).  The procedural order instructed the State to identify and join post-1982 water rights claimants and to serve them with a copy of the Complaint, the Court's Order to Show Cause and a proposed domestic well order.  (*See id.*).  Claimants who agree with the proposed domestic well order were not required to respond, in which case the State would submit the proposed domestic well order to the Court for approval and filing, and forward a copy of the filed order to the claimant.  The Procedural Order required claimants who disagree with any element of the proposed domestic well order to request a consultation with the State to attempt to resolve their disagreement.  If the State and the claimant do not resolve the disagreement during the consultation period, the claimant must either (1) sign and accept the last offered consent order for their water right, or (2) file an answer with the Court.

The State served Trujillo with the Order to Show Cause and a proposed domestic well order that would allow her to use up to 0.5 acre-feet per year for indoor use only.  (*See* Motion for Summary Judgment at 1-2, Doc. No. 6824, filed November 6, 2009).  Trujillo and the State were unable to reach an agreement as to the terms of her proposed order.  (*See id.* at 2).  Trujillo then filed her answer.  (*See* Doc. No. 6679, filed May 18, 2009).

The State subsequently filed a motion for summary judgment seeking a judgment that Trujillo's water right is limited to indoor use only with the amount limited to 0.5 acre-feet per year. (Motion at 6-10).  The Special Master, after hearing oral arguments and allowing the parties to file supplemental briefs, entered an order granting the State's motion for summary judgment regarding Trujillo's claims.  (*See* Special Master's Order, Doc. No. 6917, filed February 26, 2010).  Trujillo then filed her Objections, now before the Court, to the Special Master's Order granting the State's motion for summary judgment.  Trujillo argues that the State's motion for summary judgment

should not be granted because the appropriate adjudication procedures have not been followed, the State has not met its initial burden for summary judgment, and granting the State's motion would violate her due process and equal protection rights.

## ADJUDICATION PROCEDURE

Trujillo argues that the Court cannot grant summary judgment in favor of the State because the appropriate adjudication procedures are not being followed.  Trujillo contends that: (1) the mandatory preconditions to entry of judgment have not been met; (2) the State is not adjudicating all the water rights in the basin simultaneously; (3) her water right should be based on the language in her permit; (4) granting summary judgment does not comply with the New Mexico adjudication statutes; and (5) the State has not met its burden of proof to forfeit a portion of her purported water right.

### Mandatory Preconditions and Simultaneous Adjudication

Trujillo contends that the "mandatory preconditions" to entry of judgment in this adjudication of water rights have not been met and, therefore, the Court does not have subject matter jurisdiction to enter a judgment.  (Objections at 2-5).  According to Trujillo, those mandatory preconditions are:  (1) the State Engineer must determine the quantity of groundwater in the basin, and (2) the State Engineer must identify and serve all claimants to the use of water in the basin.

Trujillo argues that N.M. Stat. Ann. § 72-4-15 requires that the State Engineer "must complete a hydrographic survey of the [Nambe-Pojoaque-Tesuque] Basin and determine the amount of unappropriated water" before the Court acquires subject matter jurisdiction.  (Objections at 3-4). N.M. Stat. Ann. § 72-4-15 provides:

> Upon the completion of the hydrographic survey of any stream system, the state engineer shall deliver a copy of so much thereof as may be necessary for the determination of all rights to the use of the waters of such system together with all

3

other data in his possession necessary for such determination, to the attorney general
of the state who shall, at the request of the state engineer, enter suit on behalf of the
state for the determination of all rights to the use of such water, in order that the
amount of unappropriated water subject to disposition by the state under the terms
of this chapter may become known, and shall diligently prosecute the same to a final
adjudication: provided, that if suit for the adjudication of such rights shall have been
begun by private parties, the attorney general shall not be required to bring suit:
provided, however, that the attorney general shall intervene in any suit for the
adjudication of rights to the use of water, on behalf of the state, if notified by the
state engineer that in his opinion the public interest requires such action.

Trujillo also argues that N.M. Stat. Ann. § 72-4-17 requires that all claimants shall be made

parties before the Court acquires subject matter jurisdiction.  (*See* Objections at 4).  N.M. Stat. Ann.

