IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
        Plaintiff,

v.                                                              No. Civ. 66-6639 MV/WPL

R. LEE AAMODT *et al.*,
        Defendants,

and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
        Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Trujillo's Motion for Reconsideration (Doc. No. 7775, filed October 1, 2012).[1] For the reasons stated below, the Court will **DENY** the Motion.

**Procedural Background**

On January 13, 1983, the Court, after having heard oral argument, granted a motion by the United States and the four Pueblos for an injunction and ordered that:

> no permits to appropriate underground waters shall be issued within the Rio Pojoaque stream system under Section 72-12-1, N.M.S.A. 1978. Permits may issue

---

[1] Trujillo's counsel filed a notice of completion advising the Court that the Motion is fully briefed but did not identify all related filings. (*See* Doc. No. 7782, filed October 30, 2012). The District of New Mexico's Local Rules require that "Upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number." D.N.M.LR-Civ. 7.4(e). The Local Rules are available on the Court's website at www.nmcourt.fed.us.

> limited to the use of water for household, drinking and sanitary purposes within a closed water system that returns effluent below the surface of the ground minimizing and [sic] consumptive use of water. All subject to further order of the court.

(Doc. No. 641) (Mechem, S.J.) ("1983 Order").

Two years later, on March 15, 1985, the State Engineer issued Trujillo's predecessor-in-interest a domestic well permit. (*See* Doc. No. 7403-1, filed June 16, 2011). The State Engineer approved the permit subject to the following condition:

> Use shall be limited strictly to household and/or drinking and sanitary purposes; water shall be conveyed from the well to the place of use in closed conduit and the effluent returned to the underground so that it will not appear on the surface. No irrigation of lawns, gardens, trees or use in any type of pool or pond is authorized under this permit.

(Ex. 2A and 2B, Doc. No. 7403-1 and -2, filed June 16, 2011).

On June 14, 2007, the Court entered a procedural order for the adjudication of water rights associated with post-1982 wells. (*See* Doc. 6239). Pursuant to the procedural order, the State of New Mexico ("State") served Trujillo with the Court's Order to Show Cause, if any, why her water right under a post-1982 domestic well permit should not be adjudicated in the quantity of 0.5 acre-feet per year and why her water right should not otherwise be adjudicated consistent with the terms of her well permit. (*See* Doc. 6194, filed December 11, 2006). The State also served Trujillo with a proposed domestic well order that would allow Trujillo to use up to 0.5 acre-feet per year for indoor use only. (*See* Doc. No. 6824, filed November 6, 2009). After the State and Trujillo were unable to reach an agreement as to the terms of the proposed order, the State filed a motion for summary judgment seeking an order that Trujillo's water right is limited to indoor use only with the amount limited to 0.5 acre-feet per year. (*See* Doc. No. 6824 at 6-10, filed November 6, 2009). The Special Master, after hearing oral arguments and allowing the parties to file supplemental briefs, entered an order granting the State's motion for summary judgment. (*See* Doc. No. 6917, filed

February 26, 2010). Trujillo then filed her objections to the Special Master's Order granting the State's motion for summary judgment. (*See* Doc. No. 6936, filed March 18, 2010). The Court overruled Trujillo's objections and granted the State's motion for summary judgment that would allow Trujillo to use up to 0.5 acre-feet of water per year for indoor use only. (*See* Doc. 7757, filed September 20, 2012).

**Discussion**

In her Motion now before the Court, Trujillo asks the Court to reconsider it Memorandum Opinion and Order (Doc. 7757, filed September 20, 2012) granting the State's motion for summary judgment. Although the Court has the power to revisit its prior decisions, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)(citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

Trujillo asks the Court to reconsider its Memorandum Opinion and Order granting the State's motion for summary judgment that allows Trujillo to use up to 0.5 acre-feet of water per year for indoor use only. Trujillo notes that the restriction of 0.5 acre-feet per year for indoor use only is based on the preliminary injunction in the Court's 1983 Order. Trujillo argues that her water right

should include an amount for noncommercial irrigation, because the State "has abandoned its request for a permanent injunction against the use of domestic well water for non-commercial irrigation." (Motion at 3). To support her argument, Trujillo contends that: (1) the State has offered no evidence that use of domestic well water causes irreparable harm to the Pueblos' water rights, because the State does not possess such evidence; (2) the indoor use restriction is against public policy, because the property value and cultural damages resulting from her "inability to irrigate her property with her domestic well outweighs any damages to the [State and the Pueblos] if the permanent injunction is issued;" and (3) the restriction against outdoor use of water by non-Pueblo domestic well owners is not applied to the Pueblos, and "[s]uch an unequal arrangement creates resentment that is not in the public's best interest." (Motion at 4-6).

