# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
        Plaintiff,

     v.                                                                                                  No. Civ. 66-6639 MV/WPL

R. LEE AAMODT *et al.*,
        Defendants,

   and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
        Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Objections to the Special Master's Order Denying, in part, Defendant Arsenio Trujillo's Discovery Requests, Subfile PM-67833. (Doc. No. 7858, filed March 5, 2013)("State's Objections"). For the reasons stated below, the Court **SUSTAINS** the State's Objections **in part**.

**Procedural Background**

The State of New Mexico ("State") and Defendant Arsenio Trujillo ("Trujillo") filed a Joint Status Report and Provisional Discovery Plan for the adjudication of Trujillo's domestic well water right. (*See* Doc. No. 7592, filed April 27, 2012). The Joint Status Report states: "Discovery will be needed on the following subjects: [Trujillo's] water use, water use generally, the history of the permitted domestic well right and the extent of any other water rights associated with the property."

"Notwithstanding the scope of discovery he announced in the [Joint Status Report,] Trujillo propounded extensive and broad discovery . . . request [which] would have required [the State] to provide [nine separate categories of information] for all water diversions or wells located on Pueblo lands." (Special Master's Order Denying, in part, Defendant Arsenio Trujillo's Discovery Requests, Subfile PM-67833, Doc. No. 7852 at 3-4, filed February 13, 1013)("Special Master's Order").  The State objected to Trujillo's discovery requests as being overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  (*See* Special Master's Order at 4).

The Special Master held a teleconference on the discovery issues on February 6, 2013, and on February 13, 2013, entered his Order denying Trujillo's discovery requests in part.  (*See* Special Master's Order at 4-5).  The Special Master allowed the depositions of three witnesses to proceed after noting that the State "has not articulated any reasons why the depositions of those witnesses, sought by Defendant Trujillo, should not proceed." (Special Master's Order at 8).

The State filed objections to the Special Master's Order which are now before the Court. The State objects to the Special Master's Order "to the extent that it: 1) does not rule on the scope of discovery in a domestic well subfile proceeding; 2) requires that the depositions of Vince Chavez, Brian Gallegos and John Longworth proceed without the scope of discovery being defined; 3) delays ruling on the State's *Motions for Summary Judgment* until after those depositions take place; and 4) provides that all Defendants will have an opportunity to file supplemental responses to the State's *Motions for Summary Judgment*."  (State's Objections at 1-2).

Trujillo did not object to the Special Master's Order.  Instead, Trujillo filed a response to the State's objections.  (*See* Trujillo's Response, Doc. 7862, filed march 19, 2013).

**Scope of Discovery**

The Court disagrees with the State's characterization that the Special Master's Order "does not rule on the scope of discovery" but will sustain the State's Objection to the extent that the State seeks clarification of the scope of discovery. The Special Master concluded that Trujillo's discovery requests were not within the scope of allowable discovery and identified those requests as requiring the State to provide:

> for all water diversions or wells located on Pueblo lands within the Nambé-Pojoaque-Tesuque Basin, the following:
>
> 1) the State Engineer file number and/or adjudication file number for each well,
>
> 2) the name and address of every person or entity with an interest in the permit or water right, and the nature of their interest,
>
> 3) the name and address of every person or entity with an ownership interest in the place of use of each permit or water right,
>
> 4) the priority date of each permit or water right,
>
> 5) a specific description of the surface point of diversion for each permit or water right,
>
> 6) a specific description of each well location,
>
> 7) for each well identified, a date of drilling, its depth, the depth of water measured at completion, the present depth to water, and the amount of water currently produced, including instantaneous pumping rate and total annual production,
>
> 8) a specific description of the permitted or adjudicated place of use,
>
> 9) for every surface point of diversion, the maximum flow capacity of the diversion structures and the use of water.

(Special Master's Order at 3-4). The Special Master stated that "Trujillo has not shown either a factual or a legal nexus between the discovery he seeks . . . and his claimed right to use more than .5 acre feet per annum from his domestic well, or the conditions of his domestic well permit."

(Special Master's Order at 6-7)(referring to, but not citing, the Court's Notice and Order to Show Cause, Doc. 6194, filed December 11, 2006). Instead, "Trujillo's discovery requests are, by his own admission, aimed instead at mounting a collateral challenge to the Court's 1983 injunction limiting the issuance of groundwater permits." (Special Master's Order at 5-6). The Special Master noted that the "Court has rejected collateral attacks to the Court's injunction in the past" and briefly discussed the Court's previous ruling regarding the 1983 injunction. (Special Master's Order at 6).

Trujillo's response to the State's objections is not persuasive. Trujillo argues that "the hydrology of the basin in a water rights adjudication is always relevant or may lead to admissible information." (Trujillo's Response ¶ 4 at 2). Trujillo does not explain how the hydrology of the basin is relevant to the determination of his domestic well water right or how it may lead to admissible information. New Mexico law is clear that a water right is based on the amount of water beneficially used. *See* N.M. Const. Art. XVI, § 3 ("Beneficial use shall be the basis, the measure and the limit of the right to the use of water."); N.M. Stat. Ann. § 72-1-2. (same); *Hanson v. Turney*, 136 N.M. 1, 3-4 (Ct. App. 2004) ("For more than a century, [New Mexico] law has been that a water right is perfected by the application of water to beneficial use."). The nine categories of information listed in the previous paragraph do not relate to Trujillo's use of water and, consequently, are outside the scope of discovery.

Trujillo characterizes the State's objections as "seek[ing] a protective order on appeal without having applied for such an order before the special master." (Trujillo's Response ¶ 7 at 3). Trujillo mischaracterizes the record. The Special Master reported that the State objected to Trujillo's discovery requests as being overbroad and not reasonably calculated to lead to the discovery of admissible evidence. (*See* Special Master's Order at 4).

4

The scope of discovery for the adjudication of Trujillo's domestic well water right is limited to information regarding the use of water by Trujillo and his predecessors-in-interest. *See* N.M. Stat. Ann. § 72-4-19 (a decree adjudicating water rights shall "declare, as to the water right adjudged to each party, the priority, amount, purpose, periods and place of use").

**State's Request for General Order**

Within its Objections, the State asks the Court to "make an explicit ruling on the scope of discovery in a domestic well subfile proceeding, so that these overly broad discovery requests can not be repeated over and over again in every domestic well subfile proceeding." (Objections at 8-9). To support its request for a general ruling on the scope of discovery which would apply to all domestic well subfile proceedings, the State notes that Trujillo's counsel had made similar overly broad discovery requests for another defendant, which "is duplicative and burdensome to the State, wasteful of the Court's resources and should not be allowed." (Objectons at 8).

The Court will not, at this time, make a ruling regarding the scope of discovery applicable to all domestic well subfile proceedings. The State's request for such a ruling is not in the proper form for a motion because it does not cite authority in support of its request. *See* D.N.M.LR-Civ. 7.3(a). More importantly, because the request is contained within objections to a Special Master's Report regarding one defendant, as opposed to a motion served on all parties, other parties that may be affected by such a ruling will not have an opportunity to file a response opposing the State's request. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (courts depend on the adversarial process for sharpening the issues for decision thereby minimizing the risk of an improvident or ill-advised opinion). If the State wants a ruling regarding the scope of discovery applicable to all domestic well subfile proceedings, it should file a motion.

The Court advises Trujillo's counsel, Lorenzo Atencio, to heed the provisions in Rule 11 of the Federal Rules of Civil Procedure which, among other things, states that by presenting a pleading, motion or other paper to the Court, an attorney is representing that the document is not being presented for any improper purpose, the claims are warranted by existing law, and the factual contentions have evidentiary support. The matter currently before the Court is the determination of Trujillo's water right, yet, according to the Special Master, Trujillo admitted his discovery requests were aimed at mounting a collateral challenge to the Court's 1983 injunction. (*See* Special Master's Order at 5). The Court has previously denied a motion, filed by Trujillo's counsel, to quash the 1983 injunction. (*See* Doc. 7579, filed March 30, 2012). Filing an overbroad discovery request for information that is irrelevant to the adjudication of a domestic well water right in an attempt to challenge a previous ruling by the Court unreasonably causes the State to incur excess costs and attorneys' fees. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").

**Depositions**

The Special Master stated that the State "objects to the depositions of [John] Longworth, [Vincent] Chavez, and [Bryan] Gallegos, but has not articulated any reasons why the depositions of those witnesses, sought by Trujillo, should not proceed, other than raising scheduling concerns." (Special Master's Order at 8). The Special Master ordered that those depositions may proceed. The State asserts that the "Court should overrule the Special Master's Order, and order instead that until a finding on the scope of discovery in a domestic well subfile proceeding has been made, the depositions of Vince Chavez, Brian Gallegos and John Longworth not proceed." (Objections at 9).

Those depositions have not yet taken place. (*See* Trujillo's Unopposed Motion for Extension of Time to Take Depositions, Doc. No. 7869, filed April 17, 2013) (the Special Master has not yet ruled on the motion for an extension of time to take the depositions). Because the depositions have not yet taken place and because the Court has defined the scope of discovery, the Court will overrule the State's Objection regarding the depositions as moot.

**Motion for Summary Judgment**

Trujillo and the State agreed on December 14, 2012, as the deadline for both the completion of discovery and the filing of pretrial motions. (*See* Joint Status Report and Discovery Plan, Doc. 7694, filed May 29, 2012). The State filed a motion for summary judgment on Trujillo's claims on December 14, 2012. (*See* Doc. 7804). The dispute between Trujillo and the State has, however, delayed the completion of discovery. The Special Master ordered that Trujillo will be allowed to file a supplemental response to the State's motion for summary judgment after taking the depositions of Longworth, Chavez and Gallegos. (*See* Special Master's Order at 8). The State objects to that portion of the Special Master's Order which allows Trujillo to file a supplemental response contending that its motion for summary judgment is "ripe for disposition because no material facts are in dispute, and supplemental responses . . . are not warranted because [Trujillo has] not requested them, and no facts are in dispute." (Objections at 2).

The Court will overrule the State's Objection to that portion of the Special Master's Order which allows Trujillo to file a supplemental response. The dispute over the scope of discovery arose well before the December 14, 2012 deadline for the completion of discovery. (*See* Doc. 7800 at 2, filed December 7, 2012). Had there been no dispute regarding the scope of discovery, it appears that Trujillo could have taken those depositions and incorporated testimony from those depositions into his response to the State's motion for summary judgment. Now that the Court has resolved the

scope of discovery and is allowing Trujillo to take the depositions, fairness dictates that he be allowed to file a supplemental response to the State's motion for summary judgment. *See United States ex rel. The Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2013.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**