IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,
    Plaintiff,

    v.                                    No. Civ. 66-6639 MV/WPL

R. LEE AAMODT *et al.*,
    Defendants,

                                                  Subfile:    PM-67833

    and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,
    Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Objection to the Special Master's Order Granting Motion for Pretrial Order for Mediation [No. 7895] Regarding the Claims of Arsenio Trujillo under Subfile PM-67833 (Doc. 7898, filed June 29, 2013) and on the State of New Mexico's Motion to Strike Defendants Trujillo's, Habeeb's, Ortiz and Qintana's Response to the State's Objections to Special Master's Order for Mediation (Doc. 7917, filed August 8, 2013). For the reasons stated below, the Court will **SUSTAIN** the State's Objection (Doc. 7898) and **DENY** the State's Motion (Doc. 7917) as moot.

**Procedural Background**

Defendant Arsenio Trujillo filed a motion for an order requiring the State and Trujillo to participate in mediation. (Doc. 7863, filed March 21, 2013). Trujillo notes that the "high cost of

litigation . . . is becoming prohibitive" and that "mediation might avoid expensive trials and preserve judicial resources."

The State opposed Trujillo's motion for court-ordered mediation on the grounds that the parties are awaiting the Court's ruling on the State's motion for summary judgment and that entering into mediation before the Court rules on the dispositive motion would only incur additional expense to both Trujillo and the State. (Doc. 7866, filed April 4, 2013).

The Special Master, noting that mediation is consistent with the principles of judicial economy and federal policy encouraging settlements, granted Trujillo's motion for court-ordered mediation. (Doc. 7895, filed June 10, 2013).

The State filed the Objection now before the Court asserting: (1) no basis for compromise exists and both parties have reported that "the possibility of settlement in this matter is unlikely;" (2) the State's motion for summary judgment has been fully briefed and is currently pending; (3) the Court has ruled multiple times over the last four years against Trujillo's legal theory of the case; (4) the Special Master no longer has jurisdiction to rule on Trujillo's motion; and (5) proceedings involving water right matters are specifically excluded from Rule 16 settlement requirements by the District of New Mexico's Local Rules. (Doc. 7898 at 2).

Trujillo's Response to the State's Objection addresses the merits of Trujillo's claim and, except for a few sentences, does not address the State's Objection. (Doc. 7906, filed July 22, 2013).

The State also filed the Motion now before the Court to strike Trujillo's Response because it "does not address the issues raised by the State's Objection [and] consists almost entirely of extraneous and immaterial arguments interposed with false and unsupported allegations." (Doc. 7917 at 2).

**Discussion**

The Court may order mandatory mediation through the use of its inherent power to manage and control its calendar.  *See In re Atlantic Pipe Corp.*, 304 F.3d 135, 143-147 (1st Cir. 2002).  When exercising its inherent power, the Court must determine that the case is appropriate for mediation and any order for mediation must be crafted in a manner that preserves procedural fairness and shields objecting parties from undue burdens, for example by setting limits on the duration of the mediation and the expenses associated with mediation.  *See id.* (noting that an unsuccessful mediation will postpone the ultimate resolution of the case).

The Court will sustain the State's Objection to court-ordered mediation based on the State's assertion that settlement is unlikely and to shield both parties from undue expenses.  The Court recently granted Trujillo's request to conduct additional discovery (Doc. 7905, filed July 22, 2013), denied the State's pending motion for summary judgment on Trujillo's claim without prejudice and granted the State leave to file a revised motion for summary judgment after the completion of discovery to allow both parties to address information obtained during the additional discovery.  (*See* Doc. 7951, filed August 26, 2013).  The Court will not order mandatory mediation at this time.  If Trujillo's claim is resolved when the Court rules on the State's revised motion for summary judgment, there will be no need for mediation.  If Trujillo's claim is not resolved by the Court's ruling on the State's revised motion for summary judgment, Trujillo may renew his request for mandatory mediation.  The State's Objection is sustained.  Because it is sustaining the State's Objection, the Court will deny the State's Motion to strike Trujillo's response to the State's Objection as moot.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2013.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**