IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

       Plaintiff,

v.                                                  66cv06639 MV/WPL

R. LEE AAMODT *et al.*,

       Defendants,
  and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

       Plaintiffs-in-Intervention.

## ORDER

**THIS MATTER** comes before the Court on the Opposed Motion for Partial Stay of Proceeding *Nunc Pro Tunc* (Doc. 8336, filed March 31, 2014). For the reasons stated below, the Court will **DENY** the motion.

Settlement negotiations regarding the water rights of the Pueblos began in 2000 and resulted with a completed Settlement Agreement in 2006. On December 18, 2007, the Court entered an order establishing the procedure for approval of the Settlement Agreement. (Doc. 6282). That order provided that after notification of federal approval of the Settlement Agreement, or notification of completion of the process to address any required modifications of the Settlement Agreement, the Court would enter an order to show cause why the Court should not approve the Settlement Agreement. Parties objecting to the proposed Settlement Agreement would then have 90 days to file their objections.

On December 8, 2010, the Aamodt Litigation Settlement Act was enacted. Pub. L. No. 111-291 §§ 601 *et seq.*, 124 Stat. 3134. The Settlement Act authorizes the Settlement Agreement on the condition that the Court approves a partial final decree that sets forth the water rights and other rights to water to which the Pueblos are entitled under the Settlement Agreement and a final decree that sets forth the water rights for all parties to this case by September 15, 2017. Settlement Act §§ 621(a) and 623(a)(2)(G) and (H). If the final decrees are not approved by September 15, 2017, the Settlement Agreement will no longer be effective and any unexpended federal funds appropriated to carry out the activities authorized by the Act will be returned to the federal government. Settlement Act §§ 621(b)(1) and (3). The Settlement Act also authorizes the design and construction of a Regional Water System to distribute water to the Pueblos and the Santa Fe County Water Utility. Settlement Act § 611(a).

During 2011 and 2012, the Settlement Parties revised the Settlement Agreement to conform to the provisions in the Settlement Act. In October, 2013, the Settlement Parties notified the Court that conformed Settlement Agreement had been executed by the Settlement Parties. On December 6, 2013, the Court entered an order to show cause why the Court should not approve the Settlement Agreement. (Doc. 8035). Parties objecting to approval of the Settlement Agreement must "demonstrate that adoption and implementation of the Settlement Agreement and entry of the Partial Final Decree and Interim Administrative Order are not fair, adequate, reasonable, are not in the public interest, or are not consistent with applicable law." (Procedural Order at 5, Doc. 7310, filed February 9, 2011). The deadline for objections was April 7, 2014. Over 700 objections have been filed.

Defendants ask the Court to stay proceedings until the following documents regarding the Settlement Agreement are provided:

(i) The Joint Powers Agreement, including the authority and rules of operation of the County Water Authority;

(ii) The Water Master Rules required by Section 5.3 of the Settlement Agreement;

(iii) The Operating Agreement required by Section 612 Settlement Act;

(iv) The Environmental Impact Statement Published Record of Decision as required by Section 616 of the Settlement Act, including the engineering design of the Regional Water System; and,

(v) The easements required for the Regional Water System.

(Motion at 5-6). Defendants argue that without these documents, they are unable to determine the feasibility of the Regional Water System. (Motion at 6). Defendants' argument is not persuasive because the feasibility of the Regional Water System is not one of the criteria relevant to approval of the Settlement Agreement. Furthermore, the Settlement Act provides for the right to void the final decree if the Regional Water System is not substantially complete by June 30, 2024. Settlement Act § 623(e). If the final decree is void because the Regional Water System is not substantially complete by June 30, 2024, the Settlement Agreement will no longer be effective.

Defendants also argue that because the requested documents are not available, there is a "risk of erroneous deprivation of water rights," and make the conclusory allegation that approval of the Settlement Agreement could "potentially result in the loss of water rights and the loss of rights and immunities guaranteed by state law, depending on how the relevant agreements, rules, and reports are drafted and how the system is designed." (Motion at 7, 9). Section 3 of the Settlement Agreement sets forth the non-Pueblo water rights. Defendants do not identify any provisions in the Settlement Agreement or the Settlement Act which would provide for

deprivation of the water rights set forth in the Settlement Agreement based on provisions in the requested documents.

Because Defendants have not shown that the requested documents are relevant to the determination of whether the Settlement Agreement is fair, adequate, reasonable, in the public interest, or consistent with applicable law, the Court will deny the motion for a stay of proceedings.

**IT IS SO ORDERED.**

_____
**WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE**