IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

        Plaintiff,

v.                                                     66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

        Defendants,
    and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

        Plaintiffs-in-Intervention.

## CASE MANAGEMENT AND SERVICE ORDER

**THIS MATTER** comes before the Court on the State of New Mexico, Santa Fe County and the City of Santa Fe's ("State/County/City") Joint Motion for Entry of Case Management and Service Order (Doc.9409) ("Joint Motion") and the United States' and Pueblos' Notice of Proposed Case Management Order (Doc. 9411) ("US/Pueblos' Proposed Order").  For the reasons stated below, the Court will **GRANT** the Joint Motion in part.

**Background**

On December 6, 2013, the Court entered its Order to Show Cause and Notice of Proceeding to Approve Settlement Agreement and Enter Proposed Partial Final Judgment and Decree on the Water Rights of the Pueblos of Tesuque, Pojoaque, Nambé, and San Ildefonso. (Doc. 8035) ("Order to Show Cause").  The Court ordered all persons claiming water rights in the Tesuque/Pojoaque/Nambé stream system to show cause why the Court should not approve

the Settlement Agreement and enter the proposed Partial Final Judgment and Decree adjudicating the Pueblos' water rights. The deadline for filing objections to the Settlement Agreement and Proposed Decree was April 2014. Approximately 800 objections have been filed.

The Order to Show Cause also directed the Settlement Parties to file a motion with a proposed case management order to address the objection process. Two proposed case management orders have been filed, one by the State of New Mexico, Santa Fe County and the City of Santa Fe (Doc. 9409), and one by the United States of America and the Pueblos of Tesuque, Pojoaque, Nambé, and San Ildefonso (Doc. 9411).

**Service of Filed Documents**

Both proposed case management orders state that this Order to Show Cause proceeding will require numerous and voluminous documents to be filed with the Court, that every filing must be served on every other party whether represented by counsel or not, that the Court is concerned that the cost of requiring every party to serve every filed document by mail on numerous unrepresented parties will unfairly impede the participation of all parties, that all parties represented by counsel and all unrepresented parties who have registered an email address with the Court will be electronically served with all electronically filed documents, and that many *pro se* parties have not registered an email address with the Court which means that those parties must be served by first class mail. Both proposed case management orders direct all unrepresented parties that have not registered their email addresses for electronic service to do so. The only parties exempted from the email registration requirement will be those who file a motion, granted by the Court, requesting relief from the email registration requirement and demonstrating a hardship in registering an email address/using the electronic service system.

Two groups of defendants filed responses to the proposed case management orders. (Doc's 9428 and 9430).  The first group of defendants "agree that service by email is preferable to mailing" and that the "plan to require *pro se* parties to provide an email where they can be served by the [Court's electronic system] will require time to accomplish."  (Doc. 9428 at 11). The response does not estimate the time required to accomplish email registration.  The response of the second group of defendants does not address the email service issue in the proposed case management orders.  (Doc. 9430).

The Court finds that service by mail of documents filed in the Order to Show Cause proceeding regarding approval of the Settlement Agreement to a large number of parties will burden the resources of the parties and the Court.  Having considered the proposed case management orders and the responses, the Court will order the following regarding service of filed documents.

**All unrepresented parties who have not registered their email address with the Court for electronic service of filed documents shall register an email address with the Court using the attached CM/ECF Pro Se Notification Form within 30 days of service of this Order.**  Unrepresented parties that wish to be exempted from this requirement must file, within 30 days of service of this Order, a notice with the Court, using the attached Notice of Hardship form, which demonstrates a hardship in registering an email address and using the electronic service system.  Unrepresented parties that are exempted from the email registration requirement must serve any documents they file with the Court on all other unrepresented parties exempted from the email registration requirement by first class mail.  Parties that do not register their email address or file a Notice of Hardship may not be served with filed documents.  Within 30 days after the deadline for filing Notices of Hardship, the State shall file a notice listing the

names and mailing addresses of all parties that have filed a Notice of Hardship.  All parties filing documents after the State enters its notice of parties that have filed a Notice of Hardship shall mail a copy of the filed documents to those parties listed on the State's notice.

All unrepresented parties who register their email address will be notified via email whenever a document is filed with the Court.  Those parties may view those documents using the public computer terminals at the United States Courthouses in Santa Fe and Albuquerque, or by signing up for the PACER (Public Access to Court Electronic Records) system:

> PACER Service Center
> P.O. Box 780549
> San Antonio, TX 78278
> Phone:  San Antonio:  (210) 301-6440; Outside of San Antonio: (800) 676-6856
> Email: pacer@psc.uscourts.gov
> Website: www.pacer.gov

**Case Management**

The State/County/City's proposed order directs the Settlement Parties to file a proposed identification and categorization of the issues raised by the objections with a cross-reference list identifying all individual objections and describing each basis asserted by the objections falling within a common category ("Proposed Categorization").  (Doc. 9409-1).  The Settlement Parties would submit a proposed second case management order.  Other parties would then have the opportunity to respond to the Proposed Categorization and the proposed second case management order, after which the Settlement Parties would file a reply.  Following the reply, the Court would hold a case management conference to address the Proposed Categorization and the proposed case management order.

The US/Pueblos' proposed order directs the Settlement Parties to file memoranda in support of the position that the Court should approve the Settlement Agreement and enter a Partial Final Decree at this time.  (Doc. 9411-1).  Those memoranda must not exceed 75 double-

spaced pages. Responses opposing approval of the Settlement Agreement and entry of a Partial Final Decree would be due 60 days later and must not exceed 75 double-spaced pages. Within 30 days of the deadline for filing responses, the Settlement Parties shall file replies, each not exceeding 30 double-spaced pages. The District Court Judge would then rule on the objections or direct the parties to develop a supplemental case management order to address any remaining issues.

One group of Defendants filed a response opposing the proposed case management orders. (Doc. 9428). Some of the arguments relate to the procedure in the proposed case management orders. The Defendants argue that they are allowed only 30 days after the filing of the initial briefs to file their responses, that the 30-day period is "prejudicially short," and request a 120-day period to respond. (Doc. 9428 at 3, 11). The remainder of the arguments are either incorrect or irrelevant. For example, Defendants' Response sets forth objections to approval of the Settlement Agreement. (Doc. 9438 at 5-7). The matter currently before the Court is to determine the procedure for addressing objections, not to address objections. Defendants also state that the proposed "case management provisions for having opposing parties pass judgment on the merits of Defendants' claims raises significant risk of erroneous deprivation of Defendants' property interests in groundwater for domestic use due to the conflict of interest inherent in the proposed case management orders." (Doc. 9428 at 3). The Court, not the Plaintiffs or Plaintiffs-in-Intervention, will make the determination of whether to approve the Settlement Agreement and enter a Partial Final Decree.

A second group of Defendants also filed a response opposing the proposed case management orders which sets forth three "threshold issues." (Doc. 9430). The first threshold issue is that the State lacks "authority to enter in to settlement agreement." (Doc. 9430 at 2-4).

The issue of the State's authority may be an objection to approval of the Settlement Agreement but it is not relevant to determining the procedure for addressing objections. The second threshold issue is the alleged lack of proper service. (Doc. 9430 at 4-5). The State filed an updated service list on December 2, 2013 (Doc. 8028). The updated service list was prepared from the State's current adjudication records, the electronic public records of the Office of the State Engineer, and the public records of irrigation districts, acequias and community ditches. In addition to mailing the Order to Show Cause to the persons on the updated service list, the State published the Order to Show Cause in English and Spanish in the Albuquerque Journal on January 3, 10, 17 and 24, 2014, posted the Order to Show Cause on the Office of the State Engineer's website, and posted the Order to Show Cause physically at the Office of the State Engineer, at the Santa Fe County Pojoaque Satellite Office and at the Utton Center in Albuquerque. Defendants make the conclusory allegation that service was not proper based on the fact that approximately 30 percent of the orders to show cause that were mailed to claimants were returned as undeliverable, but do not cite any authority demonstrating that service was legally insufficient. The third threshold issue, a request that Judge Vázquez disclose any potential conflicts with Settling Party City of Santa Fe, has already been addressed. (*See* Order of Recusal by District Judge Martha Vázquez, Doc. 9485, and Reassignment of this case to District Judge William P. Johnson, Doc. 9486).

      Having considered the proposed case management orders and the responses, the Court will order the following regarding case management.

      Within 90 days of entry of this Order, the Settlement Parties shall file memoranda in support of their position that the Court should approve the Settlement Agreement and enter the Partial Final Decree at this time. Any other parties that have responded to the Order to Show

Cause and have filed the form titled "Acceptances of Settlement Agreement and Notice of Domestic Well Election" may also file memoranda in support within 90 days of entry of this Order. The memoranda shall address each and every of the filed objections by category and state why any such category of objections should be overruled or dismissed at this time. Legal positions must be supported by legal authority; factual positions must be supported by materials which demonstrate that there are no disputed material facts at issue. Each memorandum must not exceed 75 double-spaced pages. All parties filing memoranda in support of approval of the Settlement Agreement are urged to consult among themselves and, where possible, avoid duplication of arguments and attachments.

Within 150 days of entry of this Order, all parties that have responded to the Order to Show Cause and have timely filed the form titled "Objection to Settlement Agreement and Proposed Partial Final Judgment and Decree on the Water Rights of the Pueblos of Tesuque, Pojoaque, Nambé and San Ildefonso, and Interim Administrative Order" may file responses to the memoranda in support of approval of the Settlement Agreement. Each response must describe the specific harm the Objectors would suffer by entry of the Partial Final Decree, address with specificity why approval of the Settlement Agreement and entry of the Partial Final Decree is "not fair, adequate, reasonable, is not in the public interest, or is not consistent with applicable law." (*See* Order at 4, Doc. 6282, filed December 18, 2007). Objectors should also describe with specificity which of the Settlement Parties' allegations are disputed, state why their objections should be sustained or not overruled at this time, support their legal positions with legal authority, and support factual positions with materials which demonstrate either that (1) the factual position at issue is not disputed or (2) further proceedings are required to address relevant factual matters. If any party filing a response asserts that additional procedures are required

7

before the Court addresses his/her objections to approval of the Settlement Agreement, those parties shall set forth those procedures and the reasons that those procedures are required. Legal positions must be supported by legal authority; factual positions must be supported by materials which demonstrate that there are no disputed material facts at issue. Each response must not exceed 75 double-spaced pages. All parties filing responses are urged to consult among themselves and, where possible, avoid duplication of arguments and attachments.

Within 180 days after entry of this Order, any party that filed a memorandum in support of approval of the Settlement Agreement may file a reply to the responses filed. Each reply must not exceed 30 double-spaced pages.

Discovery is not warranted at this time. Any party may present additional evidence in support of allegations of fact in the form of affidavits, deposition excerpts or other documents. The District of New Mexico's Local Rule of Civil Procedure 10.5, which limits exhibits to a total of 50 pages is waived. All parties are encouraged to limit their exhibits to those necessary for their briefs.

**Local Rule Waiver**

The portion of Local Rule 7.1(a) which requires that "[m]ovants must determine whether a motion is opposed, and a motion that omits recitation of a good-faith requrest for concurrence may be summarily denied" is waived.

**Change of Address**

All parties shall file a notice with the Court if there is any change in their mailing address or email address. D.N.M.LR-Civ. 83.6. Any party who does not maintain a current mailing address and whose mail is returned to the Court may be removed from the service list without further notice.

**Compliance with Rules of Civil Procedure**

All parties shall comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

**Representation of Corporation, Partnership or Business Entity other than a Natural Person**

A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court. D.N.M.LR-Civ. 83.7.

**Service of this Order**

The State shall serve a copy of this Order with the attached forms on all parties within 30 days of entry of this Order.

**IT IS SO ORDERED.**

_____
**WILLIAM P. LYNCH**
**UNITED STATES MAGISTRATE JUDGE**