IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

   Plaintiff,

v.                  No.   66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

   Defendants,
 and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

   Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PARTIAL STAY

**THIS MATTER** comes before the Court on the Atencio Group's Objection to Order Denying Motion for Partial Stay Nunc Pro Tunc (Doc. 9493, filed July 21, 2014). For the reasons stated below, the Court **OVERRULES** the Objection.

**Background**

On December 8, 2010, the Aamodt Litigation Settlement Act was enacted. Pub. L. No. 111-291 §§ 601 *et seq.*, 124 Stat. 3134. The Settlement Act authorizes the Settlement Agreement on the condition that the Court approves a partial final decree that sets forth the water rights and other rights to water to which the Pueblos are entitled under the Settlement Agreement and a final decree that sets forth the water rights for all parties to this case by September 15, 2017. Settlement Act §§ 621(a) and 623(a)(2)(G) and (H).

On December 6, 2013, the Court entered an order to show cause why the Court should

not approve the Settlement Agreement. (Doc. 8035). Parties objecting to approval of the Settlement Agreement must "demonstrate that adoption and implementation of the Settlement Agreement and entry of the Partial Final Decree and Interim Administrative Order are not fair, adequate, reasonable, are not in the public interest, or are not consistent with applicable law." (Procedural Order at 5, Doc. 7310, filed February 9, 2011). The deadline for objections was April 7, 2014. Over 700 objections have been filed.

Defendants asked the Court to stay proceedings until the following documents regarding the Settlement Agreement are provided:

(i) The Joint Powers Agreement, including the authority and rules of operation of the County Water Authority;

(ii) The Water Master Rules required by Section 5.3 of the Settlement Agreement;

(iii) The Operating Agreement required by Section 612 Settlement Act;

(iv) The Environmental Impact Statement Published Record of Decision as required by Section 616 of the Settlement Act, including the engineering design of the Regional Water System; and,

(v) The easements required for the Regional Water System.

(Doc. 8336, filed March 31, 2014). Defendants argued that because the requested documents are not available, there is a "risk of erroneous deprivation of water rights," and made the conclusory allegation that approval of the Settlement Agreement could "potentially result in the loss of water rights and the loss of rights and immunities guaranteed by state law, depending on how the relevant agreements, rules, and reports are drafted and how the system is designed." (Motion at 7, 9).

The Magistrate Judge's Order denying the motion for a temporary stay noted that

"Section 3 of the Settlement Agreement sets forth the non-Pueblo water rights. Defendants do not identify any provisions in the Settlement Agreement or the Settlement Act which would provide for deprivation of the water rights set forth in the Settlement Agreement based on provisions in the requested documents." (Doc. 9473 at 3-4). The Magistrate Judge denied the motion for a temporary stay "[b]ecause Defendants have not shown that the requested documents are relevant to the determination of whether the Settlement Agreement is fair, adequate, reasonable, in the public interest, or consistent with applicable law." (*Id.* at 4).

**Objection to Magistrate Judge's Order**

The Atencio Group objects to the Magistrate Judge's Order denying their motion for a partial stay, and asks the District Court to reverse the Magistrate Judge's Order and grant the motion for a partial stay. (Objection at 16). "Under 28 U.S.C. § 636(b)(1)(A) the district court must defer to the magistrate judge's ruling on nondispositive matters unless the ruling is clearly erroneous or contrary to the law. That is, the district court must affirm unless on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *Riviera Drilling and Exploration Co. v. Gunnison Energy Corp.*, 412 Fed.Appx. 89, 92-93 (10th Cir. 2011) (internal quotation marks and citations omitted).

The Atencio Group argues that the requested documents are relevant to determining whether the Settlement Agreement is fair, reasonable, adequate, in the public's interest and consistent with applicable law because their water rights will be directly affected by the rules in those documents. (Objection at 4-11). The Atencio Group asserts that "[o]nce the settlement agreement is approved, the Plaintiff Parties can draft all rules, regulations and procedures to their total benefit and with no duty to be fair to non-Indians or to be mindful of the non-Indians' rights, and the non-Indians will no longer be able to object." (Objection at 6-7). The Atencio

Group also asserts that they will be excluded from the rule-making process. (Objection at 5, 7).

In its Response, the State notes that "[t]he public, including objectors to the Settlement, will have full opportunity to participate in the promulgation of the water master rules, the [Environmental Impact Statement], the [Joint Powers Agreement], and the Operating Agreement through the public processes already required by law." (Doc. 9505 at 4-6). In their Response, the United States and the Pueblos of Nambé, San Ildefonso, Pojoaque and Tesuque also assert that the development of the requested documents will allow for public participation and review. (Doc. 9501 at 8-9). In its Reply, the Atencio Group states that "there is a strong probability that the Plaintiff parties will draft the subject rules and agreements arbitrarily to their benefit leaving Objectors powerless to amend the Settlement Agreement," and cites Section 5.3 of the Settlement Agreement which states the "State Engineer shall then promulgate the proposed rules pursuant to NMSA 1978 § 72-2-8, prior to entry of the Final Decree." (Doc. 9512). NMSA 1978 § 72-2-8 provides that to be effective, a regulation shall first be issued as a proposed regulation, made available for public inspection and published in not less than five newspapers of general circulation in the state, after which there will be a hearing "and any person who is or may be affected by the proposed regulation or code may appear and testify." The Atencio Group does not provide any legal authority disputing the assertions by the State, the United States and the Pueblos that the public will have the opportunity to participate in the development of the requested documents. (Doc. 9512).

The Atencio Group also contends that "the filing of objections to the settlement agreement by 792 objectors creates a de facto requirement that the regional water system be feasible and a real possibility." (Objection at 11-12). They argue that their decision on whether to accept the settlement agreement "turns on the feasibility of the regional water system." While

the feasibility of the regional water system may factor into some of the claimants' decision whether to accept the Settlement Agreement at this point in time, feasibility is not one of the criteria relevant to the approval of the Settlement Agreement; those criteria being whether "adoption and implementation of the Settlement Agreement and entry of the Partial Final Decree and Interim Administrative Order are not fair, adequate, reasonable, are not in the public interest, or are not consistent with applicable law." (Doc. 7310). Furthermore, as noted in the Magistrate Judge's Order denying the motion for a partial stay of proceedings, if the regional water system is not substantially complete by June 2024, the Settlement Agreement will no longer be effective.

The Atencio Group also contends that denial of the requested documents is not in the public interest because "[n]ot having the rules available before deciding whether to participate in the regional water system encourages nonparticipation." (Objection at 12). The Atencio Group then suggests that the Magistrate Judge's ruling does not foster judicial efficiency and is not consistent with the general policy of encouraging settlement. The Court disagrees. The Settlement Act provides that if the Court does not approve the final decree in this case by September 15, 2017, the Settlement Agreement will no longer be effective. Granting the motion for a partial stay until the requested documents are available would likely delay the entry of the final decree beyond September 15, 2017, and, therefore, could jeopardize the settlement.

The Atencio Group's final argument, that the "Requested Documents Are Not Consistent With the Applicable Law," is meritless on its face because the requested documents do not yet exist. (Objection at 13-15). Much of their final argument asserts that the Settlement Agreement is not consistent with applicable law, an assertion that may be appropriate for an objection to Court approval of the Settlement Agreement, but which is not relevant for determining whether the Magistrate Judge's ruling denying the motion for a partial stay is clearly erroneous.

The Court concludes that the Magistrate Judge's Order denying the motion for a partial stay is not clearly erroneous or contrary to applicable law and, therefore, must defer to the Magistrate Judge's ruling.

**THEREFORE, IT IS ORDERED** that the Atencio Group's Objection to Order Denying Motion for Partial Stay Nunc Pro Tunc (Doc. 9493, filed July 21, 2014) is **OVERRULED.**

_____
**UNITED STATES DISTRICT JUDGE**