**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO *ex rel.*
State Engineer,

        Plaintiff,

    v.                             66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

        Defendants,

    and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

        Plaintiffs-in-Intervention.

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR LEAVE TO FILE OBJECTION**

**THIS MATTER** comes before the Court on Heather and Terrence Nordquist's Motion
for Leave to File Objection (Doc. 9676, filed September 12, 2014). For the reasons stated below,
the Court **DENIES** the Motion.

In October, 2013, the Settlement Parties notified the Court that a conformed Settlement
Agreement had been executed by the Settlement Parties. On December 6, 2013, the Court
entered an order to show cause why the Court should not approve the Settlement Agreement.
(Doc. 8035). Parties objecting to approval of the Settlement Agreement must "demonstrate that
adoption and implementation of the Settlement Agreement and entry of the Partial Final Decree
and Interim Administrative Order are not fair, adequate, reasonable, are not in the public interest,
or are not consistent with applicable law." (Procedural Order at 5, Doc. 7310, filed February 9,
2011). The deadline for objections was April 7, 2014. Over 700 objections have been filed. On

August 8, 2014, the Court entered a case management order (Doc. 9506) which directed the Settlement Parties to file memoranda addressing each of the filed objections by November 8, 2014, and allows for responses and replies.

On September 12, 2014, approximately five months after the deadline for filing objections, the Nordquists filed a motion (Doc. 9676) for leave to file an objection.  Their motion states that they are new owners of surface and domestic well water rights, that they entered into a contract to purchase their home on April 4, 2014, that the closing date for the purchase was May 13, 2014, that the previous owners did not ask the Nordquists for their election regarding the proposed Settlement Agreement and entered an acceptance of the Settlement Agreement prior to the April deadline for filing objections.  The Nordquists also state that due to confusion regarding their water rights at the Office of the State Engineer, they were only able to complete the transfer of their water right into their name on September 9, 2014.  The Nordquists, who "were aware of the deadline for filing objections prior to the passing of that date," (Doc. 9856 at 1), seek leave to file an objection five months after the deadline "due to the extenuating circumstances of our home purchase," but do not cite any legal authority in support of their motion.  In their replies (Doc's 9810 and 9856) to the responses filed by the Pueblo of de San Ildefonso (Doc. 9794) and the State of New Mexico (Doc. 9813), the Nordquists provide additional information regarding the delay in completing the water rights transfer and make the conclusory allegation that denying their motion for leave to file an objection would deny them due process.

The Court denies the Norquists' motion.  The Nordquists completed the purchase of their home and the transfer of their water rights well after the deadline for filing objections.  They do not cite any legal authority to support their contention that the Court should allow them to file an

objection five months after the deadline or that failure to allow them to file an objection would deny them due process.  *See* Fed. R. Civ. P. 7(b)(1)(B) (a motion must "state with particularity the grounds for seeking the order"); D.N.M.LR-Civ. 7.3(a) (a motion "must cite authority in support of the legal positions advanced").  The Court has carefully considered the deadlines it has set in its orders, keeping in mind that the Settlement Agreement, if approved by the Court, will no longer be effective if the Court does not enter a final decree in this case by the September 15, 2017 deadline set by Congress.  *See*124 Stat. 3134 § 623.  Consequently, the Court will not modify those deadlines without a showing of good cause.

The Nordquists state that they "are not lawyers, nor are they privy to the dictionary definition of a motion or a filing or whatever the court wants to parse as a reason to deny due process to them."  Doc. 9856 at 3.  The Court has construed their filings liberally, but the Court cannot act as an advocate and make their arguments for them.  *See Yang v. Archuleta,* 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("Although we liberally construe *pro se* filings, we do not assume the role of advocate."); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994) (holding that *pro se* status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").

Despite moving the Court for leave to file an objection, the Nordquists, in their reply to the State's response, state "they would *not* like to file a new objection to the settlement, nor do they wish to further delay the court's actions in this matter, but instead wish to join a group of objector's [sic] already being represented in this matter with the objection that the Office of the State Engineer lacks the authority to settle this matter due to a violation of our constitutional separation of powers clause."  Doc. 9856 at 3-4 (*emphasis added*).  If other parties have timely filed an objection asserting that the Office of the State Engineer lacks authority to settle this

3

matter, then the Court will consider that objection.

Accordingly, for the reasons stated herein, Heather and Terrence Nordquist's Motion for Leave to File Objection (Doc. 9676, filed September 12, 2014) is **DENIED.**

**SO ORDERED**

_____

**UNITED STATES DISTRICT JUDGE**