IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

       Plaintiff,
v.                                                                                                  No. 66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

       Defendants,
and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

       Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER
## OVERRULING OBJECTION TO RECOMMENDATION OF SPECIAL MASTER
## ON MULTIPLE-USER DOMESTIC WELLS

**THIS MATTER** comes before the Court on the State of New Mexico's Objection to Recommendation of Special Master on Multiple-User Domestic Wells (Doc. 9677, filed September 15, 2014). For the reasons stated below, the Court **OVERRULES** the Objection.

On August 2, 2012, the Court entered a Procedural and Scheduling Order for the Adjudication of Water Rights for Domestic Wells, Including Pre-Basin Domestic Wells, Drilled or Permitted Prior to this Court's Order of January 13, 1983 (Doc. 7736) ("Procedural Order"). The Procedural Order required the State to serve owners of wells permitted prior to the Court's Order of January 13, 1983 ("Pre-Moratorium Wells") with a proposed Pre-Moratorium Domestic Well Order and a copy of the Court's Order to Show Cause (Doc. 7861, filed March 18, 2013). The Court's Order to Show Cause stated:

IT IS THEREFORE ORDERED THAT claimants of unadjudicated water rights under Pre-Moratorium Domestic Wells appear and show cause, if any:

1. Why the Respondent's water rights should not be adjudicated in the quantity of 0.7 acre feet per annum per household; and

2. Why the Respondent's water rights should not otherwise be adjudicated consistent with the terms of the domestic well permit.

Doc. 8761 at 2. Claimants who agree with all of the elements of the water rights as set out in the proposed Pre-Moratorium Domestic Well Order need not respond to the Order to Show Cause. No sooner than forty-five days after the service of the proposed Pre-Moratorium Domestic Well Order and Order to Show Cause, if the State has not received a Request for Consultation, the State submits the proposed Pre-Moratorium Domestic Well Order to the Special Master[1] for review and approval. The Special Master then forwards the proposed Pre-Moratorium Domestic Well Order to the Court for approval and filing.

On August 22, 2014, the Special Master filed his Recommendation on multiple-user domestic wells. Doc. 9540. The Special Master stated that the State "has tendered proposed forms of orders for various [Pre-Moratorium] domestic wells where, notwithstanding that the claimants have not objected to the proposed forms of orders, five or more users would be individually entitled to divert up to 0.7 acre-feet per year, but the well is limited to a total diversion of 3.0 acre feet per year." Doc. 9540 at 2. After ordering the State to brief certain issues associated with multiple-user domestic wells, the Special Master concluded that those "terms of the proposed orders make them inconsistent on their face" and recommended "that the Court reject any proposed form of order for a multiple user well where the total diversion amount to be adjudicated to the well is less than the sum of the diversion amounts to be allowed to the

---

[1]The Court appointed a Special Master to "hear and determine all claims and contentions of the parties . . . relating to . . . all the elements of state-law based domestic use rights to the underground waters of the stream system encompassed by this case." Doc. 6336 at 4.

individual users of the well.  Doc. 9540 at 2, 4-5.

The State filed its Objection, now before the Court, stating that the proposed forms of orders for multiple user wells are consistent with the Court's Order to Show Cause and are not inconsistent on their face.  Objection at 4.  The State attached to its Objection an example form of order for a multiple-user well for seven households which states:

> **Amount of water:**  Not to exceed a diversion and consumption of 0.7 acre feet per year per household, and not to exceed a total of 3.00 acre foot per year, unless a more restrictive diversion limit applies pursuant to court order, covenant or ordinance.

Doc. 9677-2 at 2.  The State notes that the limit per household derives from the Court's Order to Show Cause and concludes that the proposed form of order "unambiguously states that diversion and consumption may not exceed 3.00 acre feet per year,[2] measured by the amount used from the well, not from each individual household."  Objection at 5.

Without additional clarifying language, the proposed language regarding the amount of water is inconsistent.  The Court agrees that the language unambiguously limits the amount of water diverted by the well to 3.0 acre feet per year.   However, the language "Not to exceed a diversion and consumption of 0.7 acre feet per year per household" unambiguously allows that each household "may divert and consume up to 0.7 acre feet" per year.  Objection at 5.  In the case of this example with seven households, with each household diverting 0.7 acre feet per year, the total diversion would be 4.9 acre feet per year, or 0.5 acre feet per year greater than the amount permitted to be diverted from the well.  The "Amount of Water" provision in the proposed order sets two limits which, if all the households divert the total amount of water allowed, are inconsistent.  The State argues that the individual households "may divert and

---

[2] The 3.0 acre feet per year limit on the amount of water diverted by the well is based on the domestic well permit issued by the State and which was not before the Court when it granted the State's motion for the Order to Show Cause.  Objection at 4.

consume up to 0.7 acre feet per household, but in no event may the aggregate use of those households served by the well exceed 3.00 acre feet per year," and that the well permit issued by the State remarked that "Well will be shared among 7 or less condominium owners pursuant to provisions of property covenant."  Objection at 4-5.  While the State's argument appears to resolve the inconsistency, none of that argument/language is included in the proposed order.  Without such language, the proposed order is inconsistent.  The Court will not enter an order with inconsistent language.  *See Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1184 (10th Cir. 2009) ("Internally inconsistent findings constitute clear error"); *Johnson v. ABLT Trucking Co., Inc.*, 412 F.3d 1138, 1144 (10th Cir. 2005) ("When the jury provides answers that are irreconcilably inconsistent, the court cannot enter judgment without choosing between the conflicting findings of fact and thereby overturning one of them.").

**IT IS THEREFORE ORDERED** that the State of New Mexico's Objection to Recommendation of Special Master on Multiple-User Domestic Wells (Doc. 9677, filed September 15, 2014) is **OVERRULED.**

_____
**UNITED STATES DISTRICT JUDGE**