# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

   Plaintiff,

 v.            No.  66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

   Defendants,
 and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

   Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS FOR EXTENSION OF TIME AND
## MODIFICATION OF CASE MANAGEMENT ORDER

**THIS MATTER** comes before the Court on the Dunn Group Defendant-Objectors Motion for Extension of Time and Modification of Case Management Order (Doc. 9915, filed November 8, 2014) and the Atencio Group Defendant-Objectors Motion for Extension of Time and Modification of Case Management Order (Doc. 9916, filed November 10, 2014).  For the reasons stated below, the Court **DENIES** the Motions.

Over 700 objections opposing approval of the Settlement Agreement have been filed.  On August 8, 2014, the Court entered a case management order (Doc. 9506) which gave the settlement parties 90 days to file memoranda in support of their position that the Court should approve the Settlement Agreement.  The case management order also gave parties that filed objections 60 days to file responses, and the Settlement Parties 30 days to file replies.

On September 12, 2014, approximately five months after the deadline for filing objections, two individuals filed a motion (Doc. 9676) for leave to file an objection. The Court denied their motion to file a late objection and stated:

> The Court has carefully considered the deadlines it has set in its orders, keeping in mind that the Settlement Agreement, if approved by the Court, will no longer be effective if the Court does not enter a final decree in this case by the September 15, 2017 deadline set by Congress. *See* 124 Stat. 3134 § 623. Consequently, the Court will not modify those deadlines without a showing of good cause.

Doc. 9903 at 3, filed October 29, 2014.

A group of objectors represented by A. Blair Dunn ("the Dunn Group") filed a motion requesting at least 150 days from the filing of the memoranda in support to file their responses. Doc. 9915 at 2. The Dunn Group asserts that the current schedule "is unfair to objecting parties" noting that the objecting parties only get 60 days to file a response while the Settlement Parties were granted 90 days to file the memorandum in support of entry of the settlement and "get another bite at the apple after 30 days to file a reply."

The Court is not persuaded that the case management procedure is unfair, because it is similar to general motion practice: a motion with a memorandum in support is followed by a response, which in turn is followed by a reply. *See* D.N.M.LR-Civ. 7.4(a). The Court notes that it entered the case management order in response to motions filed by some of the Settlement Parties (Doc's 9409 and 9411, filed May 7, 2014). The Dunn Group filed a response opposing the motions on the grounds that there were threshold issues that should be resolved before entry of a case management order, but did not oppose the proposed schedule for filing memoranda, responses and replies. *See* Doc. 9430, filed May 21, 2014.

The Dunn Group also states that "there is proposed draft legislation for the upcoming New Mexico Legislative Session that directly impacts and would serve to clarify issues pending

before this Court," but does not describe the proposed legislation or identify which issues might be impacted by the proposed legislation.

A group of objectors represented by Lorenzo Atencio ("the Atencio Group") also filed a motion for an extension of time to file a response. *See* Doc. 9916, filed November 10, 2014. The Atencio Group asks the Court to extend the time to file responses until the Court rules on pending motions for summary judgment regarding three domestic well water rights, asserting that "the rulings may likely have an effect on the issues relating to the objections to the settlement agreement and having guidance on that very critical issue would promote judicial efficiency." The Atencio Group previously filed a response opposing the motions for a case management order and requested 120 days to file a response "in light of the huge disparity in resources." *See* Doc. 9428, filed May 21, 2014. The Atencio Group does not raise the resource disparity issue in its motion now before the Court.

As it previously stated, the Court has carefully considered the deadlines it has set in its orders and will not modify those deadlines without a showing of good cause. The Dunn Group unconvincingly asserts that the current schedule is unfair and speculates that proposed draft legislation might impact or clarify issues currently before the Court. Similarly, the Atencio Group suggests that the Court's upcoming rulings on pending motions for summary judgment might have an effect on issues relating to the objections. However, neither the Dunn Group nor the Atencio Group provides a persuasive discussion that the Court should modify the current briefing schedule.

Accordingly, for the reasons stated herein, the Dunn Group Defendant-Objectors Motion for Extension of Time and Modification of Case Management Order (Doc. 9915, filed November 8, 2014) and the Atencio Group Defendant-Objectors Motion for Extension of Time and

Modification of Case Management Order (Doc. 9916, filed November 10, 2014) are **DENIED.**

**SO ORDERED.**

_____

**UNITED STATES DISTRICT JUDGE**