IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

        Plaintiff,
v.                                                                  66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

        Defendants,
   and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

        Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** comes before the Court on Elmer Lee Waite's Motion to Appoint Counsel, Doc. 6336, filed June 30, 2008. For the reasons stated below, the Court will **DENY** the motion.

Mr. Waite's one-sentence motion states: "As I cannot afford counsel, I am requesting counsel be appointed for me in the case befor[e] the Court."

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 Fed.Appx. 863, 865 (10th Cir. 2001).

Although Mr. Waite does not indicate in his motion, it appears that he may be requesting

appointment of counsel to represent him regarding his water right claim and/or to represent him in objecting, Doc. 8317, filed March 26, 2014, to the Settlement Agreement and the proposed Final Judgment on the water rights of the Pueblos.  The issues regarding an individual's water rights claims are generally not complex.  *See* N.M. Stat. Ann. § 72-4-19 (elements of a water right include the priority, amount, purpose and place of water use).  Review of the docket shows that the majority of the several thousand[1] water rights claimants are proceeding *pro se*.  While the legal issues regarding the Settlement Agreement are more complex than those in a simple water rights claims, Mr. Waite has not demonstrated that he is unable to understand or present his arguments.  In fact, Mr. Waite has already presented his arguments in an objection, Doc. 8317, to the Settlement Agreement.  Many of the more than 700 parties that have objected to the Settlement Agreement are proceeding *pro se*.

Because civil litigants have no right to counsel and because Mr. Waite has not demonstrated any special circumstances warranting the appointment of counsel, the Court will deny his motion for appointment of counsel.

**IT IS ORDERED** that Elmer Lee Waite's Motion to Appoint Counsel, Doc. 6336, filed June 30, 2008, is **DENIED.**

_____
**WILLIAM P. LYNCH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See* Updated Service List as to All Known Water Rights Claimants, Doc. 8028, Ex. 1.