IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

       Plaintiff,

v.                                                                                   66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

       Defendants,
  and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

       Plaintiffs-in-Intervention.

**MEMORANDUM OPINION AND ORDER**
**OVERRULING OBJECTIONS TO SPECIAL MASTER'S ORDERS**

**THIS MATTER** comes before the Court on the Objections filed by Defendant Arsenio Trujillo (Doc. 8223, filed March 12, 2014), Defendant Mary Habeeb (Doc. 8233, filed March 13, 2014), and Defendants Melissa Ortiz and Darren Quintana (Doc. 8250, filed March 19, 2014).[1] For the reasons stated below, the Court **OVERRULES** the Objections.

**Background**

New Mexico state law provides that any person desiring to use underground water for irrigation of one acre or less of noncommercial trees, lawn, or garden, or for household or other domestic use shall file an application with the State Engineer. *See* N.M. STAT. ANN. § 72-12-1

---

[1] Defendants Trujillo, Habeeb, Ortiz and Quintana are represented by attorney Lorenzo Atencio and will be referred to collectively as the "Atencio Defendants."

("Domestic Well Statute").[2] "Upon the filing of each such application . . . the state engineer *shall* issue a permit to the applicant to so use the waters applied for." *Id.* (*emphasis added*).

On February 26, 1982, the United States and the four Pueblos ("Plaintiffs-in-Intervention") filed a motion seeking an injunction barring the State from issuing any well permits under the Domestic Well Statute. *See* Doc. 576. The Plaintiffs-in-Intervention argued that allowing additional withdrawals of groundwater would injure the senior water rights holders in the basin, unless the permits were restricted to indoor use only, which would result in very small consumptive use compared to irrigation of one acre. *See* Mem. In Support, Doc. No. 577, filed February 26, 1982. The State opposed the motion for an injunction arguing that the Plaintiffs-in-Intervention failed to prove that they will suffer irreparable injury because they did not show that they would not be able to divert water because of the possible new appropriations of water by domestic wells permitted during the pendency of this suit. *See* State's Response and Mem. in Support, Doc. Nos. 579 and 580, filed March 11, 1982.

On January 13, 1983, the Court, after having heard oral argument, granted the motion for an injunction and ordered that:

> no permits to appropriate underground waters shall be issued within the Rio Pojoaque stream system under Section 72-12-1, N.M.S.A. 1978. Permits may issue limited to the use of water for household, drinking and sanitary purposes within a closed water system that returns effluent below the surface of the ground minimizing and [sic] consumptive use of water. All subject to further order of the court.

Doc. No. 641 (Mechem, S.J.) ("Preliminary Injunction").

The State Engineer subsequently approved applications, filed by the Atencio Defendants or their predecessors-in-interest, to appropriate underground waters in accordance with Section

---

[2] In 2003, N.M. STAT. ANN. § 72-12-1 was revised with the provision regarding domestic well permits numbered as N.M. STAT. ANN. § 72-12-1.1.

72-12-1 subject to the condition that use of water be limited to household, drinking and sanitary purposes with no irrigation of lawns, gardens or trees. *See* Doc. 7989-1 at 4 (Trujillo); Doc. 7990-1 at 4 (Habeeb); Doc. 7991-1 (Ortiz and Quintana).

On June 14, 2007, the Court entered a procedural order for the adjudication of water rights associated with post-1982 wells. *See* Doc. 6239. Pursuant to the procedural order, the State of New Mexico ("State") served the Atencio Defendants with the Court's Order to Show Cause, if any, why their water right under a post-1982 domestic well permit should not be adjudicated in the quantity of 0.5 acre-feet per year and why their water right should not otherwise be adjudicated consistent with the terms of their well permit. *See* Doc. 6194, filed December 11, 2006. The State also served the Atencio Defendants with a proposed domestic well order.

After the State and the Atencio Defendants were unable to reach an agreement as to the terms of the proposed order, the Atencio Defendants filed three motions for summary judgment regarding their domestic well claims. *See* Doc's 7982, 7986, and 7987. Shortly afterward, the State of New Mexico filed cross-motions on those claims. *See* Doc's 7989-7991. Special Master Pierre Levy then entered Orders denying the Atencio Defendants' motions and granting the State's motions. *See* Doc's 8119, 8139, 8140.

The Atencio Defendants then filed the Objections now before the Court. They list up to nine specific objections[3] which relate to the following issues: (i) whether the Preliminary

---

[3] a. Defendants' right to use ground water for domestic uses is a perfected right;
b. Defendants' right to use 3.0 acre-feet per year for domestic uses is a vested property right;
c. Defendants have used and/or will use within a reasonable time, 3.0 acre-feet per year of water for domestic purposes;
d. The State Engineer must show impairment before he may curtail or reduce Defendants' right to use 3.0 acre-feet per year;
e. The preliminary injunction against outdoor use of the domestic well is clear error and should

Injunction should be quashed; (ii) whether a domestic well permit constitutes a perfected property right to use a certain amount of water; and (iii) whether the State Engineer may limit the amount of water available through a domestic well permit.

**Preliminary Injunction**

The Atencio Defendants object to the Special Master's Orders stating that "the preliminary injunction against outdoor use of the domestic well is clear error and should be quashed" because the "Court did not have proof of irreparable harm." The Atencio Defendants do not cite to any portion of the transcript of the hearing before the late U.S. District Judge Edwin L. Mechem to show that the Court did not have proof of irreparable harm.

Mr. Atencio has previously filed a Motion to Quash Preliminary Injunction, Doc. 7403, on behalf of another defendant. *See* Doc. 7403. The Court denied the motion to quash the preliminary injunction concluding that Mr. Atencio "has not shown that the [Preliminary Injunction] is clearly erroneous or results in manifest injustice." Doc. 7579 at 11. Although the Court has the power to revisit its prior decisions, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Industries Operating*

---

be quashed;
f. The reduction of Defendants' water rights from beneficial use of 3.0 to 0.5 acre-feet per year violates the Takings Clause;
g. The reduction of Defendants' water rights is a deprivation of property rights without Due Process;
h. The Legislature of New Mexico has identified a special class consisting of domestic water users for special treatment for purposes of administration of water rights;
i. The Legislature of New Mexico has granted any person, firm or corporation that applies for a permit pursuant to 72-12-1.1, underground public water for beneficial use, including water sufficient to irrigate up to one acre of trees, lawn and/or garden (If the water be available).

Doc. 8250 at 2-3.

*Corp.*, 486 U.S. 800, 817 (1988)(citation omitted); s*ee also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

**Domestic Well Permit/Vested Property Right**

The Atencio Defendants object to the Special Master's Orders arguing that their "right to use 3.0 acre-feet per year [are] vested property right[s]" and that they "have used and/or will use in a reasonable time, 3.0 [acre-feet per year] of water for domestic purposes."

The Court has previously addressed the issue of whether a domestic well permit constitutes a perfected property right to use a certain amount of water when it overruled objections filed by Mr. Atencio on behalf of another defendant:

> [Defendant]'s contention that her water right should be determined by the language in her permit does not comport with New Mexico law. A permit is not a water right and [Defendant] does not cite any authority, nor did the Court find any authority, for the proposition that a permit to appropriate water is a perfected property right. "A water permit is an inchoate right, and is the necessary first step in obtaining a water right. It is the authority to pursue a water right -- a conditional but unfulfilled promise on the part of the state to allow the permittee to one day apply the state's water in a particular place and to a specific beneficial use under conditions where the rights of other appropriators will not be impaired." *Hanson v. Turney*, 136 N.M. 1, 3 (Ct. App. 2004) (language in New Mexico water statutes "is compelling evidence that the legislature did not intend to allow permit holders who had not yet applied any water to beneficial use to be considered owners of a water right"); *see also* N.M. Stat. Ann. § 72-12-8 (distinguishing an "owner of a water right" from a "holder of a permit").
>
> Both the New Mexico Constitution and the New Mexico Water Code state: "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." N.M. Const. Art. XVI, § 3; N.M. Stat. Ann. § 72-1-2 (same). The concept of beneficial use "requires actual use for some purpose that is socially accepted as beneficial. An intended future use is not sufficient to establish beneficial use if the water is not put to actual use within a reasonable span of time." *New Mexico v. McDermett*, 120 N.M. 327, 330 (Ct. App. 1995). "For more than a century, [New Mexico] law has been that a water right is perfected by the application of water to beneficial use." *Hanson v. Turney*, 136 N.M. 1, 3-4 (Ct. App. 2004).

> The Court has previously addressed the issue of whether water rights for domestic wells in New Mexico are limited to the quantity of water beneficially used, as opposed to the permit amount of three acre-feet per year. In the Zuni River Basin Adjudication the Court stated:
>
>> New Mexico law is clear on the subject. The constitutional provision and statutes . . . as well as abundant case law clearly state that beneficial use defines the extent of a water right. This fundamental principle is applicable to all appropriations of public waters. Only by applying water to beneficial use can an appropriator acquire a perfected right to that water.
>
> *United States v. A & R Productions*, No. 01cv72, Doc. No. 733 at 4, filed June 15, 2006 (D.N.M.) (Black, J.) (citations and quotation marks omitted).

*State of New Mexico v. Aamodt*, No. Civ. 66-6639 MV/WPL, Doc. 7757 at 6-7, filed September 20, 2012 (D.N.M.) (Vázquez, J.). The New Mexico Court of Appeals recently reaffirmed that actual use of water is necessary to establish a water right stating: "To establish an existing water right, a claimant must demonstrate his intent to appropriate the water and he must show that he has actually diverted the water and applied it to beneficial use." *Dr. Nathan E. Boyd Estate v. United States*, 2015-NMCA-018, ¶ 13.

**Impairment Showing before Reducing Water Right/Taking without Due Process**

The Atencio Defendants object to the Special Master's Orders stating "the State Engineer must show impairment before he may curtail or reduce Defendant's right to use 3.0 [acre-feet per year]" and that the reduction of their water rights from 3.0 to 0.5 acre-feet per year is a taking without due process.

The Court has previously addressed the issue of whether the State Engineer may limit the amount of water available through a domestic well permit when it ruled on the Motion to Quash Preliminary Injunction, Doc. 7403, filed by Mr. Atencio. Previously, Mr. Atencio argued that the Domestic Well Statute entitled his client to the use of one acre-foot of water per year for irrigation. The Court summarized New Mexico water law based on its review of the New

Mexico Constitution, New Mexico Statutes, the New Mexico Administrative Code, and New Mexico case law. *See* Mem. Op. and Order at 3-5 Doc. 7579 (Vázquez, J.). New Mexico water law allows the Court to impose limits on permits issued by the State pursuant to the Domestic Well Statute:

> The New Mexico legislature has granted the State Engineer broad powers to implement and enforce the water laws administered by him. *See Lion's Gate Water v. D'Antonio*, 2009-NMSC-057, ¶ 24. Under New Mexico's water code, the "State engineer may adopt regulations and codes to implement and enforce any provision of law administered by him . . . . this provision is to be liberally construed." N.M. Stat. Ann. § 72-2-8(A). "Any regulation, code or order issued by the state engineer is presumed to be in proper implementation of the provisions of the water laws administered by him." N.M. Stat. Ann. § 72-2-8(H).
>
> In 1966, the State Engineer issued "Rules and Regulations Governing Drilling of Wells and Appropriation and Use of Ground Water in New Mexico," SE-66-1, which were amended on January 6, 1983, one week before entry of the 1983 Order [Preliminary Injunction]. Article 1-15.8 states that the "amount and uses of water permitted [under the Domestic Well Statute] are subject to such **limitations as may be imposed by the courts**." Amendment to SE-66-1, Art. 1-15.8. In August 2006, the State Engineer repealed SE-66-1 and promulgated new regulations regarding permits issued under the Domestic Well Statute. *See* N.M.A.C. § 19.27.5.1 - 18. The 2006 regulations retained the rule that the amount and uses of water permitted under the Domestic Well Statute may be **limited by court order** and set forth additional provisions under which the amount and uses of water permitted under the Domestic Well Statute may be limited. *See* N.M.A.C. § 19.27.5.9(D) (The "amount and uses of water permitted [under the Domestic Well Statute] are subject to such additional or **more restrictive limitations imposed by a court**, or by lawful municipal or county ordinance.")

Mem. Op. & Order at 4-5, Doc. 7579 (Vázquez, J.) (**emphasis added**).

The Court also concluded that imposing limitations on a domestic well permit does not constitute a taking without due process:

> Although the Domestic Well Statute requires "that domestic well permits be issued without prior evaluation of water availability," *Bounds v. New Mexico*, 2011-NMCA-011, ¶ 40, the Court concludes that the Domestic Well Statute, when construed with other provisions in New Mexico's water code, does not grant a domestic well permit holder an absolute right to use one acre-foot of water for noncommercial irrigation. Instead, New Mexico state law provides that the

7

> State Engineer may issue domestic well permits with conditions which limit the amount and use of water, including limitations imposed by courts. Consequently, [Defendant] is not "statutorily entitled" to the use of one acre-foot of water per year for noncommercial irrigation and her due process argument fails. *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) ("[I]t is only after the plaintiff first demonstrates the existence and deprivation of a protected property interest that the plaintiff is constitutionally entitled to an appropriate level of process").

Mem. Op. & Order at 7-8, Doc. 7579 (Vázquez, J.).

**The State of New Mexico's Request**

In its Responses to the Atencio Defendants' Objections the State of New Mexico makes the following statement and request:

> This Court has many, many times already ruled against attorney Lorenzo Atencio on all these issues. It has ruled multiple times that the preliminary injunction is the law of the case, that adjudicating a defendant's water right is not a taking and in no way violates due process, and that a finding of impairment is not a necessary predicate to the adjudication process. The State has spent significant resources in recent years responding to these spurious objections, and this Court has already cautioned Mr. Atencio that continuing to assert them could run him afoul of Rule 11. The State requests the Court direct Defendants' counsel not to make these arguments again, and to the extent he does, that the State not be required to respond to them.

Doc's 9390 at 2, 9391 at 2, 9392 at 3 (citations omitted).

The Court again advises Mr. Atencio to heed the provisions in Rule 11 of the Federal Rules of Civil Procedure which, among other things, states that by presenting a pleading, motion or other paper to the Court, an attorney is representing that the document is not being presented for any improper purpose, the claims are warranted by existing law, and the factual contentions have evidentiary support. Additionally, the Court calls to the attention of Mr. Atencio the provisions of 28 U.S.C. § 1927 which provides in pertinent part that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct".

Case 6:66-cv-06639-WJ-WPL   Document 10188   Filed 05/14/15   Page 9 of 9

9

**Conclusion**

Accordingly, for the reasons stated herein, the Objections filed by Defendant Arsenio Trujillo (Doc. 8223, filed March 12, 2014), Defendant Mary Habeeb (Doc. 8233, filed March 13, 2014), and Defendants Melissa Ortiz and Darren Quintana (Doc. 8250, filed March 19, 2014) are **OVERRULED.**

      **SO ORDERED**

_____
**UNITED STATES DISTRICT JUDGE**