IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

      Plaintiff,

v.                                                                  66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

      Defendants,
  and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

      Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Arsenio Trujillo and Elisa Trujillo's Motion to Quash the Preliminary Injunction Or, Alternatively, for Three Judge Court, Doc. 9906, filed November 1, 2014.  For the reasons stated below, the Court **DENIES** the Motion.

On January 13, 1983, the Court, after having heard oral argument, granted a motion for a preliminary injunction and ordered that:

> no permits to appropriate underground waters shall be issued within the Rio Pojoaque stream system under Section 72-12-1, N.M.S.A. 1978.  Permits may issue limited to the use of water for household, drinking and sanitary purposes within a closed water system that returns effluent below the surface of the ground minimizing and [sic] consumptive use of water.  All subject to further order of the court.

(Doc. No. 641) (Mechem, S.J.) ("preliminary injunction").

The Trujillos move the Court to quash the preliminary injunction for want of jurisdiction. They argue that the "preliminary injunction violates 28 USC § 2283." Motion at 5. They also argue that Senior U.S. District Judge Edwin L. Mechem "failed to convene a three judge court to review the actions of the Court after granting the motion [for a preliminary injunction] as required [by 28 U.S.C. § 2284]." Motion at 5.

The Trujillos' arguments are completely without merit because neither of the statutes on which they rely are applicable to this case. The statute governing the stay of State court proceedings, 28 U.S.C. § 2283, states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The preliminary injunction enjoins the State Engineer from issuing domestic well permits which allow use of domestic well water for outdoor irrigation. The preliminary injunction does not "stay proceedings in a State court." The statute concerning three judge district courts, 28 U.S.C. § 2284(a), states in part:

> A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

The Trujillos have not cited any Act of Congress which requires a district court of three judges for this water rights adjudication or to issue the preliminary injunction. This water rights adjudication does not challenge the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

Regarding the Trujillos' assertion that the "preliminary injunction is null and void for want of jurisdiction," the Court has previously determined, on more than one occasion, that it has subject matter jurisdiction because the United States is a plaintiff in this case:

> The Court has subject matter jurisdiction because the United States is a plaintiff in this case. "28 U.S.C. § 1345 grants broad jurisdictional power to the district courts over suits when the United States is plaintiff." *U.S. v. Lahey Clinic Hospital, Inc.*, 399 F.3d 1, 9 (1st Cir. 2005). The statute provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. "Section 1345 creates subject matter jurisdiction." *U.S. v. Lahey Clinic Hospital, Inc.*, 399 F.3d at 9.

Mem. Op. and Order at 11, Doc. 7579, filed March 30, 2012 (Vázquez, J.); *see also* Mem. Op. and Order at 5, Doc. 7757, filed September 20, 2012 (Vázquez, J.) (same).

The Court denies the Motion to Quash the Preliminary Injunction Or, Alternatively, for Three Judge Court, because the arguments are clearly without merit and raise the issue of subject matter jurisdiction which the Court has previously decided.

**IT IS THEREFORE ORDERED** that Defendants Trujillos' Motion to Quash the Preliminary Injunction Or, Alternatively, for Three Judge Court, Doc. 9906, filed November 1, 2014, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**