IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

      Plaintiff,

v.                                                No.  66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

      Defendants,                           El Rancho Ditch
and                                              Subfile Nos. 5.59 & 5.68
                                                     RG-44398

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

      Plaintiffs-in-Intervention.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO CORRECT
SUBFILE ORDER TO ADOPT PRIORITY FOR DOMESTIC/LIVESTOCK WELL
(SUBFILES 5.59 & 5.68)**

**THIS MATTER** comes before the Court on the State of New Mexico's ("State") Motion to Correct Subfile Order to Adopt Priority for Domestic/Livestock Well (Subfiles 5.59 & 5.68), Doc. 10237, filed July 14, 2015.  For the reasons stated below, the Court will **GRANT** the Motion.

On March 14, 1969, the Court entered an Order adjudicating water rights for domestic and livestock use of groundwater under Subfile Nos. 5.59 and 5.68.  *See* Order filed March 14, 1969 (Payne, J.) (no docket number).  The Order adjudicated the amount of water "not to exceed three (3.0) acre-feet per annum" but did not assign a priority date.

The State now seeks to correct the Subfile Order for Subfiles 5.59 and 5.68 to adopt an 1880 priority date pursuant to the Court's Procedural Order for Correcting Subfile Errors, Doc.

7909, filed July 23, 2013. The State proposes to correct Subpart B of Paragraph 5 of the Subfile Order to state:

> Purpose: Non NMSA § 72-12-1 and -1.1 Domestic use for One Household and/or Livestock (Groundwater Only)
>
> State Engineer File No.: RG-44398
>
> Priority: 1880
>
> Point of Diversion: NW ¼ NE ¼ SW ¼ Sec. 10, T. 19N, R. 8E
>
> Place of Use: Within the property owned by the Defendant(s) served by the well
>
> Amount of Water: Not to exceed a diversion of 3.0 acre-feet per year from the well described above or the historic beneficial use, whichever is less.

Motion at 2.

Mr. John Hogden filed a response opposing the State's Motion. His response, in its entirety, states:

> I object to the motion to correct subfile order to adopt priority for Domestic/Livestock well (subfiles 5.59 & 5.68). The motion does not, as it claims, just change a priority date. It also adds the words "or the historic beneficial use, whichever is less" to the section of the subfile that reads:
>
> Amount of Water: Not to exceed a diversion of 3.0 acre-feet per year from the well described above.
>
> Although the court has not given enough time for me to research what appears to be a blatant theft of water rights that is hidden in a motion that claims to only be related to changing the priority date, I don't believe I have ever seen the motion's additional language on any document from the state engineer's office, or any other source, in the 18 years since I bought and owned the rights to 3.0 acre-feet of water.

Response, Doc. 10249.

The Court will grant the Motion because Mr. Hogden does not offer any argument or evidence in support of a priority date different from the 1880 date proposed by the State.

Furthermore, Mr. Hogden's characterization of the State's proposed correction as "a blatant theft of water rights that is hidden in a motion that claims to only be related to changing the priority date" is mistaken. On July 22, 1994, the Court entered an Order adopting the recommendations of the Special Master and stated:

> Provisions of non-Pueblo domestic and livestock well subfile orders previously entered herein which contain language which describes the amount of water adjudicated as follow:
>
> "Not to exceed three (3.0) acre-feet per annum."
>
> and
>
> "not to exceed a diversion of 3.0 acre-feet per year from the well subject to the diligent development of the beneficial use of water."
>
> should be and are hereby amended as follows:
>
> "Amount of Water: not to exceed a diversion of 3.0 acre-feet per year from the well described above or the historic beneficial use, whichever is less."

*See* Doc. 4391 at 2 (Mechem, J). Thus, the language "<u>or</u> the historic beneficial use, whichever is less" is not the State's attempt to reduce the amount of the water right but instead reflects an amendment the Court ordered years ago.

**IT IS ORDERED** that the State of New Mexico's ("State") Motion to Correct Subfile Order to Adopt Priority for Domestic/Livestock Well (Subfiles 5.59 & 5.68), Doc. 10237, filed July 14, 2015 is **GRANTED.**

**IT IS ALSO ORDERED** that an 1880 priority is adopted for the groundwater right (RG-44398) adjudicated for domestic/livestock use without a priority date in the March 14, 1969, Order entered in Subfiles 5.59 & 5.68. Subpart B of Paragraph 5 of the March 14, 1969, Order entered in Subfiles 5.59 & 5.68 is hereby corrected to state the following:

> Purpose:   Non NMSA § 72-12-1 and -1.1 Domestic use for One Household and/or Livestock (Groundwater Only)

      State Engineer File No.:  RG-44398

      Priority:  1880

      Point of Diversion:  NW ¼ NE ¼ SW ¼  Sec. 10, T. 19N, R. 8E

| | |
|---|---|
| Place of Use: | Within the property owned by the Defendant(s) served by the well |
| Amount of Water: | Not to exceed a diversion of 3.0 acre-feet per year from the well described above <u>or</u> the historic beneficial use, whichever is less. |

Except as expressly corrected by this Order, all other elements of the rights adjudicated under Subfiles 5.59 and 5.68 remain as stated in the March, 1969, Order and subsequent orders of the Court.

                                                                **UNITED STATES DISTRICT JUDGE**