IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

       Plaintiff,

v.                                                      No. 66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

       Defendants,
  and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

       Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION TO SPECIAL MASTER'S RECOMMENDATION OF SANCTIONS

**THIS MATTER** comes before the Court on the State of New Mexico's Objections to Special Master's Recommendation of Sanctions for the Failure of an Attorney to Attend a Working Session, Doc. 10177, filed May 4, 2015. For the reasons stated below, the Court will **OVERRULE** the Objections.

**Order to Show Cause**

On March 17, 2015, the Special Master Pierre Levy entered an Order to Show Cause Why the Special Master Should Not Recommend Sanctions to the Court for the failure of an Attorney to Attend a Working Session Set by the Special Master, Doc. 10134 ("OSC").

In August 2011 the State of New Mexico ("State") raised the issue of "transmountain diversion water" with respect to surface water right priority dates involving the Rio en Medio

and Rio Chupadero. *See* OSC ¶ 1. Twice during 2012, the State notified the Court that it expected to file a motion for a procedural order to govern the proceedings regarding transmountain diversion issue, gave the expected date of filing the motion, but did not file a motion by the expected filing date. *See* OSC ¶¶ 2-3.

In April 2013, the State again reported to the Court that it expected to file the motion by July 15, 2013. *See* OSC ¶ 4. In May 2013, the Special Master entered an Order requiring the State to file the motion by July 15, 2013. *See* OSC ¶ 5. No party objected to the Order, but the State did not comply. *See id.* The Special Master then entered an Order to Show Cause why the State failed to comply. *See id.* The State responded explaining that it preferred to wait until the Court ruled on another matter and requested an extension of time. *See* OSC ¶ 6. The Special Master then stayed the deadline for filing the motion. *See id.*

In October 2014, the State notified the Court that it would file the motion by January 15, 2015. *See* OSC ¶ 8. The Special Master then entered an order setting the deadline of November 18, 2014, and later extended the deadline to January 9, 2015. *See* OSC ¶¶ 9-10. The State did not file the motion by January 9, 2015, but the Special Master agreed to take up the matter at an upcoming status conference. *See* OSC ¶ 10.

At a status conference on January 23, 2015, the State indicated it was not ready to file the motion because one of its lead attorneys, Ms. Arianne Singer, needed to look at some issues. *See* OSC ¶ 11. On February 9, 2015, the Special Master set an off-the-record working session for February 27, 2015 and ordered that attendance by Ms. Singer was required. *See* OSC ¶ 12. Ms. Singer did not object or contact the Special Master to voice any concern with respect to the working session. *See id.*

On Wednesday, February 25, 2015, Ms. Singer sent an email to the Special Master

stating:

> Unfortunately, I will not be able to attend the working session on Friday. I will be out of the office on a previous engagement. If you prefer, I will file a Notice of Unavailability with the court. However, I hope that we can address your concerns in an email to you later today, that will obviate the need for a working session.

OSC Exhibit 4. Later that day, the Special Master emailed Ms. Singer and the other attorneys that "I have given the matter some thought. The working session is not cancelled." OSC Exhibit 5. Ms. Singer did not attend the working session. *See* OSC ¶ 15. The Special Master then ordered Ms. Singer to show cause why he should not recommend sanctions to the Court for Ms. Singer's failure to attend the working session.

**State's Response to Order to Show Cause**

In its Response, the State argues that Mr. Edward Bagley has been the lead attorney in this case for the past 12 years, that Mr. Bagley attended the working session, that there was no delay caused by Ms. Singer's absence, and that the motion for a procedural order was filed, as requested, on March 13, 2015. *See* Response ¶¶ 2, 9. The State also argues that Ms. Singer notified the Special Master by email two days before the working session that she was not able to attend the working session due to a previous engagement, and that the Special Master did not respond to Ms. Singer's question as to whether he would prefer her to file a Notice of Unavailability. *See* Response ¶ 10, Doc. 10159.

**Special Master's Recommendation of Sanctions**

After reviewing the State's Response, the Special Master concluded that the State did not show good cause sufficient to avoid a recommendation for sanctions. *See* Recommendation ¶¶ 3, 6. The Special Master noted that Ms. Singer's multiple responsibilities are not sufficient for announcing two days before the working session that she will not appear at the session where her appearance was required and stated:

> Had there been a serious and unavoidable scheduling conflict, a timely motion outlining and explaining the conflict would have been appropriate. No motion was filed. Rather, the email of self-excusal merely stated:
>
>> Unfortunately, I will not be able to attend the working session on Friday. I will be out of the office on a previous engagement.

Recommendation ¶ 5 at 3.[1] The Special Master expressed his concerns that he "has, for several years, been attempting to address the issue of "transmountain diversion water," and that "[i]f attorneys take it upon themselves to unilaterally determine, without a motion and order, that they will not appear at a proceeding where their attendance has been required, the Court cannot function properly and efficiently." *See* Recommendation ¶¶ 1, 5 at 4. The Special Master then recommended that the Court "issue appropriate sanctions" without recommending any particular sanctions. *See* Recommendation ¶ 6.

**State's Objections to the Special Master's Recommendation**

In its Objections to the Special Master's Recommendation, the State asserted that "[w]hile Ms. Singer perhaps should have filed a motion to be excused from the off-the-record, informal working session, this oversight does not rise to the level of misconduct warranting sanctions by the Court," because her "actions in no way frustrated, delayed or impacted the litigation," and the "outcome of the working session was in no way affected by the failure of one lead attorney to attend." Objections ¶¶ 2-3. The State also noted that "Ms. Singer had valid and legitimate reasons for her unavailability and made a good faith effort to so notify the Special Master." Objections ¶ 4.

**Discussion**

The Court recognizes in hindsight that Ms. Singer's absence, in this particular case, did not delay the litigation, but notes that potential delays or impacts to these proceedings due to an

---

[1] There are two paragraphs numbered "5," one on page 3 and the other on page 4.

4

attorney not complying with court orders or rules may not always be apparent beforehand. The Court also recognizes that Ms. Singer has other cases and responsibilities which make scheduling difficult, and that she informally notified the Special Master of her unavailability. However, the Court also agrees with the Special Master that the proper and efficient functioning of these proceedings depends on the attorneys complying with court orders and rules. The Court concludes that in terms of a sanction, a simple admonishment in this particular case will serve to remind Ms. Singer, and all attorneys and parties in this case, of the importance of complying with court orders and rules of procedure.

**IT IS THEREFORE ORDERED** that the State of New Mexico's Objections to Special Master's Recommendation of Sanctions for the Failure of an Attorney to Attend a Working Session, Doc. 10177, filed May 4, 2015, are **OVERRULED.**

**IT IS FURTHER ORDERED** that Ms. Singer is admonished for her failure to attend the working session.

_____
**UNITED STATES DISTRICT JUDGE**