IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

       Plaintiff,
v.                                                                            66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

       Defendants,
   and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

       Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER DENYING OPPOSED MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)

**THIS MATTER** comes before the Court on Defendant-Objectors' Opposed Motion to Alter or Amend Judgment Pursuant to Rule 59(e), Doc. 10567, filed April 18, 2016 ("Motion to Alter Judgment").

In January, 2015, Defendant-Objectors filed a Response opposing the motion to approve the Settlement Agreement on the water rights of the Pueblos of Tesuque, Pojoaque, Nambé and San Ildefonso. *See* Doc. 9972. The Defendant-Objectors contended that "only the New Mexico legislature has the authority to bind the State into compacts and agreements," and that the "New Mexico Executive branch Officers who signed the proposed Settlement Agreement in the pending matter lacked the authority to authorize it." Doc. 9972 at 26.

The Court overruled the Defendant-Objectors' objection and approved the Settlement Agreement. *See* Doc. 10543. The Court relied on the New Mexico statute governing

compromise, satisfaction or release by the attorney general or district attorney which states:

> **The attorney general** and district attorneys of this state in their respective districts, when **any civil proceedings** may be pending in their respective districts, in the district court, in which the state or any county may be a party, whether the same be an ordinary suit, scire facias proceedings, proceedings growing out of any criminal prosecution, or otherwise, **shall have power to compromise or settle said suit or proceedings,** or grant a release or enter satisfaction in whole or in part, of any claim or judgment in the name of the state or county, or dismiss the same, or take any other steps or proceedings therein which to him may appear proper and right; and all such civil suits and proceedings shall be entirely under the management and control of the said attorney general or district attorneys, **and all compromises, releases and satisfactions heretofore made or entered into by said officers are hereby confirmed and ratified.**

N.M. Stat. Ann. § 36-1-22 (**emphasis added**).

Defendant-Objectors filed their Motion to Alter Judgment, now before the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "The purpose [of a Rule 59(e) ] motion is to correct manifest errors of law or to present newly discovered evidence. Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citations omitted).

Defendant-Objectors do not cite any intervening change in the controlling law or new evidence previously unavailable. Defendant-Objectors assert "it is clear error to ignore the statutory provision recognizing legislative jurisdiction to approve this settlement agreement." Reply at 2, Doc. 10632. Defendant-Objectors "call the Court's attention to additional statutory authority which demonstrates unequivocally that the New Mexico Legislature reserves the power to approve Indian water rights settlements," and request that the Court reject the Settlement Agreement. Motion to Alter Judgment at 1, 4. Defendant-Objectors cite the New Mexico statute creating the Indian water rights settlement fund:

> The "Indian water rights settlement fund" is created in the state treasury to facilitate the implementation of the state's portion of Indian water rights settlements. The fund consists of appropriations, gifts, grants, donations, income from investment of the fund and money otherwise accruing to the fund. Money in the fund shall not revert to any other fund at the end of a fiscal year. Money in the Indian water rights settlement fund shall be used to pay the state's portion of the costs necessary to implement **Indian water rights settlements approved by the legislature and the United States congress.** The interstate stream commission shall administer the fund and money in the fund is appropriated to the commission to carry out the purposes of the fund. Money in the fund shall be disbursed on warrants of the secretary of finance and administration pursuant to vouchers signed by an authorized representative of the interstate stream commission.

N.M. Stat. Ann. § 72-1-12 (**emphasis added**). Defendant-Objectors contend that the "New Mexico Legislature has clearly asserted approval authority over Indian water rights settlements" and that the settlement agreement the Court has approved is invalid because the Attorney General of New Mexico does not have the authority to enter into it. Motion to Alter Judgment at 3-4.

The Court will deny the Motion to Alter Judgment.[1] The New Mexico statute creating the Indian water rights settlement fund describes the sources of money in the fund, states how the fund shall be used and disbursed, and identifies the entity that will administer the fund. It does not "demonstrate unequivocally that the New Mexico Legislature reserves the power to approve Indian water rights settlements." Furthermore, N.M. Stat. Ann. § 72-1-11 "Indian water rights settlements; approval of settlements; reports," which was enacted the same year as the statute creating the Indian water rights settlement fund, provides that the Legislature may authorize expenditure of funds in the Indian water rights fund, but does not reserve the power to approve

---

[1] Defendant-Objectors previously argued that the Legislature must approve Indian water rights settlements in their Response opposing the motion to approve the Settlement Agreement. *See* Doc. 9972. Defendant-Objectors could have cited and discussed the New Mexico statute creating the Indian water rights settlement fund in their Response, but did not do so. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

3

Indian water rights settlements:

>A. Upon congressional authorization of funding of the federal government's portion of the costs of an Indian water rights settlement, the state engineer shall notify the legislature of the amount of the state's portion of the costs necessary to implement the settlement. Upon joint resolution of the legislature, the interstate stream commission may expend money in the Indian water rights settlement fund to implement the terms of the approved settlement.
>
>B. On or before November 15 of each year, the state engineer and the interstate stream commission shall report to the appropriate legislative interim committee dealing with Indian affairs and to the legislative finance committee on:
>
>>(1) the status of proposed Indian water rights settlements requiring state financing;
>>
>>(2) the distribution of funds from the Indian water rights settlement fund to implement approved settlements; and
>>
>>(3) recommendations on the level of funding for the Indian water rights settlement fund necessary to timely implement Indian water rights settlements.
>
>C. As used in Sections 1 and 2 of this act:
>
>>(1) "Indian water rights settlement" means an agreement between the state and a tribe, but not exclusive of any other party as appropriate, that resolves all of the tribe's water rights claims and that has been approved by the United States congress; and
>>
>>(2) "tribe" means a federally recognized Indian nation, tribe or pueblo.

N.M. Stat. Ann. § 72-1-11.  The New Mexico statute governing compromise of suits in which the State of New Mexico is a party, N.M. Stat. Ann. § 36-1-22, clearly gives the Attorney General the power to authorize settlement of the water rights claims of the Pueblos.

**IT IS ORDERED** that Defendant-Objectors' Opposed Motion to Alter or Amend Judgment Pursuant to Rule 59(e), Doc. 10567, filed April 18, 2016, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**