IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

   Plaintiff,
v.                     No.  66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

   Defendants,
 and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

   Plaintiffs-in-Intervention.

**MEMORANDUM OPINION AND ORDER GRANTING
THE STATE OF NEW MEXICO'S MOTION FOR DEFAULT JUDGMENT AND
MOTION TO BAR UNTIMELY "ERROR AND OMISSION, AAMODT LITITGATION
WATER RIGHTS, TOWN OF JACONA LAND GRANT"**

**THIS MATTER** comes before the Court on the State of New Mexico's Motion for Default Judgment, Doc. 10789, filed August 10, 2016, and on the State of New Mexico's Motion to Bar Untimely "Error and Omission Aamodt Litigation Water Rights Town of Jacona Land Grant," Doc. 10793, filed August 12, 2016 ("Motion to Bar").  For the reasons stated below, the Court will **GRANT** both Motions.

**Procedural Background**

The State of New Mexico initiated this case by filing a Complaint on April 20, 1966, to determine the water rights in the Nambé-Pojoaque-Tesuque stream system.  *See* Doc. 1.  New Mexico law provides:

In any suit for the determination of a right to use the waters of any stream system:

> **all those whose claim to the use of such waters are of record and all other claimants, so far as they can be ascertained, with reasonable diligence, shall be made parties.** When any such suit has been filed the court shall, by its order duly entered, direct the state engineer to make or furnish a complete hydrographic survey of such stream system as hereinbefore provided in this article, in order to obtain all data necessary to the determination of the rights involved. . . . **and all unknown persons who may claim any interest or right to the use of the waters of any such system**, and the unknown heirs of any deceased person who made claim of any right or interest to the waters of such stream system in his lifetime, **may be made parties** in such suit by their names as near as the same can be ascertained, such unknown heirs by the style of unknown heirs of such deceased person and **said unknown persons by the name and style of unknown claimants of interest to water in such stream system, and service of process on, and notice of such suit, against such parties may be made as in other cases by publication.**

N.M. Stat. Ann. § 72-4-17.

The State conducted a hydrographic survey of non-Indian surface and groundwater uses to identify all those who claim the use of water in in the Nambé-Pojoaque-Tesuque stream system, and filed a hydrographic survey report in 1966.  *See* Motion to Bar at 1-2.  Claimants identified through the hydrographic survey were joined as parties to this case.  During the course of this adjudication, the State filed numerous motions to join additional parties as they were identified.  *See*, *e.g.*, State of New Mexico's Thirty-Ninth Motion to Join Additional Parties Defendant, Doc. 10433, filed December 31, 2015.  For the purpose of providing notice of the Settlement Agreement in this case, the State prepared an Updated Service List as to all known water rights claimants, using the State's current adjudication records, the electronic public records of the Office of the State Engineer, and the public records of irrigation districts, acequias and community ditches in the Pojoaque Basin.  *See* Doc. 8028, filed December 2, 2013.  The Updated Service List identifies approximately 8,000 claimants.  *See* Doc. 8028-1 at 1-148.

The State also filed a motion to comply with the statutory requirements for providing notice to unknown claimants.  *See* Doc. 7919, filed August 15, 2013.  The State proposed

publishing a Notice of Deadline for Unknown Claimants of Interest to File Water Rights Claims once a week for four consecutive weeks in the following newspapers of general circulation in the Nambé-Pojoaque-Tesuque stream system: The Albuquerque Journal, The Santa Fe New Mexican, and The Rio Grande Sun. There were no responses opposing the State's motion to provide notice to unknown claimants by publication. The Court granted the State's motion after finding that the "State's Notice and proposed procedures for providing notice by publication are reasonably calculated, under all the circumstances, to apprise unknown persons not parties to this adjudication of the final deadline for filing any and all claims for surface or groundwater rights in the [Nambé-Pojoaque-Tesuque] stream system." Doc. 7919, filed August 15, 2013. The Notice stated:

> By Order of the Court, November 11, 2013 is the last day the Court will receive claims by persons: (1) who are not parties to this adjudication suit; and (2) who claim any interest or right to the use of surface or groundwater for irrigation or any other beneficial use; and (3) whose claims were not adjudicated in this suit.

Doc. 7981-1.

On July 27, 2016, Paul Ortiz, President of the Town of Jacona Land Grant, filed "Error and Ommision [sic] Aamodt Litigation Water Rights Town of Jacona Land Grant." Doc. 10768 ("Error and Omission"). Mr. Ortiz states that the Town of Jacona Land Grant: (i) is not a party to this case, (ii) claims water rights granted from the King of Spain, and (iii) will submit a declaration of water rights to the State Engineer.

In August 2016, the State filed two motions. The first motion asserts that the unknown claimants are in default for failure to appear, answer, or otherwise submit any claim as directed by the Notice. *See* Motion for Default Judgment at 3. The State requests:

> the Court to enter its Order granting default judgment against unknown claimants of interest to surface or ground water rights within the [Nambé-Pojoaque-Tesuque] stream system, find that such unknown claimants have no surface or

3

>    ground water rights in the [Nambé-Pojoaque-Tesuque] stream system, and bar their assertion of any further claims in these proceedings to the use of surface or ground water in the [Nambé-Pojoaque-Tesuque] stream system.

Motion for Default Judgment at 3.

The State's second motion is directed at the Town of Jacona Land Grant's assertion that it has water rights granted from the King of Spain. The State contends that if the Town of Jacona Land Grant's Error and Omission is intended to be a statement of claim to water rights in the Nambé-Pojoaque-Tesuque stream system, it should have been filed on or before the Court's November 11, 2013, deadline for unknown claimants to file water rights claims and, because it was not filed before the deadline, it should be barred. *See* Motion to Bar at 3.

The Town of Jacona Land Grant ("Land Grant") filed the only response opposing the Motion for Default Judgment and the Motion to Bar the Land Grant's water rights claim. The Land Grant asserts that it is not an "unknown claimant" because: (i) it has been in existence since 1699; (ii) the history of the Land Grant is "established" and "known" in the region; (iii) the Land Grant is the single largest owner of land in the Nambé-Pojoaque-Tesuque stream system other than the Pueblos; and (iv) the State has interacted with individual Land Grant members in the adjudication of their individual water rights. Response at 4, 6-7, Doc. 10834, filed August 24, 2016. The Land Grant concludes that because it is not an unknown claimant, service of process on and notice of such suit against the Land Grant may not be made by publication. The Land Grant states it "could have been ascertained [to be a water rights claimant], with reasonable diligence, as required by N.M.S.A. § 72-4-17," and asks the Court to: (i) deny the State's Motion to Bar Untimely Error and Omission Aamodt Litigation Water Rights Town of Jacona Land Grant; (i) enter a finding that the Land Grant is and was at the initiation of this case a known potential claimant; (iii) enter a finding that the State was required to personally serve Notice on

4

the Land Grant and failed to do so throughout the past 50 years of this adjudication; and (iv) allow the Land Grant to file its Declaration of Water Rights in this case and have its claim adjudicated with due process of law.  *See* Response at 7-8.

**Discussion**

The Court finds that the State complied with the statute governing joinder of parties to this adjudication and will grant the State's Motion for Default Judgment and the State's Motion to Bar the Land Grant's filing of a water rights claim in this adjudication.

The statute governing parties to water rights adjudications identifies three categories of claimants that must be made parties:  (i) "all those whose claim to the use of such waters are of record;" (ii) "all other claimants, so far as they can be ascertained, with reasonable diligence;" and (iii) "unknown persons who may claim any interest or right to the use of the waters."  N.M. Stat. Ann. § 72-4-17 (quoted above).  Service of process and notice of the adjudication against unknown parties may be made by publication.

The Court is satisfied that all claimants of record have been made parties.  The State, after reviewing its records in this adjudication, the electronic public records of the Office of the State Engineer, and the public records of irrigation districts, acequias and community ditches in the Pojoaque Basin, filed an Updated Service List which identified approximately 8,000 claimants.

The Court finds that all other claimants, so far as they could be ascertained, with reasonable diligence, have been made parties.  The State conducted a hydrographic survey of non-Indian surface and groundwater uses, including beneficial use of surface and groundwater within the boundaries of the Town of Jacona Land Grant.  *See* Motion to Bar at 3-4 (stating that the Court has adjudicated surface water rights in approximately 38 subfiles, and approximately

76 domestic, livestock, and supplemental groundwater irrigation water rights from wells located within the Land Grant).

The Court also finds that all unknown claimants have been made parties by publication, a procedure which the Court was reasonably calculated, under all the circumstances, to apprise unknown persons not parties to this adjudication of the final deadline for filing any and all claims for surface or groundwater rights in the Nambé-Pojoaque-Tesuque stream system. *See* Procedural Order for Notice by Publication of Claims Deadline, Doc. 7919; Proof of Publication of Notice of Deadline for Unknown Claimants of Inters to File Water Rights Claims, Doc. 7981.

The Court is not persuaded by the Land Grant's assertions that it is not an "unknown claimant," that it is "an easily ascertainable claimant," and, consequently, that service of process and notice of this adjudication was required to be personally served and that service by publication may not be made by publication. While the Land Grant asserts it status as a water rights claimant was easily ascertainable because of its age, size and known history, it does not identify any deficiencies in the State's procedure of identifying claimants that would show that the State did not act with reasonable diligence. The Court finds that the State's procedure of ascertaining claimants based on its records and hydrographic survey was reasonably diligent. The Land Grant's status as a water rights claimant was unknown to the State and Notice by publication made clear that those who claim a water right, are not parties to this adjudication, and whose rights have not been adjudicated, must file a claim by November 11, 2013. The Land Grant did not file a claim by the November 11, 2013 deadline.

While the ruling in this matter may seem harsh, the Court has found no legal or equitable basis to grant the Land Grant's request to have its water rights claim adjudicated. The Land

Grant has offered no argument indicating that it did not know about this adjudication.[1] The fact that several Land Grant members knew about this adjudication and had their water rights within the Land Grant boundaries adjudicated, along with the significant publicity this case has had, suggests that the Land Grant knew about this adjudication. Granting the Land Grant's request to adjudicate its claim would prejudice other parties to this adjudication. *See e.g. Biodiversity Conservation Alliance v. Jiron*, 762 F.3d 1036, 1091 (10th Cir. 2014) (the equitable defense of laches bars a claim when there is: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121-22 (2002)). Adjudicating the Land Grant's claim would delay entry of a final decree until after the congressional deadline of September 2017, which in turn would render the Settlement Agreement no longer effective. Furthermore, fairness dictates that granting the Land Grant's request to have its claim adjudicated would require that the Court allow other unknown claimants to assert claims for adjudication well after the Court-ordered deadline. This case has been pending for 50 years and all claimants, known and unknown, have been afforded due process. Consequently, the Court will bar the assertion of any additional water rights claims in this case in order to resolve this case by September 2017 and allow appeals to proceed before the United States Court of Appeals for the Tenth Circuit.

  **IT IS ORDERED** that the State of New Mexico's Motion for Default Judgment, Doc. 10789, filed August 10, 2016, is **GRANTED.**

  **IT IS ALSO ORDERED** that the State of New Mexico's Motion to Bar Untimely "Error

---

[1] In its Response, the Land Grant states: "As the recently appointed President of the board of Trustees, Mr. Ortiz only just became aware that the Land Grant was never provided personal service or notice of the Aamodt litigation." Doc. 10834 at 1. However, neither the Response nor Mr. Ortiz' "Error and Omission," Doc. 10768, assert that the Land Grant did not know about this adjudication.

and Omission Aamodt Litigation Water Rights Town of Jacona Land Grant," Doc. 10793, filed August 12, 2016, is **GRANTED.**

_____
**WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE**