# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

       Plaintiff,

v.                                                                                     No. 66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

       Defendants,
and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

       Plaintiffs-in-Intervention.

## ORDER DENYING MOTION FOR CLARIFICATION

**THIS MATTER** comes before the Court on the Rio de Tesuque Association, Inc.'s ("the Association") Motion for Clarification on the Binding Effect of the Settlement Agreement on Rules and Regulations to be Promulgated by the State Engineer, Doc. 11208, filed December 23, 2016.

On March 21, 2016, the Court approved the Settlement Agreement. *See* Doc. 10543. Section 5.3 of the Settlement Agreement provides, in relevant part:

> In consultation with counsel for the other Settlement Parties, counsel for the State Engineer, the United States, and the Pueblos shall agree on a set of rules to be proposed for adoption by the State Engineer to govern his responsibilities in his various capacities set forth in Section 5.2 of this Agreement and the Interim Administrative Order.

Doc. 10547-1 at 38. Section 5.2 of the Settlement Agreement provides, in relevant part:

> Pursuant to his statutory authorities, the State Engineer shall administer the Non-

> Pueblo water rights adjudicated by the Decree Court as set forth in this Agreement and the Final Decree.

Doc. 10547-1 at 37. Section 5.2.1 of the Settlement Agreement provides, in relevant part:

> 5.2.1.1. The State Engineer has the authority, pursuant to state law, to curtail non-Pueblo surface and groundwater diversions and shall exercise his authority as necessary in order to ensure compliance with the terms of, and the delivery of water in accordance with, this Agreement, the Interim Administrative Order, and the Final Decree.
>
> 5.2.1.2 The Water Master shall have the authority to curtail Pueblo surface and groundwater diversion in order to ensure compliance with the terms of, and the delivery of water in accordance with, this Agreement, the Interim Administrative Order, and the Final Decree.

Doc. 10547-1 at 38.

After the State Engineer circulated its proposed rules and regulations for comment from counsel for other parties, the City of Santa Fe, the County of Santa Fe, and the Pueblos "noted the need for provisions in the propose rules and regulations that in the event of conflicts between the Settlement Agreement and the rules and regulations, the Settlement Agreement would control." Motion for Clarification at 3. The Association also "made it clear that in its view the Settlement Agreement controlled in the event of conflict between it and any rules and regulations promulgated by the State Engineer." Motion for Clarification at 4. After telephone conferences and in-person meetings to discuss the proposed rules and regulations, "the State Engineer continues to refuse to acknowledge that in the event of conflict between the Settlement Agreement and the rules and regulations, the Settlement Agreement controls and to put such a provision in the rules and regulations." Motion for Clarification at 5.

The Association seeks clarification of the binding effect of the Settlement Agreement on the State Engineer and the State of New Mexico. Specifically, the Association asks for an order that:

> in the event of conflict between the Settlement Agreement and any rules and regulations promulgated by the State Engineer to govern the administration of water rights within the Pojoaque Basin, whether such rules and regulations are promulgated pursuant to the Settlement Agreement or pursuant to the State Engineer's authority under state law, or both, the Settlement Agreement controls. Further, the Association moves this court for an order directing the State Engineer to include such a provision in the rules and regulations in order to minimize any further litigation on the issue.

Motion for Clarification at 1, 6. The Association notes that Congress and this Court approved the Settlement Agreement and states that a "determination of this issue at this time is critical to the decision of non-pueblo water users in the Pojoaque Basin to accept the Settlement Agreement and become settlement parties, or not." Motion for Clarification at 2.

"The United States and the Pueblos agree with the Association that the State Engineer cannot alter or amend the terms of the Settlement Agreement by the promulgation of rules puruant to [State law]," and "to the extent there is any ambiguity in the rules, the rules must be interpreted consistently with the Settlement Agreement." US/Pueblos' Response at 2-3, Doc. 11218. The United States and the Pueblos assert that "the Association's request for clarification may be challenged as asking the Court for an advisory opinion," because "the State Engineer has not sought to promulgate the draft rules and no actual controversy has arisen over the application of the draft rules to issues governed by the Settlement Agreement." US/Pueblos' Response at 3. The United States and the Pueblos ask the Court "to appoint a settlement judge to assist the parties on the issues that have arisen in the drafting of the rules." US/Pueblos' Response at 4.

The State Engineer also asserts that the Association improperly seeks an advisory opinion because "[n]o rules have yet been proposed for promulgation under [State law]," and, consequently, there is no case or controversy for the Court to review. State's Response at 2-3, Doc. 11270. The State indicates it "would need further information from the United States and the Pueblos regarding their proposal [for the appointment of a settlement judge to assist the

3

parties on issues that have arisen in the drafting of the rules] before formulating an opinion about the efficacy of such a proposal." State's Response at 9.

In their Reply, the United States and the Pueblos state that "the parties have agreed to work with Michael Nelson, who formerly served as settlement judge [in this case], in an effort to resolve the issues that have arisen in the drafting of the rules required by the Settlement Agreement," that the "United States and the Pueblos have secured funding to assist in retaining Mr. Nelson as a settlement judge," and that "counsel for the State and the Asssociation concur in the approach of seeking the assistance of Mr. Nelson." US/Pueblos' Reply at 1-3, Doc. 11369.

The Court will deny the Motion for Clarification because the parties have agreed to work with settlement judge Michael Nelson to resolve the issues that have arisen in the drafting of the rules required by the Settlement Agreement.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**