# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
State Engineer,

      Plaintiff,

v.                                                  No. 66cv06639 WJ/WPL

R. LEE AAMODT *et al.*,

      Defendants,
  and

UNITED STATES OF AMERICA,
PUEBLO DE NAMBÉ,
PUEBLO DE POJOAQUE,
PUEBLO DE SAN ILDEFONSO,
and PUEBLO DE TESUQUE,

      Plaintiffs-in-Intervention.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART JOINT MOTION TO MODIFY THE PROPOSED FINAL JUDGMENT AND DECREE

**THIS MATTER** comes before the Court on the United States and the Pueblos of Nambé, Pojoaque, San Ildefonso, and Tesuque's ("United States and Pueblos") Joint Motion to Modify the Proposed Final Judgment and Decree, Doc. 11471, filed April 24, 2017 ("Joint Motion").

The State of New Mexico filed it Motion for Entry of Final Judgment and Decree, Doc. 11186, filed December 9, 2017, and attached its [Proposed] Final Judgment and Decree of the Water Rights of the Nambe, Pojoaque and Tesuque Stream System ("Proposed Final Decree"), Doc. 11186-1.

The United States and Pueblos ask the Court "to modify the Proposed Final Decree to ensure that it is consistent with the Aamodt Litigation Settlement Act, Pub. L. No. 111-291,

§§ 601-26, 124 Stat. 3064, 3134-56 (2010) ("Settlement Act") and the Settlement Agreement (Apr. 19, 2012) ("Settlement Agreement")" by including the following paragraph in the Final Judgment:

> As specified in the Settlement Agreement dated April 19, 2012, this Court incorporates by reference the Settlement Agreement and appoints the State Engineer to be the Water Master responsible for administering the water rights adjudicated to the Pueblos under this Decree. The State Engineer shall administer both the Pueblo and the Non-Pueblo water rights adjudicated by this Court pursuant to the Final Decree. This Court maintains continuing jurisdiction to interpret and enforce the terms, provisions, and conditions of the Settlement Agreement dated April 19, 2012, and this Decree.

Joint Motion at 1-2. A condition precedent in the Settlement Act that must be fulfilled by September 15, 2017, for the Settlement Agreement to continue to be effective is: "a final decree that sets forth the water rights for all parties to the Aamodt Case and that substantially conforms to the Settlement Agreement has been approved by the United States District Court for the District of New Mexico." Settlement Act § 623. The United States and Pueblos contend that the Court should add the proposed paragraph because the Proposed Final Judgment "does not expressly incorporate the Settlement Agreement" or "provide for the Court's continuing jurisdiction over the Final Decree and Settlement Agreement." Joint Motion at 3 (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994) for the proposition: "to the extent that parties or a federal district court wish to have a court's jurisdiction extend beyond the entry of a final decree, the court must specify that jurisdiction is retained").

The Rio de Tesuque Association, Inc. ("the Association"), an association of several acequias and community ditches, requests that the Final Decree contain the language requested by the United States and Pueblos but with an additional modification:

> As specified in the Settlement Agreement dated April 19, 2012, this Court incorporates by reference the Settlement Agreement and appoints the State Engineer to be the Water Master responsible for administering the water rights

> adjudicated to the Pueblos under this Decree. The State Engineer shall administer both the Pueblo and the Non-Pueblo water rights adjudicated by this Court ~~pursuant to the~~**as set forth in the Settlement Agreement and** Final Decree. This Court maintains continuing jurisdiction to interpret and enforce the terms, provisions, and conditions of the Settlement Agreement dated April 19, 2012, and this Decree.

Association's Response and Cross Motion at 2, Doc. 11499, filed May 22, 2017.

The State of New Mexico does not object to modifying the Proposed Final Decree "to include language that has already been agreed to in the Settlement Agreement," but "objects to the United States' and Pueblos' proposed modifications because they go beyond the terms agreed to in the Settlement Agreement." State's Response at 1, Doc. 11500, filed May 22, 2017. "The State has no objection to the inclusion in the Final Decree that the Court incorporates by reference the Settlement Agreement and retains 'continuing jurisdiction to interpret and enforce the terms, provisions, and conditions of the Agreement, the Interim Administrative Order, and the final Decree.'" State's Response to Cross Motion at 2, Doc. 11517, filed June 9, 2017.

The Court approved the Settlement Agreement on March 21, 2016. *See* Doc. 10543. The Settlement Agreement states: "The Final Decree entered by the Decree Court shall incorporate by reference this Agreement and the Decree Court shall retain continuing jurisdiction to interpret and enforce the terms, provisions, and conditions of the Agreement, the Interim Administrative Order, and the Final Decree." Doc. 7970-1 at 5, filed October 2, 2013.

The Court will modify the Proposed Final Decree to ensure it is consistent with the Settlement Agreement by adding the following language:

> The Settlement Agreement, dated April 19, 2012, is incorporated into this Final Judgment and Decree of the Water Rights of the Nambe, Pojoaque and Tesuque Stream System by reference, as if fully set forth herein. This Court shall retain continuing jurisdiction to interpret and enforce the terms, provisions, and conditions of the Settlement Agreement, the Interim Administrative Order, and the Final Decree.

**IT IS ORDERED** that the United States and the Pueblos of Nambé, Pojoaque, San Ildefonso, and Tesuque's Joint Motion to Modify the Proposed Final Judgment and Decree, Doc. 11471, filed April 24, 2017, **is GRANTED in part.**

_____
**UNITED STATES DISTRICT JUDGE**