§ 72-4-17 provides in relevant part:

In any suit for the determination of a right to use the waters of any stream system,
all those whose claim to the use of such waters are of record and all other claimants,
so far as they can be ascertained, with reasonable diligence, shall be made parties.

Trujillo also argues that "the State Engineer must adjudicate all rights simultaneously,

including the Pueblos' rights."  (Objections at 5-6).  Her argument appears to be that her water right

cannot be adjudicated because the Pueblos' water rights have not yet been adjudicated.  (*See id.*).

Trujillo does not cite any legal authority that requires all water rights in a basin be adjudicated

simultaneously.  (*See id.*).

Trujillo's arguments are contrary to state law.  New Mexico's adjudication statutes do not

require that the State Engineer complete a hydrographic survey before an adjudication suit can be

filed and in fact indicate that a suit may be filed before the hydrographic survey is complete:

When any such suit has been filed the court shall, by its order duly entered, direct the
state engineer to make or furnish a complete hydrographic survey of such stream
system as hereinbefore provided in this article, in order to obtain all data necessary
to the determination of the rights involved.

N.M. Stat. Ann. § 72-4-17.  While N.M. Stat. Ann. § 72-4-17 requires that all claimants shall be

made parties, it does not require that all claimants be made parties before the Court begins

4

determining individual water rights.  The New Mexico Supreme Court has concluded that a step by step procedure that proceeds piecemeal to complete hydrographic surveys and to add parties but which eventually adjudicates all water rights within an entire stream system is in "substantial compliance with the requirements of the adjudication statutes, and [is] a reasonable and practical way to accomplish the desired purposes." *New Mexico v. Sharp*,  66 N.M. 192, 196-197 (1959). N.M. Stat. Ann. § 72-4-17 requires that hydrographic surveys be completed and all claimants be joined as parties before entry of the final decree.  *See id.* ("It is true that no *decree* declaring the priority, amount, purpose, periods and place of use . . . [of each water right] can be entered concerning the waters of the Roswell Artesian Basin until hydrographic surveys thereon have been completed and all parties impleaded") (*emphasis added*).

Finally, the Court has previously concluded that it has subject matter jurisdiction in this case because the United States is a plaintiff in this case.  (*See* Mem. Op. and Order at 11, Doc. No. 7579, filed March 30, 2012).  "28 U.S.C. § 1345 grants broad jurisdictional power to the district courts over suits when the United States is plaintiff." *U.S. v. Lahey Clinic Hospital, Inc.*, 399 F.3d 1, 9 (1st Cir. 2005). The statute provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.  "Section 1345 creates subject matter jurisdiction." *U.S. v. Lahey Clinic Hospital, Inc.*, 399 F.3d at 9.

## Method of Adjudicating Water Rights

Trujillo contends that the Court should determine her water right based on the language in her permit instead of solely on the amount of water beneficially used.  Trujillo argues that the "State's expert opinion is insufficient to dispossess [Trujillo] of her permitted right to use

5

groundwater" because the State "seeks to adjudicate [Trujillo's] groundwater rights by showing [her] actual domestic water use." (Objections at 9). Trujillo states that her "rights are determined by the state engineer's permit, court orders, hydrographic survey and beneficial use." (*Id.*). Trujillo also argues that her actual use of water "is irrelevant to the issue of [her] water right and right to pursue a water right because such rights are established by the permit issued by the state engineer to [Trujillo] and by the use by [her]." (*Id.* at 9-10).

Trujillo's contention that her water right should be determined by the language in her permit does not comport with New Mexico law. A permit is not a water right and Trujillo does not cite any authority, nor did the Court find any authority, for the proposition that a permit to appropriate water is a perfected property right. "A water permit is an inchoate right, and is the necessary first step in obtaining a water right. It is the authority to pursue a water right -- a conditional but unfulfilled promise on the part of the state to allow the permittee to one day apply the state's water in a particular place and to a specific beneficial use under conditions where the rights of other appropriators will not be impaired." *Hanson v. Turney*, 136 N.M. 1, 3 (Ct. App. 2004) (language in New Mexico water statutes "is compelling evidence that the legislature did not intend to allow permit holders who had not yet applied any water to beneficial use to be considered owners of a water right"); *see also* N.M. Stat. Ann. § 72-12-8 (distinguishing an "owner of a water right" from a "holder of a permit").

Both the New Mexico Constitution and the New Mexico Water Code state: "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." N.M. Const. Art. XVI, § 3; N.M. Stat. Ann. § 72-1-2 (same). The concept of beneficial use "requires actual use for some purpose that is socially accepted as beneficial. An intended future use is not sufficient to establish beneficial use if the water is not put to actual use within a reasonable span of time." *New Mexico*

*v. McDermett*, 120 N.M. 327, 330 (Ct. App. 1995).  "For more than a century, [New Mexico] law

has been that a water right is perfected by the application of water to beneficial use."  *Hanson v.*

*Turney*, 136 N.M. 1, 3-4 (Ct. App. 2004).

The Court has previously addressed the issue of whether water rights for domestic wells in

New Mexico are limited to the quantity of water beneficially used, as opposed to the permit amount

of three acre-feet per year.  In the Zuni River Basin Adjudication the Court stated:

> New Mexico law is clear on the subject.  The constitutional provision and statutes
> . . . as well as abundant case law clearly state that beneficial use defines the extent
> of a water right.  This fundamental principle is applicable to all appropriations of
> public waters.  Only by applying water to beneficial use can an appropriator acquire
> a perfected right to that water.

*United States v. A & R Productions*, No. 01cv72, Doc. No. 733 at 4, filed June 15, 2006 (D.N.M.)

(Black, J.) (citations and quotation marks omitted).

**Summary Judgment**

Trujillo cites N.M. Stat. Ann. § 72-4-18 to support her contention that entry of an order

granting summary judgment is not in compliance with New Mexico's adjudication statutes.  (*See*

Objections at 10).  Trujillo misconstrues the relevant statute which provides that "In any suit

concerning water rights . . . the court *may* in its discretion submit any question of fact arising therein

to a jury, or may appoint a referee or referees to take testimony and report upon the rights of the

parties."  N.M. Stat. Ann. § 72-4-18 (*emphasis added*).  The statute does not preclude entry of an

order granting summary judgment.

**State's Burden to Prove Forfeiture**

Trujillo contends that the "burden of proof is on the State to prove forfeiture of 2.5 [acre-feet

per year] of Defendant's groundwater" stating that "to the extent that Plaintiff seeks to reduce

Defendant's permitted groundwater use . . . the procedure is set forth in § 72-12-8 NMSA."

(Objections at 6).  Section 72-12-8 provides that when the owner of a water right or holder of a permit fails to beneficially use the water, the water right may, under certain circumstances, be forfeited.

This case is a water rights adjudication, the purpose of which is to determine the rights to use water and to declare as to the rights adjudged to each party, the priority, amount, purpose, periods and place of use of that water.  *See* N.M. Stat. Ann. §§72-4-15 and 72-4-19.  It is not a forfeiture proceeding.  New Mexico's forfeiture statute, N.M. Stat. Ann. § 72-12-8, is not relevant to the Court's determination of Trujillo's water right.

## SUMMARY JUDGMENT

Trujillo contends that summary judgment is precluded because:  (1) the State did not make a *prima facie* showing of all the elements of her water right as required by New Mexico's adjudication statutes, and (2) there is a genuine issue of material fact as to the amount of water Trujillo used under her permit.  Trujillo also requests a hearing on her Objections.

**Prima Facie Showing Sufficient for Adjudication**

Trujillo argues that the State's "motion for summary judgment fails to make a prima facie showing of all the findings required by § 72-4-19."  (Objections at 5).  N.M. Stat. Ann. § 72-4-19. requires that the final decree in this adjudication "shall in every case declare, as to the water right adjudged to each party, the priority, amount, purpose, periods and place of use . . . ."

The State's motion only addresses the amount of Trujillo's water right.  The State asserts that its motion does not make a *prima facie* showing of all the elements of Trujillo's water right because Trujillo "had already stipulated to all the other elements of her water right in the proposed Pretrial Order submitted to the Special Master."  (Response at 4).  Trujillo does not dispute the State's assertion that Trujillo had already stipulated to all the other elements of her water right.  (*See* Reply,

8

Doc. No. 6958, filed April 19, 2010).

**Fact Issue**

Trujillo argues that there is a fact issue as to the amount of water used under the permit which precludes summary judgment. The State contends that Trujillo's water right amount should be limited to 0.5 acre-feet per year. Trujillo contends that her water right amount should be 3.0 acre-feet per year.

The State's proposed limit of 0.5 acre-feet per year is based on the Court's Order to Show Cause. (*See* Doc. No. 6194, filed December 11, 2006. After the State Engineer issued a number of permits for domestic wells ("post-1982 wells") which are limited to indoor use only, the State moved the Court to order all defendants with claims to water rights under the Domestic Well Statute to show cause why their water right quantity should not be adjudicated as 0.5 acre-feet per year consistent with the terms of the defendant's domestic well permit. (*See* State's Application for Order to Show Cause, Doc. 6186, filed November 1, 2006). The State argued that the quantity of water beneficially used from a domestic well when water from that well can be used for both indoor and outdoor purposes, is typically on the order of 0.5 acre-feet per year state-wide, or substantially less. (*See id.*). The State pointed to the Water Master Report filed in this case which includes meter readings for over 300 post-1982 domestic wells. (*See* Doc. No. 6127, filed April 25, 2005). The owners of the wells in the Water Master Report had entered into a settlement agreement which allowed them to divert 0.7 acre-feet per year for both indoor and outdoor use of water. The meter records for those wells showed an average use of 0.3 acre-feet per year. (*See* Doc. No. 6186 at 3). Because there were no objections to the State's motion and for good cause shown, the Court ordered claimants of unadjudicated water rights under post-1982 well permits to show cause why the water right quantity for post-1982 well permits should not be adjudicated as 0.5 acre-feet per year

consistent with the terms of the domestic well permit.  (*See* Doc. No. 6194, filed December 11, 2006).

Trujillo argues that there is a fact issue as to the amount of water used under the permit which precludes summary judgment.  Trujillo presents an affidavit by her mother in which she states that she did not know about the restriction on irrigation and that she and Trujillo have irrigated the property continuously since 1988.  (*See* Response Exhibit, Doc. No. 6845-3).  Trujillo's mother's affidavit does not quantify the amount of water used indoors or outdoors.

Trujillo has not established a genuine issue of material fact precluding summary judgment on the amount of her water right.  The Court ordered Trujillo to show cause why her water right should not be adjudicated as (1) 0.5 acre-feet per year, and (2) consistent with the terms of her domestic well permit.  The affidavit submitted by Trujillo fails to demonstrate a fact issue for two reasons.  First, because the affidavit does not quantify the amount of water used indoors, it does not show that she has beneficially used more than 0.5 acre-feet per year.  Second, the statement in the affidavit that Trujillo and her mother irrigated the property is unavailing because Trujillo's permit does not permit any irrigation.  (*See* Response Exhibit, Doc. No. 6845-1).  Illegal use of water does not create a water right because the "statutory manner of securing such rights is exclusive." *New Mexico v. Dority*, 55 N.M. 12, 19 (1950).

**Request for a Hearing**

Trujillo requests a hearing on her Objections to the Special Master's Order.  (*See* Objections at 10).  Trujillo asserts that she is entitled to a meaningful opportunity to present evidence and cites N.M. Admin. Code § 19.25.2.1 and N.M. Stat. Ann. § 72-4-19 for the proposition that she "has a right to a hearing on the merits of all rights involved" and "should be afforded a trial on the merits." (Objections at 4-5).  N.M. Admin. Code § 19.25.2.1 *et seq.* govern the conduct of administrative

hearings before the State Engineer.  N.M. Stat. Ann. § 72-4-19 specifies the contents of the final

decree.  Neither N.M. Admin. Code § 19.25.2.1 nor N.M. Stat. Ann. § 72-4-19 require that Trujillo

be afforded a trial on the merits of her water right in this case.  *See Berry v. T-Mobile USA, Inc.*, 490

F3d. 1211, 1216 (10th Cir. 2007) (purpose of summary judgment is to evaluate whether a hearing

is necessary).

The Court has reviewed her Objections and briefs and understands her arguments, but does

not believe that a hearing is warranted.  *See Commissariat À L'Energie Atomique v. Samsung

Electronics Co.*, 245 F.R.D. 177, 179 (D. Del. 2007) ("The plain language of Rule 53 shows that the

review of a Special Master's decision requires the court to make a *de novo determination*, not

conduct a *de novo hearing*") (*emphasis in original*).  Trujillo's request for a hearing is denied.

### THE 1983 ORDER, DUE PROCESS AND EQUAL PROTECTION

Trujillo argues that the indoor-use only condition in her domestic well permit, which is a

result of the Court's Order of January 13, 1983, will cause her to be denied due process and equal

protection of the law.  The Court has previously considered the validity of the indoor-use only

condition and whether the State's conditioning approval of Trujillo's permit on indoor use only was

unconstitutional.

On January 13, 1983, the Court, after having heard oral argument, granted a motion for an

injunction and ordered that:

> no permits to appropriate underground waters shall be issued within the Rio
> Pojoaque stream system under Section 72-12-1, N.M.S.A. 1978.  Permits may issue
> limited to the use of water for household, drinking and sanitary purposes within a
> closed water system that returns effluent below the surface of the ground minimizing
> and [sic] consumptive use of water.  All subject to further order of the court.

(Doc. No. 641) (Mechem, S.J.) ("1983 Order").  Two years later, on March 15, 1985, the State

Engineer issued Trujillo's predecessor-in-interest a domestic well permit.  (*See* Doc. No. 7403-1,

filed June 16, 2011).  The State Engineer approved the permit subject to the following condition:

> Use shall be limited strictly to household and/or drinking and sanitary purposes; water shall be conveyed from the well to the place of use in closed conduit and the effluent returned to the underground so that it will not appear on the surface.  No irrigation of lawns, gardens, trees or use in any type of pool or pond is authorized under this permit.

(Doc. Nos. 7403-1 and -2, filed June 16, 2011).

In her Objections now before the Court, Trujillo contends that the 1983 Order is "not controlling." (Objections at 7).  Trujillo asserts that New Mexico's domestic well statute entitles her to divert 3.0 acre-feet of groundwater per year.  She concludes that granting summary judgment on her water right claim for an amount less than 3.0 acre-feet per year would violate her due process and equal protection rights.  (*See* Objections at 10).

Prior to filing her Objections, Trujillo filed a motion seeking relief from the 1983 Order pursuant to Fed. R. Civ. P. 60(b)(4) which provides that the court may relieve a party from a final judgment if the judgment is void.  (*See* Trujillo's Motion for Relief from Order, Doc. No. 6914, filed February 22, 2010).  In her motion, Trujillo argued that she had a statutory entitlement to divert 3.0 acre-feet of water per year and that the 1983 Order deprived her of a property right without due process and that the Court lacked subject matter jurisdiction to enter the 1983 Order.  The Special Master recommended that the Court deny Trujillo's motion for relief from the 1983 Order.  (*See* Doc. No. 7011, filed June 29, 2010).  Trujillo objected to the Special Master's recommendation. (*See* Doc. No. 7020, filed July 15, 2010).  The Court overruled Trujillo's objection and denied her motion for relief on the grounds that the 1983 Order is not a final order.  (*See* Doc. No. 7398, filed June 2, 2011).

Trujillo then filed a motion to quash the 1983 Order.  (*See* Doc. No. 7403, filed June 16, 2011).  In her motion to quash, Trujillo repeated her contention that New Mexico's domestic well

statute entitles her to divert 3.0 acre-feet of water per year and that the 1983 Order limiting her to indoor use of water only deprives her of a property right without due process of law.  She also argued that the 1983 Order deprives her of equal protection of the law because the State Engineer restricted her permit to indoor use only but allowed the Pueblos to use domestic well water without restriction.  The Court denied Trujillo's motion to quash the 1983 Order after concluding that: (1) she was not statutorily entitled to a certain amount of water under the domestic well statute, (2) she had not demonstrated that the 1983 Order should be vacated on due process or equal protection grounds, and (3) the Court has subject matter jurisdiction because the United States is a plaintiff in this case.  (*See* Mem. Op. and Order, Doc. No. 7579, filed March 30, 2012).

**CONCLUSION**

The Court concludes that the adjudication of Trujillo's domestic well water right claim is consistent with adjudication statutes, that the permit condition arising from the Court's 1983 Order limiting her to indoor water use only does not cause her to be denied due process and equal protection of the law, and that Trujillo has not shown that there is a genuine issue of material fact regarding whether she has beneficially used more than 0.5 acre-feet of water per year indoors.  The Court will **OVERRULE** Trujillo's Objections and **GRANT** the State's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2012.

**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

13