Before addressing the merits of Trujillo's motion to reconsider, the Court will clarify the relevant injunctive relief in this case. In 1983, the Court entered a *preliminary* injunction which allowed the State Engineer to issue domestic well permits for indoor use only. (*See* Doc. No. 641, quoted above, (Mechem, S.J.)). That preliminary injunction remains in effect. In her motion to reconsider, Trujillo asserts the State "has abandoned its request for a *permanent* injunction against the use of domestic well water for non-commercial irrigation." (Motion at 3)(*emphasis added*). The State has not requested a *permanent* injunction. The Court has not entered a permanent injunction in this case and there is no pending motion for a permanent injunction before the Court. The only injunction in this case the preliminary injunction entered in 1983.

The Court will deny Trujillo's motion to reconsider because Trujillo has not shown there are any grounds warranting a motion to reconsider. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Trujillo has not pointed to any intervening change in the controlling law. Nor has she identified any new evidence that was previously unavailable. Trujillo only argues that

4

the State has abandoned its request for a permanent injunction, and that a permanent injunction is not warranted because the indoor use restriction is against public policy and against the public's best interest. Neither the State nor any other party has requested that the Court issue a permanent injunction. Trujillo's arguments oppose a nonexistent request and, consequently, do not demonstrate the need to correct clear error or prevent manifest injustice.

Furthermore, granting Trujillo's request, that the Court adjudge her the right to divert "the 3.0 [acre-feet per year] amount permitted by the Office of the State Engineer's permit" and for outdoor use, would be contrary to state law. (Motion at 2). Trujillo contends the Court should adjudge her the right to use 3.0 acre-feet of water per year as reflected in her permit. However, New Mexico law is clear that a water right is based on the amount of water beneficially used, not on the amount permitted. The Court has previously addressed the issue of whether water rights for domestic wells in New Mexico are limited to the quantity of water beneficially used, as opposed to the permit amount of three acre-feet per year. In the Zuni River Basin Adjudication the Court stated:

> New Mexico law is clear on the subject. The constitutional provision and statutes . . . as well as abundant case law clearly state that beneficial use defines the extent of a water right. This fundamental principle is applicable to all appropriations of public waters. Only by applying water to beneficial use can an appropriator acquire a perfected right to that water.

*United States v. A & R Productions*, No. 01cv72, Doc. No. 733 at 4, filed June 15, 2006 (D.N.M.) (Black, J.) (citations and quotation marks omitted); *see also* N.M. Const. Art. XVI, § 3 ("Beneficial use shall be the basis, the measure and the limit of the right to the use of water."); N.M. Stat. Ann. § 72-1-2. (same); *New Mexico v. McDermett*, 120 N.M. 327, 330 (Ct. App. 1995) (The concept of beneficial use "requires actual use for some purpose that is socially accepted as beneficial. An intended future use is not sufficient to establish beneficial use if the water is not put to actual use within a reasonable span of time."); *Hanson v. Turney*, 136 N.M. 1, 3-4 (Ct. App. 2004) ("For more

than a century, [New Mexico] law has been that a water right is perfected by the application of water to beneficial use."). Trujillo has not shown that she has benefically used more than 0.5 acre-feet of water per year indoors.

Trujillo also contends the Court should adjudge her the right to use water outdoors for irrigation. Trujillo alleged that she and her predecessor-in-interest have used water outdoors for irrigation. Her permit, however, did not allow any irrigation. The illegal use of water does not create a water right. *See New Mexico v. Dority*, 55 N.M. 12, 19 (1950).

The Court will deny Trujillo's Motion for Reconsideration because she has not shown any grounds warranting a motion to reconsider. Furthermore, there is no legal basis to grant Trujillo the right to use water outdoors or in an amount greater than 0.5 acre-feet per year.

**IT IS SO ORDERED.**

Dated this __17__ day of __April__, 2013.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE